UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| STEVEN KNURR, Individually and on Behalf of All Others Similarly Situated, ) ) ) | Civil Action No. 1:16-cv-01031-TSE-MSN |
| ) | <u>CLASS ACTION</u> |
| Plaintiff, ) ) ) | |
| vs. ) ) | |
| ORBITAL ATK, INC., et al., ) ) | |
| Defendants. ) ) | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF COUNSEL

Proposed lead plaintiff, Construction Laborers Pension Trust of Greater St. Louis (the "Pension Trust"), respectfully submits this Memorandum of Law in support of its motion for: (1) appointment of the Pension Trust as lead plaintiff in this action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (2) approval of its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel, and Craig C. Reilly as liaison counsel pursuant to the PSLRA.  As shown herein, the motion should be granted.

The PSLRA provides that within 90 days after publication of the notice, the Court "shall consider any motion made by a purported class member" and "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, the Pension Trust should be appointed as lead plaintiff because it: (1) timely filed this motion; (2) has the largest financial interest in this litigation of any proposed lead plaintiff of which it is aware; and (3) will fairly and adequately represent the interests of the class.

**I.      Statement of the Case**

This securities fraud class action was filed on behalf of persons who purchased or otherwise acquired Orbital ATK, Inc. ("Orbital" or the "Company") securities between June 1, 2015 and August 9, 2016 (the "Class Period"). This action was brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5. (Dkt. No. 1, *Complaint* ¶8.) Pursuant to the PSLRA, "all discovery and other proceedings" are stayed during the pendency of a motion to dismiss. *See* 15 U.S.C. §78u-4(b)(3)(B). Thus, the threshold issue now before the Court is the appointment of Lead Plaintiff.

**II.     Statement of Facts**

Orbital ATK, headquartered in Dulles, Virginia, is an aerospace and defense company that operates in the United States and internationally. Orbital ATK designs, builds and delivers space, defense and aviation-related systems to customers around the world, both as a prime contractor and as a merchant supplier. Its main products include tactical missiles, subsystems and defense electronics and precision weapons, armament systems and ammunition. The Company was formed through a February 2015 merger between Orbital Sciences Corporation and Alliant Techsystems Inc. Orbital ATK shares trade on the New York Stock Exchange under the ticker symbol "OA."

The complaint alleges that throughout the Class Period, defendants made materially false and misleading statements regarding the Company's business, operations and financial results, and failed to disclose that:

- The Company was improperly accounting for items related to, and failed to record an anticipated loss on, the Defense Systems Group contract after the loss became evident in 2015, in violation of Generally Accepted Accounting Principles.

- The Company was overstating revenues and understating losses associated with the operations of the Lake City Plant.

- The Company's internal controls over financial reporting, as well as the Company's disclosure controls and procedures, contained material weaknesses that caused the accounting misstatements.

On August 10, 2016, before the market opened, Orbital ATK announced that it was delaying the filing of its Quarterly Report on Form 10-Q for the second quarter of 2016 due to "an ongoing review of accounting matters related to a Defense Systems Group contract." The Company further disclosed that it had made misstatements related primarily to a $2.3 billion long-term contract with the U.S. Army to manufacture and supply small caliber ammunition at the Lake City Plant. As a result, the Company expected to restate its financial statements for the 2015 fiscal year ended March 31, 2015, the nine-month transition period ended December 31, 2015, the quarters in fiscal 2015 and the 2015 transition period, and the quarter ended April 3, 2016. Furthermore, the Company stated that it believed the misstatements that caused the need for a restatement indicate the existence of one or more material weaknesses in its internal control over financial reporting and disclosure controls and procedures during the relevant periods. On this news, the price of Orbital ATK shares fell $17.98 per share to close at $70.79 per share on August 10, 2016, a one-day decline of 20%.

Another action asserting the same or similar class action claims was filed on August 18, 2016 in the Southern District of New York and was voluntarily dismissed on August 25, 2016. *See Strait v. Orbital ATK, Inc.*, No. 16-cv-6563 (S.D.N.Y.).

**III.   Argument**

    **A.   The Pension Trust Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 432-36 (E.D. Va. 2000) (Ellis, J.) (explaining procedure). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

    (aa) has either filed the complaint or made a motion in response to a notice . . . ;

    (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *MicroStrategy*, 110 F. Supp. 2d at 433. The Pension Trust satisfies these criteria and should therefore be appointed as Lead Plaintiff.

### 1. The Pension Trust Timely Moved For Appointment

The notice published in the first-filed action on August 12, 2016, advised class members of the pendency of the action, the claims asserted, the relevant time period and the right to move the Court for appointment as lead plaintiff within 60 days, or by October 11, 2016. *See* Declaration of Craig C. Reilly in Support of Motion of Construction Laborers Pension Trust of Greater St. Louis for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Reilly Decl."), Ex. A. Because this motion is being timely filed by the statutory deadline, the Pension Trust is entitled to be considered for appointment as lead plaintiff.

### 2. The Pension Trust Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by its PSLRA Certification, the Pension Trust expended more than $945,000 purchasing 11,000 shares of Orbital stock, suffering more than $116,000 in losses as a result of defendants' alleged misconduct. *See* Reilly Decl., Exs. B, C. To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest.[1] Therefore, the Pension Trust satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. The Pension Trust Otherwise Satisfies Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "This inquiry need not be as 'searching as the one triggered by a motion for class certification,' because the inquiry focuses solely on whether the person will be an appropriate class representative, and not whether the class may ultimately be certified." *MicroStrategy*, 110 F. Supp. 2d at 435 (citation omitted). "Accordingly, a district court need only determine (i) whether the

---

[1] Based on Steven Knurr's certification attached to his complaint, his loss is approximately $5,600. *See* Dkt. No. 1, *Complaint* at 23.

movant's 'claims or defenses . . . are typical of the claims or defenses of the class' and (ii) whether the movant 'will fairly and adequately protect the interests of the class.'" *Id.* (citation omitted).

"A person's claim is 'typical' 'when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id.* (citation omitted). The Pension Trust's claims are typical of the class asserted by the named plaintiffs because it seeks to represent the same putative class and allege the same claims against the same defendants. *Compare supra* §II *with* Dkt. No. 1, *Complaint.* As such, the Pension Trust's interests and those of the class are closely aligned and the Pension Trust is therefore typical of the other members of the class.

"[W]ith respect to 'adequacy,' a person may be an adequate representative of the class where that person (i) does not have interests that are adverse to the interests of the class, (ii) has retained competent counsel, and (iii) is otherwise competent to serve as class representative." *MicroStrategy*, 110 F. Supp. 2d at 435-36. Here, the Pension Trust suffered a significant loss on its investment in Orbital stock and is therefore motivated to diligently pursue the putative class's claims. *See* Reilly Decl., Exs. B-C. Moreover, the Pension Trust has no conflicts of interest between its claims and those of the putative class and is not subject to any unique defenses. Finally, the Pension Trust has selected qualified counsel to represent it and the putative class. *See* §III.B. *infra*. As such, the Court should find that the adequacy requirement has been met.

The Pension Trust has made the *prima facie* showing of typicality and adequacy under Rule 23 for the purposes of this Motion.

   **B.** **The Pension Trust's Selection of Lead and Local Counsel Should Be Approved**

Pursuant to the PSLRA, the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class. 15 U.S.C. §78u-4(a)(3)(B)(v). The Pension Trust respectfully submits that its selection of Robbins Geller as lead counsel and Craig C. Reilly as liaison counsel should be approved.

- 6 -

Both firms have served as class counsel in this Court, and they have successfully worked together as lead and liaison counsel, as well.  *See* Reilly Decl., Exs. D and E; *see also Glaser v. VeriSign, Inc.*, No. 1:13-cv-00060-LO-TCB, Order (E.D. Va. Apr. 12, 2013) (appointing Robbins Geller as lead counsel and Craig C. Reilly as liaison counsel in securities case); *Town of Davie Police Officers Ret. Sys. v. Rosetta Stone, Inc.*, No. 1:11-cv-00303 (AJT-TCB), Order (E.D. Va. July 6, 2011) (same).  Robbins Geller, a 200-lawyer firm with offices nationwide, has extensive experience in the prosecution of securities class actions and will more than adequately represent the interests of all class members as lead counsel.  *See* Reilly Decl., Ex. D.  Mr. Reilly is a member of the bar of the Court and has previously been approved as liaison counsel for the class in actions brought under the PSLRA.  *E.g.*, *MicroStrategy*, 110 F. Supp. 2d 427.

Accordingly, the Pension Trust's selection of counsel for the class should be approved.

## IV.  Conclusion

The Pension Trust has satisfied each of the PSLRA's criteria for appointment as lead plaintiff and approval of its selection of counsel.  Accordingly, the Pension Trust respectfully requests that the Court grant its motion.

DATED:  October 11, 2016

Respectfully submitted,

THE OFFICE OF CRAIG C. REILLY
CRAIG C. REILLY, VSB #20942


    /s/ Craig C. Reilly
CRAIG C. REILLY

111 Oronoco Street
Alexandria, VA  22314
Tel:  703/549-5354
Fax: 703/549-5355
craig.reilly@ccreillylaw.com

Liaison Counsel

- 7 -

                      ROBBINS GELLER RUDMAN
                        & DOWD LLP
                      DANIELLE S. MYERS
                      655 West Broadway, Suite 1900
                      San Diego, CA  92101
                      Telephone:  619/231-1058
                      619/231-7423 (fax)

                      ROBBINS GELLER RUDMAN
                        & DOWD LLP
                      SAMUEL H. RUDMAN
                      58 South Service Road, Suite 200
                      Melville, NY  11747
                      Telephone:  631/367-7100
                      631/367-1173 (fax)

                      [Proposed] Lead Counsel for Plaintiff

- 8 -

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2016, I filed the foregoing pleading or paper through the Court's CM/ECF system, which sent a notice of electronic filing to all registered users:

|  |  |
|---|---|
|  |  |

                        */s/ Craig C. Reilly*
                        Craig C. Reilly, Esq.
                        VSB # 20942
                        111 Oronoco Street
                        Alexandria, Virginia 22314
                        TEL (703) 549-5354
                        FAX (703) 549-5355
                        EMAIL craig.reilly@ccreillylaw.com
                        *Liaison Counsel for Movant*