**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **STEVEN KNURR, *et al.*,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No. 1:16-cv-1031** |
| **v.** | ) | |
| | ) | |
| **ORBITAL ATK INC., *et al.*,** | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

This matter came before the Court on defendants' Motion to Dismiss plaintiffs' amended complaint (Doc. 81) and defendants' Motion for a Certificate of Appealability (Doc. 87).

For the reasons stated in the accompanying Memorandum Opinion, and for good cause,

It is hereby **ORDERED** that defendants' Motion to Dismiss (Doc. 81) is **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion is **GRANTED** with respect to plaintiffs' § 10(b) claim against individual defendant Hollis Thompson.[1] Defendants' motion is **DENIED** with respect to plaintiffs' § 10(b) claim against corporate defendant Orbital ATK.

Because plaintiffs' § 10(b) claim against Orbital ATK and plaintiffs' § 14(a) claims against the individual and the corporate defendants are going forward, it is inappropriate to grant a certificate of appealability on the question whether a negligence or a scienter standard applies to § 14(a) claims.[2] Accordingly, it is further **ORDERED** that defendants' Motion for a Certificate of Appealability (Doc. 87) is **DENIED**.

---

[1] The § 10(b) claims against the other individual defendants were dismissed in *Knurr v. Orbital ATK*, 272 F. Supp. 3d 784 (E.D. Va. 2017).

[2] In the event that the § 14(a) claim goes to a jury, the jury will be asked to decide the case applying both burdens—negligence and scienter.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
March 2, 2018

/s/

T. S. Ellis, III
United States District Judge