UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| STEVEN KNURR, Individually and on Behalf of All Others Similarly Situated, | ) No. 1:16-cv-01031-TSE-MSN<br>)<br>) |
| Plaintiff, | ) CLASS ACTION<br>) |
| vs. | )<br>) |
| ORBITAL ATK, INC., et al., | ) STIPULATED PROTECTIVE ORDER<br>) |
| Defendants. | )<br>) |

## **STIPULATED PROTECTIVE ORDER**

WHEREAS, discovery (including without limitation, interrogatories, document productions, and depositions) and other proceedings in *Knurr v. Orbital ATK, Inc., et al.*, No. 1:16-cv-01031-TSE-MSN (the "Action"), may involve the production or disclosure of confidential or attorneys eyes only information (as defined herein); and

WHEREAS, the parties to the Action have reached agreement as to the effect of the production of privileged or work-product protected documents in this Action, or the withholding of such documents;

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT, as follows:

1. **Definitions.**  As used in this Protective Order, these terms have the following meanings:

(a) "Discovery Material" includes all documents, transcripts, records, and things (in oral, written, or electronic forms) within the scope of Federal Rule of Civil Procedure 34, including, without limitation, all testimony adduced at depositions, deposition exhibits, all documents or things responsive to requests for the production of documents and things, all answers to interrogatories, all responses to requests for admissions, and all other responses to discovery requests provided in accordance with the Federal Rules of Civil Procedure, as well as hearing and trial transcripts, matters offered and/or introduced into evidence, and any other information furnished, in connection with the discovery process, by or on behalf of any party to this litigation or any third party;

(b) "Agreement to be Bound By Protective Order" means an executed document in the form attached as Exhibit A.

      (c)      "Party" means a party to this lawsuit or affiliated parties.

      (d)      "Receiving Party" means the party that requests or receives the disclosure of Discovery Material.

      (e)      "Producing Party" means the party that owns or otherwise controls the Discovery Material requested by the Receiving Party.

    2.    **Non-Waiver of Privileged or Work Product Material**. Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document in this Action, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case along with non-privileged or non-work-product-protected documents shall not function as a waiver of any privilege or work-product protections in this case or in any other federal or state proceeding. The factors listed in Fed. R. Evid. 502(b) shall not control or contribute to any part of any analysis related to the return of materials subject to a claim of privilege, work-product or any other protection. The proper procedure for the notification and return of privileged or protected information produced in this matter is governed by Fed. R. Civ. P. 26(b)(5)(B).

    3.    **Confidential Discovery Material.** A party or non-party may designate any Discovery Material "CONFIDENTIAL" for protection under this Protective Order where that material constitutes or discloses confidential information. "Confidential information", as that term is used herein, includes non-public, confidential, personal, proprietary, customer, client, or commercially sensitive information that is of such a nature and character that the Producing Party in good faith reasonably believes the disclosure of such information is likely to cause substantial injury to the Producing Party that cannot be avoided by less restrictive means. To

designate such Discovery Material (other than depositions or hearing transcripts), the Producing Party shall stamp such Discovery Material "CONFIDENTIAL" as appropriate. Where such marking of each piece of Discovery Material is impossible or impractical, the Producing Party shall designate, in writing and at the time of its production, the information or Material that it regards as "CONFIDENTIAL."

4. **Attorneys' Eyes Only Discovery Material**. A party may designate any Discovery Materials "ATTORNEYS' EYES ONLY" if the party in good faith reasonably believes that such Discovery Materials contain (i) classified or otherwise protected information the disclosure of which may raise significant national security concerns; or (ii) trade secrets, or highly sensitive commercial information, the disclosure of which would substantially injure the Producing Party's competitive position. Without limiting the foregoing, an example of Discovery Material that would be appropriately designated "ATTORNEYS' EYES ONLY" is Discovery Material that contained information subject to the Arms Export Control Act (22 U.S.C. 2778), the U.S. International Traffic in Arms Regulations (22 C.F.R. Parts 120-130), or the U.S. Export Administration Regulations (15 C.F.R. Parts 730-774). To designate such Discovery Material (other than depositions or hearing transcripts), the Producing Party shall stamp such Discovery Material "ATTORNEYS' EYES ONLY" as appropriate. Where such marking of each piece of Discovery Material is impossible or impractical, the Producing Party may designate, in writing and at the time of its production, the information or Material that it regards as "ATTORNEYS' EYES ONLY."

5. **Use of Confidential and Attorneys' Eyes Only Discovery Material.** All Discovery Material containing Confidential or Attorneys' Eyes Only Information shall be used

solely for the purpose of this Action only, including any appeal thereof, unless otherwise agreed to, in writing, by the Producing Party, or directed by a court of competent jurisdiction.

      6.    **Access to Confidential Discovery Material.**  Access to any Discovery Material designated "CONFIDENTIAL" shall be limited to:

      (a)    <u>This Court</u>, its officers (including the jury) and supporting personnel, and any appellate court to which an appeal may be taken or in which review is sought, and its officers and supporting personnel;

      (b)    <u>The parties</u> (including their authorized representatives) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      (c)    <u>Outside counsel of record</u> and their associates, legal assistants, investigators, and stenographic and clerical employees;

      (d)    <u>Court reporters</u> retained to transcribe testimony in this litigation;

      (e)    <u>Authors and recipients</u> of the Discovery Material, whose review of the material is necessary for the prosecution or defense of the Action;

      (f)    <u>Current or former employees</u> of the Producing Party;

      (g)    <u>Witnesses or deponents</u> in the Action to the extent such disclosure is deemed necessary by counsel for a party, during the course of depositions or testimony in the Action and, to the extent necessary, in preparation for such depositions or testimony in the Action, provided that a witness qualifying solely under this subparagraph shall not be permitted to retain copies of any Confidential Discovery Material;

      (h)    <u>Special masters</u> or third parties appointed by the Court or retained by the parties for settlement purposes or resolution of discovery or other disputes and their necessary staff;

  (i) <u>Insurance companies</u> or other indemnitors of any party that are providing coverage for claims in this Action;

  (j) <u>Outside experts and consultants</u> retained by at least one party or their counsel for purposes of this litigation, including their support, administrative and clerical staff, to the extent necessary to assist the party in this litigation, and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

  (k) <u>Jury consultants and other litigation vendors</u> retained by at least one party for purposes of this litigation (including, but not limited to, mock jurors and outside photocopy, imaging, database, graphics, translation and design services), including their support, administrative, and clerical staff, to the extent necessary to assist the party in this litigation, and who have signed "Agreement to Be Bound by Protective Order" (Exhibit A); and

  (l) Any person for whom prior authorization is obtained from the Producing Party or the Court.

  7. **Access to Attorneys' Eyes Only Material**. Access to any Discovery Material designated "ATTORNEYS' EYES ONLY" shall be limited to:

  (a) Outside counsel of record and their associates, legal assistants, investigators, and stenographic and clerical employees;

  (b) Any outside expert retained by at least one party or their counsel for purposes of this litigation, including his or her support, administrative and clerical staff, to the extent necessary to assist the party in this litigation, who (i) if <u>not an employee</u> of a manufacturer of ammunition or military weapons has signed the "Agreement to Be Bound by Protective Order"; or (ii) if an employee of a manufacturer of ammunition or military weapons, is qualified under paragraph 8 below and has signed the "Agreement to Be Bound by Protective Order";

(c) Testifying witnesses or deponents, to whom disclosures is reasonably necessary for the purposes of this litigation, who have signed the "Agreement to Be Bound by Protective Order" or have been advised on the record of this Protective Order;

(d) Authors and recipients of the Discovery Material, whose review of the material is necessary for the prosecution or defense of the Action;

(e) This Court, its officers (including the jury) and supporting personnel, and any appellate court to which an appeal may be taken or in which review is sought, and its officers and supporting personnel;

(f) Court reporters retained to transcribe testimony in this litigation; and

(g) Jury consultants and other litigation vendors retained by at least one party for purposes of this litigation (including, but not limited to, mock jurors and outside photocopy, imaging, database, graphics, translation and design services), including their support, administrative, and clerical staff, to the extent necessary to assist the party in this litigation, and who have signed the "Agreement to Be Bound by Protective Order.

8. **Qualification of Experts and Consultants Who Are Employees of a Manufacturer of Ammunition or Military Weapons**.

(a) **Request for Qualification**. A Receiving Party may qualify an expert or consultant who is an employee of a manufacturer of ammunition or military weapons as a Qualified Expert or Consultant by written request to the Designating Party ("Request for Qualification") enclosing the current resume of the Expert or Consultant and identifying (i) the general categories of Attorneys' Eyes Only Information that the Receiving Party seeks to disclose; (ii) each person or entity to whom the Expert or Consultant has provided professional services during the preceding five years; and (iii) each lawsuit or other proceeding, by name,

7

case number, and jurisdiction in which the Expert or Consultant has testified or consulted during the preceding five years.

(b) **Objection to Request for Qualification.** A Designating Party shall have five calendar days from the date of the Receiving Party's Request for Qualification to object to a proposed Qualified Expert or Qualified Consultant. Any such objection must be for good cause, in writing, stating with particularity the reasons for it, and served on the Party or Parties proposing the Expert or Consultant for qualification. If such an objection is timely served, no Attorneys' Eyes Only Information shall be disclosed to the proposed Expert or Consultant.

(c) **Application to the Court.** A Receiving Party upon whom a written objection is timely served must confer with the Designating Party within three business days of service. If the objection cannot be resolved, the Designating Party must, within five calendar days of the meet and confer, apply to the Court, pursuant to Federal Rules of Civil Procedure 7(b) and 26(c), for an order declaring the validity of the its objection. If the Designating Party does not submit such an application within five calendar days of the meet and confer, the objection is deemed withdrawn and the Expert or Consultant at issue is deemed Qualified. On any such motion, the party seeking to prevent disclosure shall bear the burden of demonstrating that the risk of harm entailed by disclosure outweighs the need to disclose the Protected Material to its Expert or Consultant.

9. **Third-Party Material.** Third parties producing Discovery Material in the course of this Action may also designate such material as "CONFIDENTIAL" or "Attorneys' Eyes Only" subject to the same protections and constraints as the parties to the litigation. A copy of this Protective Order shall be served along with any subpoena served in connection with this litigation.

10. **Effect of Designation.** The designation of information as "CONFIDENTIAL" or "Attorneys' Eyes Only" shall constitute a representation that an attorney believes that there is a valid basis for such designation. The designation or failure to designate information as "CONFIDENTIAL" or "Attorneys' Eyes Only" may not, however, be used against the Producing Party as an admission or concession that the designated information is or is not, in fact, confidential, proprietary, a trade secret, or otherwise sensitive or otherwise deserving of protection.

11. **Handling of Confidential and Attorneys' Eyes Only Discovery Material.** Any person in possession of Discovery Material that has been designated as "CONFIDENTIAL" or "Attorneys' Eyes Only" shall exercise reasonable and appropriate care with regard to the storage, custody, or use of such material to ensure that its confidential or protected nature is maintained. No person receiving such material shall, directly or indirectly, transfer, disclose, or communicate in any way the material or the contents of the material to any person other than those specified in Paragraphs 6 and 7, and only as specified in this Protective Order.

12. **"Agreement to Be Bound by Protective Order."** Except as otherwise indicated in paragraph 7(c), each person designated in accordance with Paragraphs 6(b), 6(j), 6(k), 7(b), 7(c), or 7(g) to receive Confidential or "Attorneys' Eyes Only" Discovery Material shall execute an "Agreement to Be Bound by Protective Order" (Exhibit A), the original of which shall be maintained by counsel making the disclosure to each person. Counsel of record for each party shall maintain executed Exhibit A forms, which shall be available for inspection upon order of the Court following a showing of good cause. Executed Exhibit A forms shall not be discoverable except upon good cause shown and order of the Court.

13. **Use of Confidential or Attorneys' Eyes Only Information at Deposition.** All depositions or portions of depositions taken in this litigation that contain confidential information may be designated as "CONFIDENTIAL" or "Attorneys' Eyes Only" and thereby obtain the appropriate protections accorded other designated Discovery Material. Confidentiality or "Attorneys' Eyes Only" designations for depositions shall be made either on the record or by written notice to all other parties within five (5) days after the date on which the transcript is available from the court reporter for distribution. Unless otherwise agreed, depositions shall be treated as "CONFIDENTIAL" during the five (5) day period following availability of the transcript. The deposition of any witness (or any portion of such deposition) that involves Confidential or Attorneys' Eyes Only Information shall be taken only in the presence of persons who are qualified to have access to such information.

14. **Use of Confidential or Attorneys' Eyes Only Information in Court.** Nothing in this Protective Order is intended to limit the use of Confidential or Attorneys' Eyes Only Discovery Material by a party at trial or at an evidentiary proceeding in the Action. Neither this Protective Order nor any designation of Discovery Material as "CONFIDENTIAL" or "Attorneys' Eyes Only" shall affect the admissibility into evidence of the information so designated, including, without limitation, the authenticity or relevance of the Confidential or Attorneys' Eyes Only Discovery Material.

15. **Inadvertent Failure to Properly Designate Documents.** Any party that inadvertently fails to designate Discovery Material as "CONFIDENTIAL" or "Attorneys' Eyes Only" shall notify, in writing, all parties of its oversight immediately upon discovery. The party shall provide substituted copies of the inadvertently produced documents within seven (7) days. Any party receiving such inadvertently unmarked material shall make reasonable efforts to

retrieve material distributed to persons not entitled to receive material with the corrected designation.

16. **Filing Confidential Information with the Court.**  If a party files a document containing information from Discovery Material designated as "CONFIDENTIAL" or "Attorneys' Eyes Only" with the Court, the parties shall comply with the procedures set forth in Local Civil Rule 5.

17. **Challenges to Designation.**  At any time after the delivery of any Discovery Material designated "CONFIDENTIAL," or "Attorneys' Eyes Only" counsel for the Receiving Party may challenge the designation of all or any portion thereof by providing written notice to counsel for the Producing Party.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the dispute, the Producing Party shall have five (5) days to file a motion with the Court.  The Producing Party shall have the burden of establishing that the "CONFIDENTIAL" or "Attorneys' Eyes Only" designation is appropriate.  If the Producing Party fails to file a motion with the Court within five (5) days, the objection will be deemed resolved and the disputed information shall no longer be subject to protections provided in this Order.  Notwithstanding the foregoing, all designated documents are entitled to the protections provided in this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order as described above, or a contrary determination is made by the Court.

18. **Use of Independently Obtained, Unrestricted, Public, or Produced Information.**  This Protective Order shall not impose any restrictions on (a) the use or disclosure by a party of information or material properly obtained by the party independent of discovery in this Action (even if such material is also obtained through discovery in this litigation) or (b) a

11

party from disclosing its own confidential information as it deems appropriate. This Protective Order also shall not apply to information that (a) was properly known to the Receiving Party before it was disclosed in this Action, (b) is or became public knowledge through no breach of the provisions of this Protective Order, (c) is independently developed by the Receiving Party without access to the confidential information, or (d) is disclosed to the Receiving Party by a third party without restriction as to the disclosure, so long as the third party has the right to disclose the information to the Receiving Party.

19. **Termination of Litigation.** Following termination of the Action, all parties shall make commercially reasonable efforts to identify and destroy all Confidential and Attorneys' Eyes Only Discovery Material supplied by the Producing Party and all copies thereof (including without limitation, copies provided to testifying or consulting experts), or upon request of the Producing Party, return such materials to the Producing Party at the Producing Party's expense. If the Confidential or Attorneys' Eyes Only Discovery Material is destroyed, counsel shall certify in writing to the Producing Party that commercially reasonable efforts have been made to identify and destroy such Confidential or Attorneys' Eyes Only Discovery Material. Notwithstanding the foregoing, each party's outside counsel, may retain archival copies of all attorney work product, correspondence, expert reports, deposition and trial transcripts and exhibits, papers filed with the Court (including exhibits), and discovery responses (but not document production) exchanged by the parties. Any Discovery Material designated "CONFIDENTIAL" or "Attorneys' Eyes Only" included in the archival copy shall remain subject to the provisions of this Order.

20. **Use Following Termination of Action.** Following termination of the Action, any document that may be maintained pursuant to paragraph 19 may be used to the extent

necessary for counsel to defend its conduct in the Action if such conduct is challenged in a collateral action or pending action.

21. **Modification of the Protective Order.** Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality, as may be appropriate.

22. **No Waiver of Claim or Defense.** No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the litigation or of any position as to the discoverability or the admissibility of evidence.

23. **Injunctive Relief.** If any person violates or threatens to violate the terms of this Protective Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Protective Order, notwithstanding any subsequent disposition of this litigation.

24. **Subpoena or Court Order.** If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents, or things designated by a Producing Party in this action as "CONFIDENTIAL," or "Attorneys' Eyes Only" then no more than fourteen (14) days after receiving the subpoena or order, the Receiving Party must: (1) notify the Producing Party, in writing (by fax or email) of the subpoena or order, and include a copy of the subpoena or order with the notification; (2) inform the party that caused the subpoena or order to issue, in writing, that some or all of the material covered by the subpoena or order are subject to this Protective Order; and (3) deliver a copy of this Protective Order to the party that caused the subpoena or order to issue. The purpose of these duties is to alert the interested

parties to the existence of this Protective Order and to afford the Producing Party an opportunity to seek protection for its confidential or attorneys' eyes only information in the court from which the subpoena or order issued.  The Producing Party shall bear the burden and expense of seeking protection in that court.  Nothing in this provision should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

25. **Effective Upon Signing.**  The parties agree to be bound by the terms of this Protective Order after execution by all parties but prior to entry of this Protective Order by the Court.  This Protective Order applies to all Discovery Material produced in the Action, whether produced before or after the entry of this Protective Order and whether produced by a party or non-party

26. **Additional Parties.**  In the event that additional persons or entities become parties to the Action, neither their outside counsel nor experts or consultants retained to assist said counsel shall have access to Confidential Discovery Material produced by or obtained from any other Producing Party until said party has executed and filed with the Court a copy of this Stipulated Protective Order.

27. **Survival of Protective Order.**  The obligations imposed by this Protective Order shall survive the termination of this litigation.

28.

      **SO ORDERED** this _____ day of April 2018.


Alexandria, Virginia          _____
                  Michael S. Nachmanoff
                  United States Magistrate Judge

## EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I hereby acknowledge that I have read a copy of the Stipulated Protective Order ("Protective Order") entered in the action entitled *Knurr v. Orbital ATK, Inc., et al.*, No. 1:16-cv-01031-TSE-MSN (the "Action"), presently pending in the United States District Court for the Eastern District of Virginia (the "Court"), that I understand the terms thereof and agree to be bound by its terms, and that I submit myself to the jurisdiction of the Court, wherever I may be, for the enforcement of this Protective Order, even if such enforcement proceedings occur after termination of this Action.

I will not reveal the Confidential or Attorneys' Eyes Only Discovery Material to anyone, except as allowed by the Order. I will maintain any Confidential or Attorneys' Eyes Only Discovery Material in my possession, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it. No later than twenty (20) days after I receive written or electronic notice from a party to the Action that the Action has concluded and the time period for appeals has expired, I will either destroy or return the Confidential or Attorneys' Eyes Only Discovery Material, including copies, notes, or other transcriptions made therefrom, to the counsel who provided me with the Confidential or Attorneys' Eyes Only Discovery Material.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

EXECUTED this _____ day of _____, 20_____.

By:     _____

Name: _____

Address: _____

_____

Phone: _____