1

```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF VIRGINIA
                         Alexandria Division




-------------------------------:
                               :
STEVEN KNURR, etc.,            :
             Plaintiff,        :
                               :
    -vs-                       :   Case No. 1:16-cv-1031
                               :
                               :
ORBITAL ATK, INC., et al.,     :
             Defendants.       :
                               :
-------------------------------:




                    INITIAL PRETRIAL CONFERENCE

                          April 9, 2018

            Before:  Michael S. Nachmanoff, Mag. Judge
```

APPEARANCES:

John C. Herman and Craig C. Reilly, Counsel for Plaintiff

Lyle Roberts, Daniel Sachs, and George Anhang,
Counsel for the Defendants Orbital ATK, Inc., D.W. Thompson,
G.E. Pierce, B.E. Larson, and H. Thompson

Joshua Z. Rabinovitz, Counsel for Defendant DeYoung

2

1    NOTE:  The case is called to be heard at 10:58 a.m.
2  as follows:
3    THE CLERK:  Steven Knurr, et al. versus Orbital ATK,
4  Incorporated, et al., case number 16-cv-1031.
5    Counsel, please note your appearances for the record.
6    MR. REILLY:  Good morning, Your Honor.  Craig Reilly,
7  liaison counsel for the plaintiff class.  Together with my
8  co-counsel, John Herman, who is lead plaintiff's counsel in
9  this case.
10    THE COURT:  Good morning.  Good morning, Mr. Herman.
11    MR. HERMAN:  Good morning.
12    MR. ROBERTS:  Good morning, Your Honor.  Lyle Roberts
13  with Shearman & Sterling on behalf of the corporate defendant,
14  Orbital ATK, and the individual defendants other than Mr.
15  DeYoung, who's represented separately here today.
16    And I'm joined by my colleagues from Cooley, Dan
17  Sachs and George Anhang.
18    THE COURT:  Good morning.
19    MR. SACHS:  Good morning, Your Honor.
20    THE COURT:  Good morning.
21    MR. RABINOVITZ:  Good morning, Your Honor.  Josh
22  Rabinovitz for defendant Mark DeYoung.  And the Court has
23  previously granted a motion that I can appear this morning
24  without -- without local counsel.  So, thank you.
25    THE COURT:  That's fine.  Good morning.

1          Well, thank you.  We're here for the 16(b)
2    conference.  Normally I would have these in chambers, but I
3    thought that it might just be easier to do it on the record and
4    have everyone get a chair since I'm not sure we have enough
5    chairs for everyone to be in chambers together.
6          I received the amended joint discovery plan, and I
7    know you all received the order from Judge Ellis which granted
8    in part and denied in part the motion to extend the discovery
9    period and to change some of the dates.
10         So I just wanted to make sure we were all on the same
11   page and that we had addressed the small number of
12   disagreements that you had between you.  I commend you all on
13   having agreed on as much as you have.
14         I think I've now entered the protective order that
15   was submitted and the ESI protocol.  So those issues have been
16   resolved.
17         So we can just go through these and then make sure
18   that the dates are -- are settled.  And I appreciate -- and you
19   don't need to put on the record your standing objection to the
20   truncated schedule that you have.  I understand the challenge
21   that you face and hope that you'll be able to work
22   expeditiously in order to comply with all of the dates that
23   Judge Ellis has set out.
24         So we can go through this relatively quickly, I
25   think.  Just to make sure that we're on the same page, as I

4

1  understand it, the 26(a)(1) initial disclosures have been made
2  by the plaintiff consistent with what you've represented in the
3  pleadings, and that the defendants will be making their
4  26(a)(1) disclosures on April 11; is that correct?
5          MR. HERMAN:  Correct for the plaintiff, Your Honor.
6          MR. ROBERTS:  Just one slight modification, Your
7  Honor.  We actually have made our disclosures other than one
8  portion of it that will be completed on April 11.
9          THE COURT:  Right.  And then the first issue where
10 there's a little bit of dispute is when substantial completion
11 of document production will be made.  And as I read the -- the
12 pleadings, plaintiffs are suggesting that that substantial
13 completion should be made by April 23, and defendants are
14 suggesting a date of May 15th; is that correct?
15         MR. HERMAN:  That's correct, Your Honor.
16         We had offered a compromise date of May 1 to try to
17 reach some kind of resolution here.  That was rejected.  But we
18 would still be open to a May 1 date.
19         The problem that we have is that the expert reports
20 are due on June 1 under the schedule.  We have a number of
21 depositions that will need to be taken.  There's a substantial
22 number of documents we need to review as well.
23         So we would ask for some earlier date to avoid the
24 need of having to reopen depositions after we get new documents
25 or redo expert reports.

1          THE COURT:  And when were the requests for production
2   of documents propounded?
3          MR. HERMAN:  I believe March 6.
4          MR. ROBERTS:  Correct.
5          MR. HERMAN:  We do have -- we got a document
6   production Friday night from the defendants with about 150,000
7   documents in them.  We're in the process of addressing some
8   issues we have with that with the defendants, and hopefully
9   we'll avoid the need to appear -- to appear before Your Honor
10  on that.
11         For example, I think that there's a date issue that's
12  outstanding where we think we're entitled to some documents
13  after August of 2016.
14         So we're hopefully going to be able to work through
15  that.  But we did serve, in addition to that, 31 subpoenas.  We
16  served requests for admit.  We served interrogatories.  So we
17  have staffed up our team and we're going, but we need some help
18  on the document front.
19         THE COURT:  Thank you.
20         MR. ROBERTS:  Your Honor, one thing.  Of course, I
21  understand about this type of case, which is a securities class
22  action, is that the burdens of production fall somewhat
23  disproportionally upon the defendants.
24         When we are seeking documents from the plaintiffs,
25  it's largely about their interactions with Orbital ATK or their

1  stock trading, it's sort of very narrow bands of the type of
2  information we're seeking.  And usually there's not a lot of
3  production coming from the plaintiffs.
4  　　　　　On the other hand, they, of course, are seeking, we
5  say five years, they would like it to be a little longer, they
6  would like it up to seven years of documents from the company
7  covering a wide range of topics, a huge number of people, et
8  cetera.  And you get some sense of that by the fact that we
9  produced on Friday 150,000 documents in response to their
10 requests.
11 　　　　　So there is this disproportionate issue.  So when we
12 are looking for May 15 here as a cutoff, it's not because we're
13 not moving quickly.  We think, in fact, we've moved a mountain
14 actually in this last month to do the production that we've
15 done.  It's simply that given the breadth and depth of these
16 requests, even with the compromises that we're attempting to
17 work out with plaintiffs, we just simply need time to be able
18 to look at -- look in all the crooks and corners to find these
19 documents and, you know, produce them in a timely fashion.
20 　　　　　And so, a cutoff date of April 23, even May 1, seems
21 to us to be a little bit unreasonable given the breadth of what
22 we're -- of what we're searching for here.
23 　　　　　Your Honor, we would note that if we cut this off at
24 May 15, as we have proposed, that would still leave something
25 like seven weeks for the plaintiffs to complete their

1  deposition work and get the case done before the cutoff for
2  discovery in the case.
3         So we think that's enough time to get that side of
4  the case done, and at the same time that we really do need this
5  additional time on document production.
6         Thank you.
7         THE COURT:  Thank you.  Well, I'm going to resolve
8  this by adopting the compromise proposed, which is what I'd
9  zeroed in on prior to the hearing.  And I will require the
10 substantial completion of document production to be completed
11 by May 1.
12        I understand the asymmetrical nature of this and the
13 efforts that defendants have to go -- have to go to, but it
14 appears that these requests were made promptly.  That we're
15 already 30 days into it.  And this gives you another almost
16 month to substantially complete the document production.
17        Given the time when plaintiffs have to make their
18 initial expert disclosure, I think moving it all the way to May
19 15 would put them in a difficult position.
20        So I'm going to require that be done by May 1 and
21 adopt the rest of the proposal, which is that if the documents
22 are not entirely produced by then, that defendants will be --
23 both parties will be required to provide a list and a time
24 table for completing that process so we keep things moving
25 forward.

8

1  　　　　　　The next dates I see on the list are the class
2  certification of May 18, which looks fine.  And the proposed
3  schedule for briefing that issue.
4  　　　　　　And then the expert disclosures which you modified in
5  light of Judge Ellis' order, which are June 1 for the
6  plaintiff's initial disclosure, June 15 for the defendants'
7  expert disclosure, and then rebuttal on June 29.  And that
8  falls within the current discovery cutoff of July 9 and gives
9  the parties an opportunity to schedule those depositions after
10 the disclosures are made.
11 　　　　　　Do I need to address that in any way?  I don't think
12 there's any disagreement on that issue.
13 　　　　　　MR. HERMAN:  No disagreement.
14 　　　　　　THE COURT:  The other areas of disagreement appear to
15 be the number of depositions in total to be taken.  And as I
16 understand it, the plaintiffs are proposing a total of 175
17 hours.  Which, if my math is correct, would come out to 25
18 potential depositions if they are limited to seven hours each.
19 And the defendants essentially are suggesting a total of 15.
20 　　　　　　And both sides are in agreement that that excludes
21 experts; is that correct?
22 　　　　　　MR. HERMAN:  Correct, Your Honor.
23 　　　　　　MR. ROBERTS:  Correct, Your Honor.
24 　　　　　　THE COURT: Okay.  I'll hear very briefly on -- from
25 the plaintiff as to why 25 would be required.  It seems like a

1  large number.

2  MR. HERMAN: I understand, Your Honor. This is a
3  large, complex case. The complexity deals with a merger of two
4  public companies. It deals with restatements of multiple years
5  of audited financials showing the loss of $400,000,000 that
6  wasn't previously reported to the public.

7  Given those huge losses, the merger, the accountants,
8  we have a situation where we identified 41 fact witnesses. The
9  defendants identified 23 custodians of documents. They also
10 identified 14 witnesses for trial in their initial disclosures.
11 So the numbers here are large.

12 And part of that is because we had Alliant was one
13 company, Orbital was another company, and then the merger. So
14 in this case, there's not one CFO to depose, there's three.
15 There was one at Alliant, there was at one Orbital, and then
16 there was a third one after some of these issues got disclosed.

17 So the numbers are greater than the normal case. We
18 think that can be resolved. We may not need seven hours with
19 each deponent. We want to be efficient and we want the burden
20 on us to be efficient.

21 So we might only need a few hours with some of these
22 witnesses who were there for a stub part of a term, you know,
23 for a year or two. We may not need seven hours to depose them,
24 but we do need to take that deposition.

25 So we thought having an hours requirement made a lot

10

1 more sense. It would force us to be efficient and use our time
2 wisely. And it would avoid the need to come back to Your Honor
3 to ask for more depositions down the road.
4     THE COURT: Thank you.
5     MR. ROBERTS: I think, Your Honor, when Judge Ellis
6 rejected our proposed discovery schedule, he made something
7 quite clear. Which is that he didn't view this case as
8 actually being outside the norms for what the Eastern District
9 of Virginia addresses with it scheduling orders.
10     And part of the, of course, original order in this
11 case was that the parties were entitled to five non-party fact
12 depositions, and that's it. So we think actually we've been
13 pretty reasonable in proposing here 15 overall limit for
14 depositions.
15     This case, of course, in our view is not quite as has
16 been characterized here today by plaintiffs. In fact, Judge
17 Ellis narrowed it down quite significantly to being simply
18 about the actions and mental states of a very small group of
19 corporate employees.
20     And so, we don't think this number of depositions is
21 necessary. I would point out something I think quite crucial
22 in the last remarks made by plaintiff's counsel here today.
23 Which is that what they are anticipating is that they would
24 take as many depositions as they want within the number of
25 hours they have requested.

1  So in other words, if they want to take 85 two-hour
2  depositions, they're going to be entitled to do that using
3  their 175 hours. I don't think that's reasonable.
4  I don't think it's certainly what Judge Ellis was
5  contemplating here when he told us that he would like us to go
6  back to his original order and understand that we should be
7  following that for purposes of depositions and everything else
8  in the case.
9  THE COURT: Thank you. I think with regard to -- do
10  you wish to be heard.
11  MR. HERMAN: Very briefly, Your Honor. The only
12  point I would make is that we offered a compromise to limit
13  both hours and numbers of depositions. And the compromise we
14  offered was, I believe it was 30 deposition total or the 175
15  hours, but that that was something we could live with, to
16  address that last problem.
17  THE COURT: Thank you. I think with regard to this
18  issue, that a limit of 15 depositions is appropriate with all
19  of the other requirements of the Local Rules and Federal Rules
20  of a seven-hour deposition.
21  I will say this. To the extent, as discovery
22  continues, should there be a compelling reason to take
23  depositions beyond that 15, whether it's 17, or 20, or even 25,
24  you can certainly make that argument.
25  And to the extent that some of these depositions that

12

1  you feel you must take are custodians and it's simply an
2  hour-long deposition, certainly the total amount of attorney
3  time being taken and the nature of the depositions that reaches
4  the 15 can be considered by the Court to the extent there is a
5  need to go beyond that.
6       I would hope that the parties can work that out.
7  But to at this point simply set it at 175 hours and put the
8  defendants in the position of not knowing whether or not that
9  will be preparing 30 or 40 or 50 witnesses, is -- you know,
10 does not make sense at this point.
11      So I will limit the depositions to 15, with leave to
12 file, should there be a compelling reason to do so and after
13 the parties have made a good faith effort to figure out a
14 compromise should there be one, beyond 15 depositions.
15      The other dates I believe were not in controversy.
16 As you know, Judge Ellis has set out pretrial motions being due
17 by July 23.  You have proposed a schedule, I believe, August 7
18 for the opposition.  And August 8 -- 14th for the reply.  He
19 has set right now the date for oral argument on those motions
20 as August 17th.  And those -- that's looks fine to me, and I
21 will adopt those proposals.
22      The final pretrial conference has been set for
23 September 20.  I think it's probably unlikely to believe that
24 there will not be summary judgment filed should we get to that
25 point in this case.

1            So I would assume that you're all planning on the --
2   on the final pretrial conference being driven by the September
3   20 date; is that correct?
4            MR. HERMAN:  That's correct, Your Honor.
5            MR. ROBERTS:  Yes, Your Honor.
6            THE COURT:  I believe, this is a minor point, Judge
7   Ellis has recently changed his initial scheduling order.  And
8   you proposed a date for the exchange of exhibits and witnesses
9   pursuant to 26(a)(3) as September 21, which is a day after the
10  final pretrial conference.
11           I believe that his language is within three days of
12  the final pretrial conference, meaning three days prior to the
13  final pretrial conference.  There is still some ambiguity in
14  that issue.  But for the time being, I will stick with that
15  view and set that date as September 17 rather than the 21st.
16           Mr. Reilly, do you wish to be heard on this --
17           Mr. REILLY:  Yes, Your Honor, I would.
18           THE COURT:  -- arcane point of law and fact?
19           MR. REILLY:  Not necessarily an arcane point of
20  trying to read it most beneficially to the parties.
21           But the practical reality is I think we're going to
22  be working right up until the last minute, particularly on
23  finishing up expert depositions.  Substantial summary judgment
24  briefing I think will occur.  And I think the parties need a
25  little -- that date -- getting it all done before the pretrial

1    conference I think is hard to do in the compressed time period
2    that we have.
3           I think doing it just afterwards, getting it started
4    just then and concluding on the schedule we proposed, the
5    window before trial will be much wider, I think, than we
6    ordinarily see with the three to eight weeks.
7           I think Judge Ellis' schedule is -- hard to get on
8    his trial docket quickly.  So I was anticipating that that time
9    period after the conference would probably be reasonably quick
10   for the parties, but also reasonably prompt for the Court's
11   purposes of setting a trial date and not interfere with setting
12   a trial date.
13          THE COURT:  I appreciate your argument.  I think, if
14   I'm reading the schedule correctly, that all of that enormous
15   amount of work with regard to expert depositions, and the
16   preparation for trial, and the briefing for summary judgment
17   will in fact have been done at an earlier stage in the way that
18   he has set this, and those issues will be resolved.
19          So that if you get to the final pretrial conference
20   by September 17 or September 20, that work will already have
21   been done.  Unlike a case perhaps with other judges where
22   you're coming into the final pretrial conference and briefing
23   summary judgment at the same time, the way he has now scheduled
24   these matters, he wants that briefing done earlier, presumably
25   to eliminate the need for a final pretrial conference if he

1  resolves issues on summary judgment.

2  So I am going to keep the September 17 date.  I do
3  think it's worth addressing at -- outside of this case as to
4  whether or not he really means that he wants that frontloaded
5  prior to the conference.  But so far as I can tell, that is
6  consistent with his initial scheduling order.

7  And although I view myself as having latitude when he
8  issues a specific order setting out dates, I want to make sure
9  that I'm complying with those for the time being.

10  However, I will say that there's a lot that's going
11  to happen in this case, and that might be a date that could be
12  subject to modification if there's something learned in the
13  interim that neither you nor I know about right now.

14  MR. REILLY:  And that's been my experience in complex
15  cases, including prior securities fraud class actions in this
16  court, that just many of these dates are aspirational at this
17  stage.

18  And we do expect both sides to cooperate diligently
19  throughout the course of the discovery period to get as much
20  done as quickly as we can, but I think we will think probably
21  end up coming back to you with additional requests for time,
22  but --

23  THE COURT:  Well, I understand that, and that's why I
24  noted without you having to say a standing objection to the
25  schedule that Judge Ellis has set out.  As you know, he's the

16

1  one that drives the train and the dates here, and you should
2  expect that you'll be held to those dates.
3          To the extent there are compelling reasons, however,
4  that come up despite the best efforts of counsel, I'm certainly
5  open to addressing those on an individual -- individualized
6  basis, especially so long as the ultimate, most important dates
7  aren't changed.  And so, there is some small latitude that the
8  parties can expect.
9          Having said that, however, I think you all know that
10 Judge Ellis, as all the judges here, feel that keeping these
11 dates tight and keeping the amount of time relatively short
12 should focus the minds of counsel on whether or not pursuing
13 the litigation as far as it can go is really in the best
14 interests of your clients.
15         And I realize in these cases sometimes there's some
16 discovery that needs to happen before the parties can sit down
17 and have really serious discussions about settlement.  But I
18 would encourage you all to be thinking about when that might be
19 wise to begin.  And certainly if you think that the Court can
20 be of assistance in facilitating settlement, I'm willing to
21 help in that regard.  And I know Judge Ellis would appreciate
22 the lawyers thinking about when the best time to do that may
23 be.
24         MR. REILLY:  Please let Judge Ellis know that our
25 minds are concentrated wonderfully at this point.  Thank you,

Case 1:16-cv-01031-TSE-MSN   Document 142   Filed 04/27/18   Page 17 of 17 PageID# 2731

17

1  Your Honor.

2  THE COURT: Are there any other issues that I have
3  failed to address in terms of timing or substantive issues that
4  have not been discussed?

5  MR. HERMAN: Nothing from the plaintiff, Your Honor.

6  MR. ROBERTS: No, Your Honor.

7  THE COURT: Thank you very much.

8  MR. RABINOVITZ: No, Your Honor.

9  THE COURT: Very good. Court will be in recess.

10  NOTE: The hearing concluded at 11:20 a.m.

11  ---------------------------------------------------

12

13  C E R T I F I C A T E  of  T R A N S C R I P T I O N

14

15  I hereby certify that the foregoing is a true and
   accurate transcript that was typed by me from the recording
16  provided by the court. Any errors or omissions are due to the
   inability of the undersigned to hear or understand said
17  recording.

18  Further, that I am neither counsel for, related to,
   nor employed by any of the parties to the above-styled action,
19  and that I am not financially or otherwise interested in the
   outcome of the above-styled action.

20

21

22

                                    /s/ Norman B. Linnell
23                                  Norman B. Linnell
                                    Court Reporter - USDC/EDVA
24

25