# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

|  |  |
|---|---|
| STEVEN KNURR, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br> vs.<br><br>ORBITAL ATK, INC., *et al.*,<br><br>    Defendants. | Civil Action No.  1:16-cv-01031-TSE-MSN<br><br><u>CLASS ACTION</u> |

**ORBITAL ATK, INC., DAVID W. THOMPSON, GARRETT E. PIERCE, BLAKE E. LARSON, AND HOLLIS M. THOMPSON'S OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**PROPOUNDING PARTY:**  CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS AND WAYNE COUNTY EMPLOYEES RETIREMENT SYSTEM

**OBJECTING PARTIES:**  ORBITAL ATK, INC., DAVID W. THOMPSON, GARRETT E. PIERCE, BLAKE E. LARSON, AND HOLLIS M. THOMPSON

**SET NUMBER:**  ONE

   Pursuant to Federal Rules of Civil Procedure Rules 26 and 34, Defendants Orbital ATK, Inc., David W. Thompson, Garrett E. Pierce, Blake E. Larson, and Hollis M. Thompson (the "Objecting Defendants") object as follows to Plaintiffs Construction Laborers Pension Trust of Greater St. Louis and Wayne County Employees Retirement System's ("Plaintiffs") first set of requests for production of documents ("the Requests"), dated March 6, 2018:

   Objecting Defendants object to each and every Request insofar as the Request contains words or phrases that are confusing, unintelligible, or lacks sufficient certainty to permit response. Objecting Defendants object to the Requests as they understand and interpret them.  If

Plaintiffs subsequently assert an interpretation of any Request that differs from Objecting Defendants' understanding, Objecting Defendants reserve the right to supplement their Objections.

Objecting Defendants' investigation of the factual issues raised in this litigation is continuing and has not yet been completed. Objecting Defendants' objections are based upon and reflect the current state of their knowledge, and are made to the best of their knowledge and without prejudice to Objecting Defendants' rights to amend, supplement, modify, or withdraw these written Objections.

Objecting Defendants object to each and every Request as overbroad and unduly burdensome insofar as the Request seeks production of documents that are not relevant to the remaining claims in this action as narrowed by the Court's orders dated September 26, 2017 and March 2, 2018, is not reasonably calculated to lead to the discovery of admissible evidence as to the remaining claims, and is not proportional to the needs of this case. Objecting Defendants further object to each and every Request as overbroad and unduly burdensome insofar as the Request (for instance, Requests 1, 3, 5, 9, 14, 24, 37, 39, 43, 45, or 48) seeks production of documents regarding matters that are not relevant to the claims and defenses in this action, are not reasonably calculated to lead to the discovery of admissible evidence, and are not proportional to the needs of this case, including, but not limited to, the following matters: (a) contracts unrelated to the Lake City Contract; (b) statements unrelated to the Lake City Contract and the Restatement; (c) valuations and profit projections unrelated to the Lake City Contract; (d) accounting issues unrelated to those at issue in the Restatement; (e) government investigations unrelated to the Lake City Contract or the Restatement; (f) internal control issues unrelated to the restatement; (g) Merger synergies unrelated to Lake City, (h) potential

acquisitions unrelated to the Merger, and (i) alleged "actual or potential" wrongdoing unrelated to the Lake City Contract or the Restatement.

Objecting Defendants object to each and every Request insofar as the Request seeks information that is equally accessible to Plaintiffs. Further, Objecting Defendants object to each and every Request insofar as the Request seeks documents that are not presently in the possession, custody, or control of Objecting Defendants, or that are obtainable from another source that is more convenient, less burdensome, or less expensive.

Objecting Defendants object to each and every Request insofar as that the Request seeks documents or information protected by: (a) the attorney-client communications privilege; (b) the work product doctrine; (c) the joint defense and common interest privileges; (d) rights of privacy and any other statutory or common law privilege; (e) the settlement privilege; and (f) any other applicable privilege or immunity.

### OBJECTIONS TO DEFINITIONS

1.      Objecting Defendants object to Definitions No. 4, 29, 30, and 39 ("Alliant," "Orbital ATK," "Orbital Sciences," and "Vista") as overbroad, vague, ambiguous, and unintelligible.  They include, for example, "former officers, directors, partners, employees, agents, accountants, advisors, members of the Board of Directors, and all other persons acting or purporting to act on [those entities'] behalf," in addition to ""all other persons acting or purporting to act on behalf of [those entities]," whether known to those entities or not.  In objecting to these Requests, Objecting Defendants interpret "Alliant," "Orbital ATK," and "Orbital Sciences" as referring to those entities and their officers, directors, employees, predecessors or successors in interest, and parents and subsidiaries.  Objecting Defendants further object to Definitions No. 4, 29, 30, and 39, and each and every Request using those

terms, insofar as the usage of those terms suggest that Alliant and Orbital Sciences were not separate and independent entities prior to the Merger or otherwise elide the distinctions between separate and independent legal entities.

2.      Objecting Defendants object to Definitions 8 and 11 ("communications" and "document"), and each and every Request and Definition insofar as the Request or Definition purports to impose any obligation on Objecting Defendants beyond those required or permitted under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Virginia, the Protocol for Production of Electronically Stored Information, and the Court's orders, insofar as the foregoing apply to discovery in this action, or any other applicable statute, rule, or authority.  Objecting Defendants further object to Definition 8, and each and every Request, insofar as the Definition or Request purports to require production of "communications" that are not "documents" or "tangible things" as those terms are defined in Fed. R. Civ. P. 34(a)(1), including, without limitation, oral conversations that were not recorded in a document or tangible medium within Objecting Defendants' possession, custody, or control.

3.      Objecting Defendants object to Definition No. 44 ("refer," "relate," "referring" or "relating"), and to each Definition, Instruction, and Request that incorporates it, on the grounds that it is overbroad, vague, ambiguous, and unintelligible, requires subjective judgment on the part of Objecting Defendants and their attorneys, and would require a conclusion or opinion of counsel in violation of the attorney work product doctrine.

4.      Objecting Defendants object to the definition of "Relevant Period" as overbroad, vague, and ambiguous.  As drafted, the definition of "Relevant Period" refers to any document "referring to events that occurred during the period from February 1, 2012, through the present,"

regardless of when such document was created.  Objecting Defendants further object to each and every Request insofar as they seek documents from the time period of February 1, 2012 to the present, because the Requests are thereby overbroad and seek the production of documents that are neither relevant to the claims or defenses in this action nor are reasonably calculated to lead to the discovery of admissible evidence.

**OBJECTIONS TO INDIVIDUAL REQUESTS**

Without waiving or limiting in any manner any of the foregoing Objections, but rather incorporating them into each of the following Objections insofar as they are applicable, Objecting Defendants object to the Requests as follows:

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications you have received from or produced to the SEC, U.S. Government, or any federal, state, or regulatory agency in connection with any investigation, formal or informal review, or request for information relating to the Restatement, the Prior Restatement, Orbital ATK's internal controls, the Defense Systems Group, the Small Caliber Systems Division, Lake City, the Lake City Contract, or your public disclosures.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 1:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  Several of the topics covered by this request, such as the "Prior Restatement," and "Orbital ATK's internal controls" and "your public disclosures" in general, are unrelated to the Restatement or the claims and defenses at issue.  Objecting Defendants further object to this request on the grounds that the term "your public disclosures" is vague and

5

ambiguous.  Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications relating to the "SEC Investigation," the "U.S. Government Investigations," and the "voluntarily self-report[ing] to the SEC" referred to in the 2015 Form 10-KT/A, including all documents produced by or received by you in connection therewith.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 2:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  This request seeks documents and communications relating to several different investigations, irrespective of whether those investigations are unrelated to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show Orbital ATK's, Alliant's, and Orbital Sciences' public disclosure or media relations policies, guidelines, or procedures, and all documents relating to any actual or potential violations thereof.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 3:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to

the needs of the case.  Objecting Defendants further object that the phrase "public disclosure or media relations policies, guidelines, or procedures" is vague, ambiguous, and not limited as to time.  Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.  This request seeks documents relating to *any* actual or potential violations of the policies at issue, irrespective of whether those violations are related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications relating to Orbital ATK's or Alliant's accounting for and recognition of revenue under the Lake City Contract and each of its Predecessor Contracts, including all reports, presentations, business plans, updates, notes, meeting minutes, recommendations, accounting packages, consultant reports, financial records, financial plans, budgets, estimates, projections, workpapers, analyses, memoranda, or communications relating to the same. The time period for this Request is January 1, 2010 through the present.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 4:**

Objecting Defendants object to this request on the grounds that the terms "business plans," "updates," "recommendations," "accounting packages," "consultant reports," "financial records," and "estimates" are vague and ambiguous.  Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.

This request seeks documents relating to *all* of Orbital ATK's or Alliant's accounting for the specified contracts, irrespective of whether that accounting is related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications relating to Orbital ATK's or Alliant's actual or considered disclosure of a forward loss on any long-term contract, including the Lake City Contract, and the reasons for making or not making such disclosure.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 5:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.  This request seeks documents related to the disclosure of a forward loss on *any* long-term contract, irrespective of whether that contract is related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications relating to any consideration of or finding by Orbital ATK or Alliant that the Lake City Contract was in a forward loss position.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 6:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to

the needs of the case.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications relating to, or forming the basis of, Orbital ATK's

claims that:

- "a forward loss should have been recorded for the [Lake City] Contract in fiscal 2015," as stated in the August 10, 2016 Form 8-K;

- "the majority of the [Lake City] Contract loss provision should have been recorded at the inception of the [Lake City] Contract which occurred in fiscal 2013," as stated in the November 3, 2016 Form 8-K; and

- "$31.5 [million] of the loss was evident at [the Lake City] contract signing (second quarter of fiscal 2013) and $342 [million] became evident at the time of initial production (second quarter of fiscal 2014)," as stated in the 2015 Form 10-KT/A.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 7:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly

burdensome, and seeks information that is neither relevant to the claims and defenses in this

action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to

the needs of the case.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications regarding Orbital ATK's, Alliant's, and Orbital

Sciences' policies for revenue recognition or recording forward losses for long term contracts

(including policies concerning the inclusion or exclusion of general and administrative expenses

in the measurement forward losses), and any changes thereto, including all documents regarding

the implementation and approval of such policies and changes.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 8:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly

burdensome, and seeks information that is neither relevant to the claims and defenses in this

action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications relating to Orbital ATK's or Alliant's exclusion of general and administrative costs from the measurement of forward losses on its long-term contracts, including all documents relating to:

- the financial impact of such exclusion, including on the Lake City Contract;
- the implementation and approval of such exclusion;
- Orbital ATK's disclosures regarding such exclusion; and
- Orbital ATK's determination that such exclusion was incorrect.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 9:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.  This request seeks documents relating to the exclusion of general and administrative costs from the measurement of forward losses on *all* of Orbital ATK or Alliant's contracts, irrespective of whether those contracts are related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications relating to Alliant's bid for the Lake City Contract, including all documents relating to:

- the terms and pricing of the bid, including all changes in terms and pricing from

Predecessor Contracts;

- identified risks or potential risks associated with the bid;

- analyses, forecasts, projections, assumptions, or estimates relating to the bid;

- the expected costs and "objective cost reduction" contemplated by the bid (as referenced in ¶135 of the Amended Complaint), including the basis for achieving any projected cost reduction;

- public statements and disclosures regarding the bid; and

- communications and meetings regarding the bid.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 10:**

Objecting Defendants object to this request on the grounds that the terms "analyses," "assumptions," and "estimates" are vague and ambiguous.  Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.   Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.  This request seeks documents relating to topics that are unrelated to the claims and defenses at issue, irrespective of whether those "analyses, forecasts, projections, assumptions, or estimates," pertain to the Lake City Contract's profitability.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications relating to historical, current, projected, or estimated costs under the Lake City Contract and each of its Predecessor Contracts, including fixed costs, variable costs, overhead costs, equipment costs, labor costs, raw materials costs, adjustments for costs, and any cost overruns. The time period for this Request is January 1, 2010 through the present.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 11:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications relating to costs savings on or the profitability of the Lake City Contract.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 12:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications relating to Orbital ATK's and Alliant's efforts to track and reduce costs at Lake City or achieve the "objective cost reduction" contemplated by the Lake City Contract, including all documents relating to the progress of such efforts and all documents forming the basis of, or relating to, Larson's August 10, 2016 statement that "the team has achieved more than one-half, to one-half to two-thirds of the objective cost reduction that the bid anticipated."

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 13:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this

action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and communications relating to the Merger or any other merger, acquisition, or transaction proposed or discussed between Orbital Sciences and Alliant, including all documents relating to:

- financial due diligence;

- documents provided by Alliant or Orbital Sciences to any financial institution, accounting firm, auditing firm, investment banking firm, or advisor;

- any presentations made by or on behalf of any third party to Orbital ATK or Alliant;

- any opinion from any investment banking firm;

- the Merger Agreement, the Merger Consideration and the Exchange Ratio, any negotiations and changes regarding the same, each company's board of directors' determination that the Merger and Exchange Ratio were fair, and each company's board of directors' recommendation that shareholders vote in favor of the Merger;

- meetings and communications between Alliant and Orbital Sciences, including each meeting and communication described in the Background to the Merger in the Joint Proxy;

- the appointment of the board of directors and management of Orbital ATK and Vista following the Merger;

- "Project Vista"; and

- the decision to make Lake City a part of Orbital ATK upon consummation of the Merger, rather than a part of Vista.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 14:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to

the needs of the case.  Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.  This request seeks *all* documents and communication relating to *any* transaction or potential transaction between Orbital Sciences and Alliant, irrespective of whether those documents or communications are related to the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications relating to the determination of the Exchange Ratio, including all analyses related thereto.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 15:**

Objecting Defendants object to this Request insofar as it seeks production of documents that are not relevant to the remaining claims in this action as narrowed by the Court's orders dated September 26, 2017 and March 2, 2018 and is not reasonably calculated to lead to the discovery of admissible evidence as to the remaining claims.  Objecting Defendants further object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.  This request seeks *all* documents and communications relating to the determination of the Exchange Ratio, irrespective of whether those documents or communications are related to the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and communications relating to the Internal Investigation, including:

- documents relating to the commencement and scope of the investigation;

- documents received or reviewed by any Orbital ATK employee or director in connection with the investigation;

- documents provided to or obtained by PwC, Deloitte, outside counsel, the Audit Committee's independent counsel, outside forensic accountants, or any other third party in connection with the investigation;

- interviews or statements (including transcripts, summaries, or notes thereof) taken or provided in connection with the investigation;

- communications regarding the investigation;

- documents relating to or forming the basis for any findings and conclusions resulting from the investigation, including all documents relating to the finding that "[c]ertain personnel at the Small Caliber Systems Division and, in some cases, Defense Systems Group, acted inappropriately and failed to adhere to the high standards established in the Company's policies and expected by senior management and the Board of Directors"; and

- documents relating to any action taken by Orbital ATK as a result of the investigation.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 16:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications reflecting or relating to any information that was "suppressed" or "not escalated appropriately to higher-level Company management or finance staff," as stated in the 2015 Form 10-KT/A.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 17:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 18:**

All documents drafted, prepared, reviewed, approved, or received by "higher-level Company management" (as that term is used in the 2015 Form 10-KT/A), the "finance staff" (as that term is used in the 2015 Form 10-KT/A), any of the individuals referenced in Request No. 27, PwC, Deloitte, or any third-party consultant relating to the Lake City Contract or any of its Predecessor Contracts.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 18:**

Objecting Defendants object to this request on the grounds that the terms "prepared," "reviewed," and "approved" are vague and ambiguous.  Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.  As drafted, this request essentially seeks every single document "drafted, prepared, reviewed, approved, or received" by a wide range of individuals that are related to the Lake City Contract or any Predecessor Contract, such as every single email that pertains to those contracts, irrespective of whether those documents are related to the Restatement, the anticipated revenue

from the Lake City Contract, or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications relating to the assessment that the "application of a prior accounting policy" was a contributing factor to the Restatement, as disclosed in an investor presentation filed with the SEC on Form 8-K on June 30, 2017.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 19:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and communications relating to the "bias toward maintaining a targeted profit rate," the "inappropriate use of management reserves to maintain the targeted profit rate," and the failures to "follow up and inquire further into indicators that cost overruns were occurring" referenced in the 2015 Form 10-KT/A.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 20:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications relating to how, when, or why Orbital ATK "[u]pgraded experience and professionalism of personnel in [its] finance organization,"

"expanded and intensified training program for personnel on controls and procedures," "terminate[d] responsible personnel," took "adverse compensation action for divisional managers," or "add[ed] supervision," as disclosed in an investor presentation filed with the SEC on Form 8-K on June 30, 2017.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 21:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications relating to Orbital ATK's "enterprise business optimization program," "working capital efficiency initiative," and "ongoing efforts to enhance accounting controls and oversight," referenced in the August 10, 2016 Form 8-K.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 22:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense. This request seeks *all* documents related to the identified programs, irrespective of whether those documents are related to the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and communications relating to the Restatement.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 23:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and communications relating to any deficiencies or weaknesses in Orbital ATK's, Alliant's, or Orbital Sciences' internal controls, including those referred to on pages 107-108 of the 2015 Form 10-KT and on pages 140-141 of the 2015 Form 10-KT/A.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 24:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  The request seeks documents concerning alleged deficiencies in Orbital ATK's internal controls even after the completion of the Merger between Orbital Sciences and Alliant, and alleged deficiencies unrelated to the Lake City Contract or the Restatement. Objecting Defendants further object to this Request insofar as it seeks production of documents that are not relevant to the remaining claims in this action as narrowed by the Court's orders dated September 26, 2017 and March 2, 2018 and is not reasonably calculated to lead to the discovery of admissible evidence as to the remaining claims.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and communications relating to any remedial measures defined, identified, or referenced in Orbital ATK's SEC Forms 10-K, 10-Q, 8-K, press releases, and public statements, including those referred to on page 108 of the 2015 Form 10-KT and on pages 141-142 of the 2015 Form 10-KT/A.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 25:**

Objecting Defendants object to this request on the grounds that the term "remedial measures" is vague and ambiguous.  Objecting Defendants also object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.  As drafted, this request seeks documents and communications relating to *all* remedial measures referenced in *any* of Orbital ATK's public statements, irrespective of whether those remedial measures are related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications relating to any actual or potential improper or inappropriate conduct by any Orbital ATK or Alliant employee regarding Lake City, the Lake City Contract, the Defense Systems Group, the Small Caliber Systems Division, the Sporting Group, or Orbital ATK's or Alliant's accounting or public disclosures.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 26:**

Objecting Defendants object to this request on the grounds that the term "improper or

inappropriate conduct" is vague and ambiguous.  Objecting Defendants also object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense. This request seeks all documents or communications relating to "actual potential improper or inappropriate conduct" regarding a wide range of topics, irrespective of whether that conduct is related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 27:**

All calendars, date books, or appointment books, reflecting activities related to Orbital ATK, Alliant, or Orbital Sciences, maintained by or for:

- each of the Individual Defendants;

- Chaplin, Cohen, Elias, Holiday, Jones, Kahn, Nolan, and Voci;

- each member of "senior management," as that term is used in the 2015 10-KT/A;

- each of the Specified Defense Systems Employees;

- each of the Specified Small Caliber Systems Employees; and

- each current or former Orbital ATK, Alliant, or Orbital Sciences employee identified in your Fed. R. Civ. P. 26(a)(1) disclosures.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 27:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  Objecting Defendants also object to this Request on the grounds that

having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.   This request seeks a wide range of documents, such as electronic calendar invitations, that are not related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 28:**

Documents sufficient to identify all personal and business phone numbers, email addresses, secretaries, or personal assistants for each individual referenced in Request No. 27.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 28:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.   Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.   The information requested, such as the personal phone numbers and secretaries or personal assistants for a wide range of individuals, is unrelated to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 29:**

All documents constituting or relating to any personnel files, employment agreements, termination agreements, non-disclosure agreements, and performance reviews of each individual referenced in Request No. 27.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 29:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this

action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.  This request seeks a wide range of employment-related documents, irrespective of whether those documents are related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 30:**

All documents and communications relating to the resignation, departure, termination, or cessation of employment or board duties at Orbital ATK, Alliant, or Orbital Sciences of each individual referenced in Request No. 27, including all documents relating to the reasons therefor.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 30:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.  This request seeks a wide range of employment-related documents, irrespective of whether those documents are related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 31:**

All documents and communications relating to DeYoung's decision not to stand for re-election for the Board of Directors of Orbital ATK, as referenced in ¶225 of the Amended Complaint.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 31:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 32:**

All documents and communications relating to any training, adverse compensation action, or additional supervision received by any individual referenced in Request No. 27, including all documents relating to the reasons therefor.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 32:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.  This request seeks a wide range of employment-related documents, irrespective of whether those documents are related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 33:**

For each person identified in Request No. 27, all documents and communications relating to:

- his or her duties and responsibilities;

- his or her compensation, bonuses, or stock awards;

- his or her holdings of, transactions in, pledge of, or use of collateral of any Orbital

ATK securities;

- restrictions on his or her ability to sell or transact Orbital ATK securities;

- severance or parachute payments made to him or her; and

- adverse employment actions against him or her, and any mediation or litigation related thereto.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 33:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense. For instance, the request for *all* documents and communications relating to the duties and responsibilities of a wide range of individuals, many of whom are (at best) tangentially related to the claims and defenses in this case, is simply not proportional to the needs of the case. The same is true for documents concerning the compensation and transactions of those individuals. Moreover, this request seeks a wide range of employment-related documents, irrespective of whether those documents are related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 34:**

All versions of the Lake City Contract and any Predecessor Contracts, including any accompanying documents, exhibits, amendments, or addendums. The time period for this Request is January 1, 2010 through the present.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 34:**

Objecting Defendants object to this Request on the grounds that the term "accompanying

documents" is vague and ambiguous.  Objecting Defendants also object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  In particular, this request seeks documents created before February 1, 2012, substantially increasing the burden on Objecting Defendants to locate responsive documents.

**REQUEST FOR PRODUCTION NO. 35:**

All documents and communications relating to PwC's or Deloitte's review of:

- the Lake City Contract and its Predecessor Contracts;

- revenue recorded under the Lake City Contract and its Predecessor Contracts;

- Orbital ATK's or Alliant's accounting policies;

- Orbital ATK's or Alliant's policy of excluding general and administrative losses from the measurement of forward losses on long-term contracts;

- Alliant's bid for the Lake City Contract; and

- Orbital ATK's or Alliant's internal controls or any material weaknesses in internal controls.

The time period for this Request is January 1, 2010 through the present.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 35:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.  This request seeks documents regarding a wide range of topics, such as *all* of Orbital ATK and Alliant's accounting policies or internal

controls, that are unrelated to the claims or defenses at issue.  In addition, this request seeks documents created before February 1, 2012, substantially increasing the burden on Objecting Defendants to locate responsive documents.

**REQUEST FOR PRODUCTION NO. 36:**

       All documents and communications relating to:

- the "competitive process" between PwC and Deloitte described in the March 2, 2015 Form 8-K;

- the dismissal of Deloitte as Orbital ATK's independent auditor in or around February 2015;

- the selection of PwC as Orbital ATK's independent auditor in or around February 2015;

- the audit committee's evaluation of PwC and Deloitte following the Restatement;

- the dismissal of PwC as Orbital ATK's independent auditor in or around May 2017;

- the selection of Deloitte as Orbital ATK's independent auditor in or around May 2017; and

- all disagreements Orbital ATK had with Deloitte or PwC.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 36:**

       Objecting Defendants object to this request on the grounds that the term "disagreements" is vague and ambiguous.  Objecting Defendants further object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.  This request seeks documents relating to Orbital ATK's auditors irrespective of whether those documents are

related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 37:**

Documents sufficient to show Orbital ATK's, Alliant's, and Orbital Sciences' insider trading policies and share ownership requirements for their directors, officers, or employees, and all documents relating to any actual or potential violations thereof.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 37:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  This request seeks documents relating to "actual or potential violations" of Orbital ATK's, Alliant's, and Orbital Sciences' insider trading programs, irrespective of whether those violations are related to related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 38:**

All documents relating to any meeting of Orbital ATK's, Alliant's, or Orbital Sciences' board of directors or any committee, or subcommittee, thereof (whether formal or informal), including minutes, board packages, exhibits, presentation materials, agendas, or notes of such meetings, and all communications regarding the same.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 38:**

Objecting Defendants object to this request on the grounds that the terms "board packages," "exhibits," and "informal [meeting]" are vague and ambiguous.  Objecting Defendants also object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to

the needs of the case.  Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.  This request seeks *all* documents related to *any* meeting of Orbital ATK's, Alliant's, or Orbital Sciences' board of directors or any committee or subcommittee thereof, irrespective of whether those documents are related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 39:**

Documents sufficient to show Orbital ATK's, Alliant's, and Orbital Sciences' Code of Ethics and Business Conduct or Orbital ATK's, Alliant's, and Orbital Sciences' Special Ethics Obligations of Employees with Financial Reporting Obligations, and all documents and communications relating to any actual or potential violations thereof.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 39:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  This request seeks documents relating to "actual or potential violations" of Orbital ATK's, Alliant's, and Orbital Sciences' insider trading programs, irrespective of whether those violations are related to related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 40:**

All documents exchanged between Orbital ATK or Alliant and the U.S. Army regarding Lake City, including all communications, negotiations, contracts, production status reports, production updates, projected revenues or costs, actual revenues or costs, proposals, and schedules. The time period for this Request is January 1, 2010 through the present.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 40:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.  This request seeks *all* documents exchanged between Orbital ATK or Alliant and the U.S. Army regarding Lake City, irrespective of whether those documents are related to the Restatement or the profitability of the Lake City Contract, which are the only aspect of the Lake City Contract at issue in this case.  In addition, this request seeks documents created before February 1, 2012, substantially increasing the burden on Objecting Defendants to locate responsive documents.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and communications related to pricing information for any ammunition produced for or sold to the U.S. Army or any other customer under the Lake City Contract or a Predecessor Contract.  The time period for this Request is January 1, 2010 through the present.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 41:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  In addition, this request seeks documents created before February 1, 2012, substantially increasing the burden on Objecting Defendants to locate responsive documents.

**REQUEST FOR PRODUCTION NO. 42:**

All documents and communications relating to any due diligence performed by Orbital Sciences concerning Lake City, the Lake City Contract, the Defense Systems Group, the Small Caliber Systems Division, or the Sporting Group, including all communications or documents exchanged between Orbital Sciences and Alliant regarding Lake City, the Lake City Contract, the Defense Systems Group, the Small Caliber Systems Division, or the Sporting Group.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 42:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.  This request seeks all documents related to Orbital Sciences due diligence concerning certain divisions of Alliant, irrespective of whether those documents are related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 43:**

All appraisals, analyses, opinions, reviews, or other documents concerning the value, market value, fair value, or inherent value of the stock or any of the assets or businesses of Alliant or Orbital Sciences.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 43:**

Objecting Defendants object to this request on the grounds that the terms "analyses," "opinions," and "value" are vague and ambiguous.  Objecting Defendants also object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is

neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.   Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.  This request seeks all documents concerning a wide range of topics, many of which are unrelated to the claims or defenses at issue.

**REQUEST FOR PRODUCTION NO. 44:**

All documents and communications relating to the "Summary Historical Financial Data" of Alliant, the "Summary Unaudited Pro Forma Condensed Consolidated Financial Information," and the "Equivalent and Comparative Per Share Information," as set forth in the Joint Proxy.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 44:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.   Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.  This request seeks a wide range of financial data irrespective of whether it is related to the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 45:**

All documents and communications regarding Orbital ATK's transactions or agreements with Vista.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 45:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly

burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense. This request seeks documents regarding a wide range of transactions and agreements irrespective of whether those documents are related to the related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 46:**

All communications between Orbital ATK and Vista regarding the Merger, Lake City, or the Lake City Contract.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 46:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense. This request seeks *all* communications between Orbital ATK and Vista regarding the Merger, irrespective of whether those documents are related to the Restatement or the profitability of the Lake City Contract, which are the only aspects of the Lake City Contract at issue in this case.

**REQUEST FOR PRODUCTION NO. 47:**

All documents and communications relating to all estimated "synergies" from the Merger, including the basis for all such estimates, any changes to such estimates and reasons

therefor, the realization of any such synergies, including any post-Merger financial documents comparing actual results to pre-Merger analyses, forecasts, projects, assumptions or estimates, or the public disclosure of any such synergies, and all communications relating to the same.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 47:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense. This request seeks documents and communications relating to estimated "synergies," irrespective of whether those documents are related to the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 48:**

All documents and communications relating to any potential or actual corporate mergers, acquisitions, or sales by Orbital ATK, Alliant, or Orbital Sciences.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 48:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense. This request seeks documents and communications relating to *any* potential or actual corporate mergers, acquisitions, or sales by

Orbital ATK, Alliant, or Orbital Sciences, irrespective of whether those documents are related to the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 49:**

Organizational charts and employee directories sufficient to identify Orbital ATK's, Alliant's, and Orbital Sciences' organization, officers, and management, including documents sufficient to identify the: (i) "[c]ertain personnel at the Small Caliber Systems Division and, in some cases, Defense Systems Group;" (ii) "some members of the Small Caliber Systems Division finance staff;" and (iii) "higher-level Company management or finance staff" as described on page 70 of the 2015 Form 10-KT/A.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 49:**

None.

**REQUEST FOR PRODUCTION NO. 50:**

Documents sufficient to show Orbital ATK's, Alliant's, and Orbital Sciences' document retention and preservation policies, guidelines, or procedures, and all documents relating to any actual or potential violations thereof.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 50:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.  This request seeks documents relating to *any* actual or potential violations of the policies at issue, irrespective of whether those violations are

related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 51:**

All documents and communications relating to the assessment or certification of financial statements or other information by Orbital ATK or Alliant officers or directors pursuant to the Sarbanes-Oxley Act of 2002, including policies, procedures, and controls for compliance with the Sarbanes-Oxley Act and Orbital ATK's or Alliant's disclosure controls and procedures.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 51:**

Objecting Defendants object to this request on the grounds that the term "other information" is vague and ambiguous. Objecting Defendants also object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense. As written, this request essentially seeks every single document related to Orbital ATK's or Alliant's financial statements and unspecified "other information," irrespective of whether those documents are related to the claims and defenses at issue, and consequently this request is plainly overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 52:**

All documents and communications relating to Orbital ATK's consultation with any public/investor relations advisors or other third parties in connection with Orbital ATK's public disclosures.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 52:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense. This request seeks *every* communication between Orbital ATK and *every* third party that is connected to *every* Orbital ATK public disclosure, irrespective of whether those communications or disclosures are related to the related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 53:**

All documents and communications relating to any comment letters received by Orbital ATK, Alliant, or Orbital Sciences from the SEC and responses thereto.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 53:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. This request seeks all documents related to every SEC comment letter issued to Orbital ATK, Alliant, or Orbital Sciences, irrespective of whether the comment letter at issue is related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 54:**

All documents and communications regarding any coverage of Orbital ATK, Alliant, or Orbital Sciences by securities analysts or the news media.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 54:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense. This request seeks *every* document and communication concerning *any* coverage of Orbital ATK, Alliant, or Orbital Sciences by *any* reporter or analyst, irrespective of whether those communications or disclosures are related to the related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 55:**

All documents and communications regarding any communications, conference calls, presentations, or meetings, including any agendas, talking points, scripts, or notes, with any Orbital ATK, Alliant, or Orbital Sciences shareholders, securities analysts, institutional investors, financial publications, news reporters, journalists, or investment bankers regarding Alliant, Orbital ATK, or Orbital Sciences.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 55:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense. This request seeks *any* document that is

related to *any* communication with a nearly limitless group of individuals, irrespective of whether those communications are related to the related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 56:**

All documents and communications regarding Orbital ATK's, Alliant's, or Orbital Sciences' share price, market capitalization, number of shareholders, volume of shares traded, or the value of any Orbital ATK, Alliant, or Orbital Sciences security, including all documents regarding any change in the price of Orbital ATK, Alliant, or Orbital Sciences common stock.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 56:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.  This request seeks *any* document that is related to a wide range of topics, irrespective of whether that information is related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 57:**

All documents and communications relating to Orbital ATK's and Alliant's monthly, quarterly, and annual accounting packages or analysis and supporting documentation, including final consolidated financial statements and revenue and profit results broken down by product and business area.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 57:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.  This request seeks *any* document that is related to a wide range of topics, irrespective of whether that information is related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 58:**

All documents and communications relating to Orbital ATK's or Alliant's impairment testing of goodwill for the Defense Systems Group, the Small Caliber Systems Division, the Sporting Group, and the long-lived assets within Lake City.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 58:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.   This request seeks documents and communications relating to goodwill testing across several different segments of Orbital ATK or Alliant, irrespective of whether that goodwill testing was related to the Restatement or the claims and defenses at issue.

**REQUEST FOR PRODUCTION NO. 59:**

All documents and communications relating to the Prior Restatement.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 59:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  As the court recognized in its September 26, 2017 opinion, the Prior Restatement and the Restatement "addressed different problems," and consequently the Prior Restatement is unrelated to the Restatement and the claims and defenses at issue here.

**REQUEST FOR PRODUCTION NO. 60:**

All documents and communications relating to the preparation, content, review, approval, ratification, or submission (including drafts, markups, redlines, notes, comments, or versions) of all public disclosures or statements referenced in the Amended Complaint by Orbital ATK, Alliant, or Orbital Sciences, including the Joint Proxy.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 60:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  Objecting Defendants also object to this Request on the grounds that having to collect, review, and produce the required documents would subject Defendants to oppression, harassment, and unreasonable expense.  This request seeks *any* document that is related to *any* communication with a nearly limitless group of individuals, irrespective of whether those communications are related to the related to the Restatement or the claims and

41

defenses at issue.

**REQUEST FOR PRODUCTION NO. 61:**

All documents relating to each statement alleged to be false and misleading in the Amended Complaint, at ¶¶64-67, 69-71, 73-75, 77-79, 81-85, 87-90, 92-94, 96, 98-99, 101-102, 104-105, 107-108, 110-111, 113-114, 116-121, 270-279, including documents that support or refute each of those statements.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 61:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.  This request seeks *all* the documents that are related in any way to every allegedly false statement identified in the complaint.  Objecting Defendants further object to this Request insofar as it seeks production of documents that are not relevant to the remaining claims in this action as narrowed by the Court's orders dated September 26, 2017 and March 2, 2018 and is not reasonably calculated to lead to the discovery of admissible evidence as to the remaining claims.

**REQUEST FOR PRODUCTION NO. 62:**

All documents supporting or relating to any of your affirmative or other defenses set forth in your Answer to the Amended Complaint.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 62:**

Objecting Defendants object that this request is premature insofar as discovery is just beginning and Objecting Defendants have not identified all documents which they may rely in support of their affirmative defenses.  Objecting Defendants also object to this Request on the

grounds that having to collect, review, and produce all documents "related" in any conceivable way to the affirmative defenses would subject Defendants to oppression, harassment, and unreasonable expense.

**REQUEST FOR PRODUCTION NO. 63:**

All documents identified in your Fed. R. Civ. P. 26(a)(1) disclosures.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 63:**

Objecting Defendants object to this request insofar as it purports to require disclosures beyond those provided for in Fed. R. Civ. P. 26(a)(1)(A)(ii).

**REQUEST FOR PRODUCTION NO. 64:**

All liability insurance policies carried by Orbital ATK, Alliant, the Individual Defendants, or any other directors or officers of Orbital ATK.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 64:**

Objecting Defendants object to this request insofar as it purports to require disclosures beyond those provided for in Fed. R. Civ. P. 26(a)(1)(A)(iv).

**REQUEST FOR PRODUCTION NO. 65:**

All documents regarding any indemnification agreements between Orbital ATK and any of the Individual Defendants, including agreements to assume liability, agreements to assume the defense, and joint defense agreements made by Defendants, any insurer for Defendants, or any other entities that may be financially affected by the claims in this action.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 65:**

Objecting Defendants object to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action, reasonably calculated to lead to the discovery of admissible evidence, nor proportional to

the needs of the case, insofar as that this request calls for more than documents sufficient to show

the indemnification agreements relevant to the claims and defenses in this action.

Dated:  March 21, 2018                       Respectfully submitted,
         Washington, D.C.

                                   COOLEY LLP

                                   */s/ Lyle Roberts*
                                   Lyle Roberts (Va. Bar No. 45808)
                                   George E. Anhang (*pro hac vice*)
                                   Daniel Sachs (*pro hac vice*)
                                   1299 Pennsylvania Avenue, N.W., Suite 700
                                   Washington, DC  20004-2400
                                   Telephone (202) 842-7800
                                   Facsimile (202) 842-7899
                                   lroberts@cooley.com
                                   ganhang@cooley.com
                                   dsachs@cooley.com

                                   *Counsel for Defendants Orbital ATK, Inc.,*
                                   *David W. Thompson, Garrett E. Pierce, Blake*
                                   *E. Larson, and Hollis Thompson*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of March 2018 a true and correct copy of the

foregoing was served via e-mail on all counsel of record.

COOLEY LLP

_____*/s/ Lyle Roberts*_____
Lyle Roberts (Va. Bar No. 45808)
1299 Pennsylvania Avenue, N.W., Suite 700
Washington, DC  20004-2400
Telephone (202) 842-7800
Facsimile (202) 842-7899
lroberts@cooley.com

*Counsel for Defendants Orbital ATK, Inc., David*
*W. Thompson, Garrett E. Pierce, Blake E. Larson,*
*and Hollis Thompson*

**THE OFFICE OF CRAIG C. REILLY**
Craig C. Reilly
111 Oronoco Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-2604
craig.reilly@ccreillylaw.com
*Liaison Counsel*

**ROBBINS GELLER RUDMAN & DOWD LLP**
James E. Barz
Frank A. Richter
200 South Wacker Dr., 31st Floor
Chicago, IL 60606
Telephone: (312) 674-4674
Facsimile: (312) 674-4676
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

Samuel H. Rudman
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (631) 367-7100

**KIRKLAND & ELLIS**
Michael A. Petrino
655 Fifteenth St., NW
Washington, DC 20005
Telephone: (202) 879-5000
michael.petrino@kirkland.com

Shireen A. Barday
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-6418
Facsimile: (212) 446-6460
shireen.barday@kirkland.com

Joshua Z. Rabinowitz
300 N. LaSalle St.
Chicago, IL 60654
Telephone:  (312) 862-2284
Facsimile: (312) 862-2200
jrabinovitz@kirkland.com
*Counsel for Defendant Mark DeYoung*

45

Facsimile: (631) 367-1173
srudman@rgrdlaw.com


Kathleen B Douglas
Maureen E. Mueller
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone:  (561) 750-3000
Facsimile:  (561) 750-3364
kdouglas@rgrdlaw.com
mmueller@rgrdlaw.com


John C. Herman
Peter M Jones
3424 Peachtree Road, NE, Suite 1650
Atlanta, GA  30326
Telephone: (404) 504-6500
Facsimile:  (404) 504-6501
jherman@rgrdlaw.com
pjones@rgrdlaw.com
*Counsel for Lead Plaintiff*