IN THE UNITED STATES DISTRICT CIRCUIT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

STEVEN KNURR, et al.,             )
                                    )
                 Plaintiff,      )     Civil Action No.: 1:16-cv-01031-TSE-MSN
                                    )
          v.                )     <u>CLASS ACTION</u>
                                    )
ORBITAL ATK, INC., *et al.*,     )
                                    )
               Defendants.    )
                                    )
                                    )

**DEFENDANT ORBITAL ATK, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES**

Defendant Orbital ATK, Inc., (the "Company") hereby opposes Lead Plaintiff Construction Laborers Pension Trust of Greater St. Louis and Named Plaintiff Wayne County Employees' Retirement System's (collectively, "Plaintiffs") Motion to Compel (the "Motion") Supplemental Responses to Plaintiffs' Interrogatories as set forth below.

## I.      INTRODUCTION

Plaintiffs' Motion unnecessarily burdens the Court with a dispute regarding Plaintiffs' Interrogatories.  The Company disclosed the Restatement at issue in this case in February 2017, and more than a year later Plaintiffs propounded Interrogatories seeking additional information regarding that disclosure.  Plaintiffs could have crafted interrogatories designed to elicit specific information about the Restatement, but instead, propounded vague Interrogatories generally seeking "the basis for and facts supporting" certain of the senior management and Audit Committee's findings.

As to the two Interrogatories at issue in this Motion, the Company provided more than *seven pages* worth of responses, and later supplemented that information via meet and confer

conferences between the parties.  Dissatisfied with these responses, Plaintiffs served a second, more specific set of interrogatories seeking additional information about the Restatement. Rather than await responses to their newly propounded interrogatories, or even ask their questions at the Rule 30(b)(6) deposition scheduled on May 8, 2018 (just days after the hearing on this Motion), Plaintiffs filed the instant Motion.

Plaintiffs' Motion does not demonstrate a basis to compel further responses from the Company for two simple reasons.  First, Interrogatory No. 1 does not, on its face, call for the information that Plaintiffs seek by this Motion.  Second, as to Interrogatory No. 3, the Company has provided the information available to it based upon a reasonable search, and the specific additional information requested in this Motion does not exist (as the Company has already informed Plaintiffs in the meet-and-confer process).  For these reasons, and as more fully set forth below, Plaintiffs' Motion fails to show any entitlement to relief, and it should be denied.

## II.    RELEVANT FACTUAL BACKGROUND

On February 24, 2017 the Company filed an amended Form 10-KT (the "Restatement") that restated certain of its financial results and disclosed the conclusions of its senior management and Audit Committee based on an internal investigation.  On October 10, 2017, Plaintiffs filed the operative complaint.  On March 6, 2018, more than one year after the Company filed the Restatement, Plaintiffs propounded their first set of interrogatories to the Company ("Interrogatories") (Ex. A), seeking information regarding the disclosures in the Restatement.[1] Pursuant to an agreement with Plaintiffs, and after serving its Objections, the Company served its "Interrogatory Responses" on April 6, 2018.  (ECF No. 147-1) ("Interrogatory Responses.")

---

[1] Plaintiffs served their Interrogatories upon the Company, but not upon Defendants David W. Thompson, Garrett E. Pierce, Blake E. Larson and Hollis M. Thompson, (the "Individual Defendants") and therefore the Individual Defendants were not party to the Company's response. Plaintiffs' counsel has since confirmed that the Motion is directed only to the Company, and therefore the Individual Defendants are not party to the instant Motion.

The Company provided detailed and accurate Interrogatory Responses.  Specifically, Interrogatory No. 1. asks the Company to "Identify the basis for and facts supporting the [four] conclusions" in the Restatement.[2]  In response, the Company provided nearly five full pages with specific facts and bases for each of the four highlighted conclusions.  *Id*. at 2-7.  Similarly, Interrogatory No. 3. asks the Company to "Identify and describe all 'negative information [that] was suppressed' and all 'concerns at the Small Caliber Systems Division about cost overruns [that] were not escalated appropriately to higher-level Company management or finance staff,'" as disclosed in the Restatement.  *Id*. at 8.  The Company identified and described the information that was suppressed and not escalated, including noting that "what was not communicated to corporate management was the aggregate impact that these cost overruns were having on the long-term profitability of the Lake City Contract . . ." *Id*. at 9 n.3.

Although the Interrogatory Responses were in full compliance with Fed. R. Civ. P. 33, and the Company was not required to provide any additional information, counsel for the Company nevertheless agreed to work with Plaintiffs to address any additional, reasonable requests for relevant information.  Accordingly, in response to certain requests from Plaintiffs, on April 23, 2018, the Company provided additional information regarding its interrogatory responses, including confirming in writing the names of the six individuals whose conduct is referred to in Interrogatory No. 1.

Two days later, Plaintiffs propounded a second set of Interrogatories to the Company ("Second Interrogatories") (Ex. B), and a first set of Interrogatories to the Individual Defendants. The Second Interrogatories include Interrogatory No. 16, which asks all Defendants to "Identify

---

[2] Interrogatory No. 1 contains four discrete sub-parts, and the Company timely objected to the compound nature of this and other interrogatories.  Defendants reserve the right to take the position that the First and Second Interrogatories to the Company have more than exhausted Plaintiffs' allotment of interrogatories.  *See* ECF No. 101.

all persons" who raised concerns relating to the conclusions referenced in Interrogatory No. 1, and Interrogatory No. 19, which states, "with regard to your Response to Interrogatory No. 3, identify and explain which of the specified cost overruns were "suppressed" or "not escalated appropriately to higher-level Company management or finance staff." (Ex. B at 6-7.)  In response to Plaintiffs' insistence that the specific topics in Interrogatory No. 19 are also covered in Interrogatory 3 (even though they plainly are not), and in an effort to avoid any unnecessary motions practice, the Company met and conferred with Plaintiffs on this issue on April 26.  The Company informed Plaintiffs that the information they are seeking does not exist (i.e., that the Company has never identified which specific cost overruns were "suppressed" or "not escalated.")  Nevertheless, Plaintiffs went ahead and filed the instant Motion to Compel Supplemental Responses to Plaintiffs' Interrogatories (the "Motion"), which seeks to compel the Company to provide the same information that is sought by the Second Interrogatories, and in the cases of Interrogatories 3 and 19, Plaintiffs have already been informed does not exist.

## III.    LEGAL STANDARD

A corporation need only respond to any interrogatory directed to it based upon "the information available to [the corporation]."  *Fed. R. Civ. P.* 33(b)(1)(B); *Cannata v. Catholic Diocese of Austin St. John Neumann Catholic Church,* 2011 WL 221692 at *1 (W.D. Tex. Jan. 21, 2011) ("In responding to interrogatories, parties must 'furnish such information responsive to the interrogatories as is available through reasonable efforts.'"). In addition, "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Fed. R. Civ. P*. 26(b)(2)(C)(i).

## IV.   ARGUMENT

### a.  The Company's Response to Interrogatory No. 1 is Sufficient

Plaintiffs' Motion fails to demonstrate that the Company's Response to Interrogatory No.
1 is deficient.  As an initial matter, the Company's Interrogatory Response No. 1 complies with
the terms of Plaintiffs' request.  As set forth above, Plaintiffs' Interrogatory No. 1 asks the
Company to "Identify the basis for and facts supporting [four] conclusions" quoted from the
Restatement.  Plaintiffs define "Identify" as a term of art in the Definitions section of the
Interrogatories depending on whether the command is directed "with respect to persons,[3]" or
"with respect to documents.[4]"  Interrogatory No. 1, however, does not direct the Company to
*Identify* persons, documents or any other form of information sought by the instant Motion.
Plaintiffs had more than one year from the filing of the Restatement to determine what specific
information about the Company's disclosures they needed for this Action and could have crafted
targeted interrogatories designed to elicit such facts.  Instead, Interrogatory No. 1 merely asks the
Company to Identify "the basis for and facts supporting" certain conclusions in the Restatement.
There is no dispute that the Company has done just that in the nearly six full pages' worth of
responses to Interrogatory No. 1.  *See* ECF No. 147-1 at 2-7.  Plaintiffs' Motion cannot obligate
the Company to provide responses beyond what is called for on the face of their Interrogatories.[5]

---

[3] "'Identify,' with respect to persons, means to give, to the extent known, the individual's full
name, present or last known address, present or last known email address, and, when referring to
a natural person, additionally, the present or last known place of employment. Once an
individual has been identified in accordance with this subparagraph, only the name of that
individual need be listed in response to subsequent discovery requesting the identification of that
individual."  Ex. A at 2.

[4] "'Identify,' with respect to documents, means to give, to the extent known, the (a) type of
document; (b) general subject matter; (c) date of the document; and (d) author(s), addresse(s) and
recipient(s)."  Ex. A at 3.

[5] To the extent Plaintiffs wanted Defendants to identify individuals in response to Interrogatory
No 1, they could have explicitly asked for that information.  Indeed Interrogatory No. 2 asks
Defendants to "Identify, and describe the roles and responsibilities of [certain] persons or

*See Batts v. Cty. of Santa Clara*, 2010 WL 545847 at \*4 (N.D. Cal. Feb. 11, 2010) (affirming denial of motion to compel identification of employees other than doctors or nurses where "on its face, the interrogatory only requires Defendant to produce a list of doctors and nurses").

Plain language aside, the Company provided additional information in response to Interrogatory No. 1, despite being under no obligation to do so.  The Company informed Plaintiffs that the six individuals named in Interrogatory Response No. 2. are the individuals whose conduct is referred to in the Restatement language quoted in Interrogatory No. 1.[6] Plaintiffs still were not satisfied  — the information they are apparently seeking is "who suppressed information and from whom."  (Motion at 6.)  Regardless of whether interrogatories are the appropriate discovery device for such a request, Interrogatory No. 1, on its face, does not call for this information.

Plaintiffs' Motion cites to decisions analyzing interrogatories that explicitly request the identification of individuals or persons, and therefore are inapposite.  For example, the court in *Lynn v. Monarch Recovery Mgmt. Inc.*, 285 F.R.D. 350, 359 (D. Md. 2012) analyzed an interrogatory that stated "Identify fully all persons who approved the making of the calls [sic] on your behalf."  This wording, in contrast to Plaintiffs' Interrogatory No. 1, clearly seeks the identity of "persons."  *See also Lacroix v. City of Portsmouth*, 2014 WL 12547259 at \*2 (E.D. Va., Oct. 24, 2014) (requiring a "more responsive answer" to an interrogatory that sought "specific instances where any Plaintiff participated in the promotion, demotion, or discharge of another employee since 2005."); *U.S. EEOC v. McCormick & Schmick's Seaford Rests.*, 2012

---

entities," and Defendants' Interrogatory Responses No. 2 provides the names and relevant information for the applicable individuals.

[6] For this reason, Plaintiffs' suggestion that the Company's response is designed to gain a strategic advantage in ongoing discovery disputes (*see* Motion at 7) is entirely inaccurate.  All six individuals are custodians for purposes of ESI collection in this Action, and Plaintiffs have been provided with the contact information for their individual counsel.

U.S. Dist. LEXIS 92157 at *13-17 (D. Md. July 2, 2012) (analyzing responses to interrogatories

that request defendants to "identify individuals"); *Beckman v. T.K. Stanley Inc*., U.S. Dist.

LEXIS 43990 at *3-*11 (N.D. W.Va. Mar. 29, 2012) (assessing interrogatory responses that

request "the name . . . of each and every person who has knowledge…").

        In addition, Plaintiffs' decision to issue the Second Interrogatories confirms this result.

As described above, after the Company provided its Interrogatory Responses, and then

supplemented them to identify the individuals relating to the conclusions referenced in

Interrogatory No. 1, Plaintiffs nevertheless propounded the Second Interrogatories.  Included in

the second set is Interrogatory No. 16, which asks the Company to "Identify all persons" who

raised concerns comparable to those that are discussed in Interrogatory No. 1.  By propounding

new interrogatories that seek the information Plaintiffs seek in the instant Motion, Plaintiffs

implicitly concede that this information was not sought in Interrogatory No. 1.[7]

### b.  The Company Provided Information Responsive to Interrogatory No. 3 That Exists

        Plaintiffs' Motion also fails to justify compelling any further response to Interrogatory

No. 3.  Interrogatory No. 3 asks the Company to "Identify and describe[8] all 'negative information

[that] was suppressed' and all 'concerns . . . about cost overruns [that] were not escalated

appropriately . . . as reported in the [Restatement.]"  The Company directly responded to this

request[9], stating that "the aggregate impact that cost overruns were having on the long-term

---

[7] The alternative conclusion is Plaintiffs have knowingly submitted discovery requests that are "cumulative or duplicative," which "on motion or on its own, the court must limit" pursuant to *Fed. R. Civ. P*. 26(b)(2)(C).  The Company will respond to the Second Interrogatories, subject to its objections, with the responsive information reasonably available to it in accordance with the requirements of *Fed. R. Civ. P*. 33.

[8] "Describe" is not a defined term.

[9] Even Plaintiffs are forced to acknowledge that the Company provided "some information" in response.  Mot. at 8.  Plaintiffs cannot rely on an overly broad interrogatory as a basis for

profitability of the Lake City Contract" was not communicated to corporate management. *Id*. at 9 n.3. As support for this conclusion, the Company's responses to Interrogatories 1 and 3 identify specific instances of failures to achieve cost reductions. (*See* ECF 147-1 at 3-4, 8-10.)[10]

Dissatisfied with this response, Plaintiffs ask for a more detailed identification of the information that was suppressed, and baldly assume that senior management and the Audit Committee reached conclusions as part of the Restatement as to whether each category of cost overrun was appropriately escalated, and which individuals were responsible for the failure to escalate concerns about each category. Mot. at 8. As Plaintiffs have been informed, however, the Company did not provide this information because it does not exist.[11]

As disclosed to Plaintiffs, in preparing the Interrogatory Responses, the Company and its counsel conducted a reasonable search for information responsive to Plaintiffs' request. This search included discussions with key Company personnel involved in preparing the Restatement. Although the Restatement concluded that the conduct of certain individuals had the effect of suppressing information and failing to escalate concerns regarding cost overruns for the Lake City Contract, senior management and the Audit Committee did not endeavor to determine which concerns regarding which specific cost overruns may have been suppressed (or not

---

compelling continuously more detailed interrogatory responses about cost overruns given that other discovery devices are better suited for such questions. *See Hilt v. SFC Inc*., 170 F.R.D. 182, 186 (D. Kan. 1997) (deeming overly broad and unduly burdensome interrogatories that "ask not merely for material or principal facts [but those that] seek 'each and every fact' supporting [an issue] no matter how insignificant or minor,"; *see also Quintana v. Randstad US, L.P*., 2016 WL 9451354 at *4 (E.D. Va. May 2, 2016) (Anderson, M.J.) (denying motion to compel with respect to overly broad interrogatory and instead affirming requirement to provide a Rule 30(b)(6) deponent with sufficient knowledge regarding the interrogatory).

[10] To the extent Plaintiffs also wish to know "which individuals raised the [un-escalated] concerns" (Motion at 8), Interrogatory No. 3 fails to request an identification of such persons and, as with Plaintiffs' request concerning Interrogatory 1, Plaintiffs' Motion cannot obligate the Company to provide responses beyond what is called for on the face of their Interrogatories. *See supra*.

[11] The Company informed Plaintiffs on a meet/confer call in the evening of April 26, 2018 that this information does not exist. *See supra*.

escalated) by specific individuals.  To the extent Plaintiffs want to ask more specific questions about the factual bases for the senior management and Audit Committee's findings in the Restatement, they will have the opportunity to do so at the upcoming deposition they have noticed under Fed. R. Civ. P. 30(b)(6).  *See Cambria Co. LLC, v. Pental Granite and Marble Inc*., 2013 WL 12147608 at \*2 (D. Minn. Oct. 17, 2013) (denying motion to compel further interrogatory response because discovery regarding information sought is "more appropriate for 30(b)(6) deposition.").

The Company cannot be compelled to provide any further response given that it has adequately searched for reasonably available information and determined "that the information requested either does not exist or that it has been produced."  *White v. Deere & Co.,* 2015 WL 1385210 at \*6 (D. Colo. Mar. 23, 2015) ("Having no additional evidence before it suggesting that additional, reasonably available information [sought] exists, the court will not order a further response at this time."); *Keaton v. Hannum*, 2013 WL 4481889 at \*3 (S.D. Ind. Aug. 19, 2013) (denying motion to compel because "the Court cannot compel further production without further evidence that the response was incomplete.").

## V.     CONCLUSION

For the reasons described herein, the Company respectfully requests that the Court deny Plaintiffs' Motion.

Dated:  May 2, 2018                                    Respectfully submitted,

                                                       SHEARMAN & STERLING


                                                        */s/ Lyle Roberts*
                                                       Lyle Roberts (Va. Bar No. 45808)
                                                       George Anhang (*pro hac vice*)
                                                       Daniel Sachs (*pro hac vice*)
                                                       401 9th Street, N.W.

Suite 800
Washington, DC 20004
Telephone: (202) 508-8000
Facsimile: (202) 508-8100
lyle.roberts@shearman.com
george.anhang @shearman.com
daniel.sachs@shearman.com

Daniel C. Lewis (*pro hac vice*)
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
daniel.lewis@shearman.com

*Counsel for Defendants Orbital ATK, Inc.,*
*David W. Thompson, Garrett E. Pierce, Blake*
*E. Larson, and Hollis Thompson*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of May 2018, a true and correct copy of the foregoing was served via CM/ECF filing on all counsel of record.


   */s/ Lyle Roberts*
Lyle Roberts (Va. Bar No. 45808)
401 9th Street, N.W.
Suite 800
Washington, DC 20004
Telephone: (202) 508-8000
Facsimile: (202) 508-8100
lyle.roberts@shearman.com

*Counsel for Defendants Orbital ATK, Inc.,*
*David W. Thompson, Garrett E. Pierce, Blake*
*E. Larson and Hollis Thompson*