UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Virginia

| | |
|---|---|
| STEVEN KNURR, *Individually and on Behalf of All Others Similarly Situated*, | ) ) ) |
| *Plaintiff*, | ) ) |
| v. | )   No. 1:16-cv-01031-TSE-MSN |
| ORBITAL ATK, INC., *et al.*, | ) ) ) |
| *Defendants*. | ) ) |

**BRIEF IN SUPPORT OF MOTION TO SEAL**

Lead Plaintiff moves for leave to file a redacted brief and redacted exhibits (Doc. 175) under seal (***filed under seal as*** Doc. 176). *See* E.D. VA. CIV. R. 5(C). Lead Plaintiff seeks to seal those materials solely because Defendants have asserted that this information is confidential. As explained below, the sealing motion should be granted.

**I.    THE PROCEDURAL REQUIREMENTS FOR SEALING HAVE BEEN MET.**

Under the local rules, a party may file a motion to seal together with the proposed sealed filings. E.D.VA.CIV.R 5(C). Thereafter, the Court will determine whether the sealing or redactions are proper. Lead Plaintiff follows that practice in this motion.

Under Fourth Circuit law, the district court must do the following prior to sealing any court records:

> (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). Each procedural requirement has been met here by Lead Plaintiff's sealing motion.

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *Id*. In accordance with Local Civil Rule 5(C) procedures, this sealing motion has been publicly docketed in advance of any sealing ruling, satisfying the first requirement.

To satisfy the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. Here, Lead Plaintiff has used limited sealing measures—*viz.*, redacting the brief sealing the exhibits, but not sealing its entire filing—which the Court should find is proper.

To satisfy the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard—either the First Amendment or common law. Here, Lead Plaintiff filed these materials under seal solely because Defendants marked them as "confidential" under the protective order. Under Local Civil Rule 5(C), "When a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion complying with the requirements of [Local Civil Rule 5(C)] (2), (3), and (4) … along with a proposed order." E.D.VA.CIV.R. 5(C). Therefore, the requisite showing must be made by Defendants.

## CONCLUSION

Accordingly, since the procedural requirements have been satisfied, and assuming that Defendants respond and make the requisite showing to overcome the public right of access, the Court should grant the motion to seal.

Respectfully submitted, this 15th day of June 2018.

/s/ Craig C. Reilly
Craig C. Reilly (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
T: 703/549-5354
F: 703/549-5355
E: craig.reilly@ccreillylaw.com
*Liaison Counsel for Lead Plaintiff*

ROBBINS GELLER RUDMAN
& DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)


ROBBINS GELLER RUDMAN
& DOWD LLP
JAMES E. BARZ
FRANK RICHTER
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

ROBBINS GELLER RUDMAN
& DOWD LLP
MAUREEN E. MUELLER
KATHLEEN B. DOUGLAS
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

ROBBINS GELLER RUDMAN
& DOWD LLP
JOHN C. HERMAN
PETER M. JONES
Monarch Tower, Suite 1650
3424 Peachtree Road, N.E.
Atlanta, GA 30326
Telephone: 404/504-6500
404/504-6501 (fax)
*Lead Counsel for Plaintiff*

VANOVERBEKE MICHAUD &
TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)
*Additional Counsel for Plaintiff Wayne County
Employees' Retirement System*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2018, I filed the foregoing pleading or paper through the

Court's CM/ECF system, which sent a notice of electronic filing to all registered users.

>*/s/  Craig C. Reilly*
>Craig C. Reilly (VSB # 20942)
>111 Oronoco Street
>Alexandria, Virginia 22314
>T:  703/549-5354
>F: 703/549-5355
>E: craig.reilly@ccreillylaw.com
>*Liaison Counsel for Lead Plaintiff*