# EXHIBIT A

```
                                                                  1
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                         ALEXANDRIA DIVISION

STEVEN KNURR, Individually        .   Civil Action No. 1:16cv1031
and On Behalf of All Others       .
Similarly Situated; and           .
CONSTRUCTION LABORERS PENSION     .
TRUST OF GREATER ST. LOUIS,       .
                                  .
              Plaintiffs,         .
                                  .
    vs.                           .   Alexandria, Virginia
                                  .   May 4, 2018
ORBITAL ATK, INC., et al.,        .   10:12 a.m.
                                  .
              Defendants.         .
                                  .
 . . . . . . . . . . .

                   TRANSCRIPT OF MOTION HEARING
            BEFORE THE HONORABLE MICHAEL S. NACHMANOFF
                  UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

FOR THE PLAINTIFFS:               KATHLEEN B. DOUGLAS, ESQ.
                                  Robbins Geller Rudman & Dowd LLP
                                  120 East Palmetto Park Road
                                  Suite 500
                                  Boca Raton, FL 33432
                                    and
                                  JOHN C. HERMAN, ESQ.
                                  Robbins Geller Rudman & Dowd LLP
                                  3424 Peachtree Road, N.E.
                                  Suite 1650
                                  Atlanta, GA 30326
                                    and
                                  CRAIG C. REILLY, ESQ.
                                  Law Office of Craig C. Reilly
                                  111 Oronoco Street
                                  Alexandria, VA 22314


             (APPEARANCES CONT'D. ON PAGE 2)

                      (Pages 1 - 61)

(Proceedings recorded by electronic sound recording, transcript
 produced by computerized transcription.)
```

7

1    people. While that affirmative defense does not specifically
2    reference the internal investigation, it's undoubtedly related
3    to that. And more recently, they've been attempting to
4    diminish the internal investigation's findings in their
5    interrogatory responses.
6           So, Your Honor, the fairness requires that, you know,
7    we're entitled to these documents because they've waived the
8    subject matter of them by putting them in the public realm and
9    in this case.
10          THE COURT: Then tell me exactly what it is that
11   you're seeking. Are you seeking all documents, or do you
12   believe that they can validly withhold opinion work product, or
13   do you believe that they have waived it as to everything?
14          MS. DOUGLAS: Well, Your Honor, we believe that
15   they've, you know, they've done subject matter waiver in regard
16   to any sort of opinion work product. We feel that that has
17   actually already been waived.
18          They stated that they did disclose some sort of
19   information regarding their, you know, internal impressions, I
20   believe, with the SEC, but what we're really looking for here,
21   Your Honor, is, you know, the witness interview memorandum.
22   They've, you know, already stated that they've disclosed that
23   information to the SEC. It's the underlying data for the
24   internal investigation's public findings, so we're really
25   entitled to that.

1  have the ability, you know, to figure out what actually of that
2  is opinion work product and what isn't.
3          So that would be one suggestion, but I really think
4  the written witness statements, as to that, Your Honor, we
5  really feel that that has been waived and we are entitled to
6  those documents.
7          THE COURT:  Thank you.
8          MR. ANHANG:  Thirty seconds?
9          THE COURT:  You can speak for more than 30 seconds.
10         MR. ANHANG:  I can confirm that there's currently
11 scheduled a Rule 30(b)(6) deposition of a corporate
12 representative of Orbital ATK for this Tuesday.  There was an
13 extensive oral meet-and-confer on that issue in which I
14 participated, and I know what I said, and I made it clear that
15 there were aspects of the investigation that the corporate
16 representative would be prepared to talk about consistent with
17 the company's public disclosures to its investors that I think
18 we all would have to agree the company not only made but was
19 required to make and didn't waive any privilege or work product
20 protections in making.
21         So it is a straw man for the plaintiffs' counsel now
22 to suggest that, quote, we won't talk about the investigation.
23 That's simply not true.
24         Secondly, Your Honor, we continue to think that *Royal
25 Ahold* in some respects supports our position strongly, and in

1        In a substantial completion world, we did not
2   understand there to be a requirement that a log be produced for
3   everything by May 1, and I don't think the plaintiffs
4   understood that either, Your Honor.
5        THE COURT: Let's assume for a moment that I'm not
6   persuaded by your arguments and I believe that the plaintiffs
7   are entitled to some documents that they have not yet received.
8   I believe you've made an argument that whatever notes were
9   prepared during this internal investigation of witness
10  interviews were so intertwined with mental impressions and
11  attorney work product that they should not be turned over
12  perhaps even in a redacted form, or do I misunderstand what
13  you've said to me before?
14       MR. ANHANG: Well, I think that under a 502(a)
15  analysis, early evidence 502, as well as all the cases on work
16  product waiver and nonwaiver, including opinion work product
17  waiver and nonwaiver, I don't think the circumstances here
18  justify a finding that there's been a waiver of any form of
19  work product by the failure to produce a log by May 1, Your
20  Honor.
21       And this is an issue I would submit has not been
22  briefed, Your Honor, and we would welcome the opportunity -- if
23  Your Honor sees the issue here as coming down to the -- to
24  privilege log, and in their reply, instructively, Your Honor,
25  the plaintiffs --

55

1  recess. I will try and come to some conclusions and rule from
2  the bench shortly, but I hate to prolong this, we all have many
3  other things to do today, but I think we'll be better served if
4  I take a few minutes to collect my thoughts.
5         Court will be in recess.
6         (Recess from 11:26 a.m., until 11:40 a.m.)
7         THE COURT: This matter comes before the Court on
8  plaintiffs' motion to compel with regards to documents related
9  to the internal investigation. I have listened to the
10 arguments of counsel and reviewed the pleadings and tried my
11 best to understand the issues here. I find that the motion
12 should be granted.
13        Claims of privilege are disfavored. They shield
14 evidence from the truth-seeking process. The party asserting
15 privilege has the burden to show specifically why information
16 should be withheld.
17        The first question that the Court has examined is
18 whether or not the information sought was created in
19 anticipation of litigation. Litigation, of course, is always
20 possible, especially in these circumstances, but it's clear
21 that in this circumstance, Orbital had other independent
22 reasons reflected in their own documents for conducting this
23 investigation.
24        I find that the *Royal Ahold* case is on point in many
25 respects. I have looked carefully at the defendants' arguments

56

1 and cases and at their emphasis on Federal Rule of Evidence
2 502(a), and I do not find that it precludes turning over
3 information sought.
4 However, I find -- and plaintiff has conceded that
5 this case is really about -- this matter is really about a
6 limited request for witness interviews if such documents exist,
7 and this motion is being granted based on that narrowed
8 request.
9 I find that to the extent witness interview reports
10 were created during the course of the internal investigation in
11 any form, whether handwritten, typed, or transcribed, whether
12 verbatim or summarized, that they must be turned over, although
13 I find that defendant may redact from those reports any opinion
14 of counsel in the form of mental impressions or thoughts, legal
15 analysis, marginal notes, if such things are still done by
16 attorneys or investigators.
17 I'm going to require that these documents be turned
18 over to the plaintiff, and they can be turned over in their
19 redacted form. I will give the plaintiff an opportunity to
20 challenge those redactions if they believe there is a basis for
21 doing so. I am not encouraging the parties to do so, and once
22 again, I'm encouraging counsel to work collaboratively even in
23 less than ideal circumstances to move this litigation forward.
24 I will say that if the redactions are challenged and
25 I review in camera a sample of those unredacted interviews and

57

1  find that the redactions are not appropriate, I may find that
2  not only with regard to the samples but with regard to all
3  reports, that unredacted versions will have to be turned over.
4  So I am saying this up front to encourage the parties and the
5  defendant to be very careful in redacting what is appropriate
6  in this case.
7         I am not going to require -- I'm denying the motion
8  with regard to Northrop Grumman.  I do find that the common
9  interest does apply.  I am finding, consistent with *Royal*
10 *Ahold*, that these witness interviews that were conveyed in oral
11 form and relied upon through the documents and notes taken are
12 the subject matter that should be turned over.
13        Is there anything that I have failed to address with
14 regard to legal or factual issues that are before the Court
15 right now?  I certainly understand -- we'll address the timing
16 of this in one moment.  I certainly understand that there may
17 be differences of opinion over my ruling, but is what I have
18 said clear to the parties?
19        MS. DOUGLAS:  If I may, Your Honor?  What about any
20 sort of reports that stemmed from the investigations?  I assume
21 those would fall under your order as well?
22        THE COURT:  Come, come to the podium, please.
23 Investigative reports meaning the, some sort of analysis of the
24 entire investigation?
25        MS. DOUGLAS:  An analysis of the underlying memos,

1 anything like that is kind of what I'm asking more specifically
2 on, reports kind of summarizing the findings of the internal
3 investigation that would most -- that would come from the
4 information obtained from the memos.
5      THE COURT: No, I'm going to deny the motion. I'm
6 going to deny it on a variety of bases, not the least of which
7 is the concession that what you're really looking for are the
8 raw information of the interviews of the witnesses, which I
9 think are the most relevant to this litigation. I think and I
10 can anticipate, although you do not need to make the argument,
11 that defense counsel would argue that those reports really
12 would be the legal analysis and the opinion of the attorneys
13 about what those facts mean, and I'm trying to be clear in what
14 I'm requiring the defendants to turn over here.
15      MS. DOUGLAS: Thank you for the clarification, Your
16 Honor.
17      THE COURT: Thank you.
18      You'd be snatching defeat from the jaws of victory if
19 you were to speak on that issue. Are there any other issues,
20 though, that you wish to address?
21      MR. ANHANG: Your Honor, I was only standing to say
22 that your rulings from the bench today are crystal clear to us.
23 We thank Your Honor for your indulgence again for being so
24 patient, as you've been all morning with us. Thank you, Your
25 Honor.