IN THE UNITED STATES DISTRICT CIRCUIT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| STEVEN KNURR, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No.: 1:16-cv-01031-TSE-MSN |
| | ) |
| v. | ) <u>CLASS ACTION</u> |
| | ) |
| ORBITAL ATK, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**DECLARATION OF GEORGE E. ANHANG IN SUPPORT OF THE OPPOSITION OF DEFENDANTS ORBITAL ATK, INC., DAVID W. THOMPSON, GARRETT E. PIERCE, BLAKE E. LARSON, AND HOLLIS THOMPSON TO PLAINTIFFS' MOTION TO <u>COMPEL COMPLIANCE WITH THE COURT'S MAY 4, 2018 ORDER</u>**

Pursuant to 28 U.S.C. § 1746, George E. Anhang declares as follows:

1. My name is George E. Anhang and I am Counsel with the law firm of Shearman & Sterling LLP. I work in the firm's Washington, DC office. I am a member in good standing of the bars of New York and the District of Columbia, and I am admitted pro hac vice in this action.

2. I submit this Declaration in connection with the Memorandum of Defendants Orbital ATK, Inc., David W. Thompson, Garrett E. Pierce, Blake E. Larson, and Hollis Thompson In Opposition to Plaintiffs' Motion to Compel Compliance with the Court's May 4, 2018 Order.

3. Immediately following the hearing on Plaintiff's Motion to Compel Discovery Regarding the Internal Investigation on Friday, May 4, 2018, the parties had a brief

exchange regarding privilege log issues. Plaintiffs' counsel indicated to us that they would not accept a categorical log for Defendant Orbital ATK's privileged and work product documents. Plaintiffs' counsel asked instead that an itemized log be produced for those materials, and that categorical logs be used only by the Company's law firms for other material they are withholding.

4. The next week, the parties engaged in a telephonic meet-and-confer session to further discuss the matter. At that time, the parties had already begun to discuss scheduling a private mediation of the case, and stipulating to a 30-day stay to allow for the mediation and conserve the parties' resources. By the end of the week, the parties had completed their discussions concerning mediation and a stay, prepared a joint motion to stay the case pending the mediation, and filed the motion. The Court granted the motion and imposed a stay of the litigation until June 13 (the "Stay").

5. The day before the Stay expired, in a proactive effort to immediately restart the parties' prior discussions regarding privilege log issues, we asked Plaintiffs to confer on those issues the first day the Stay expired – June 13. Although a meet-and-confer session was scheduled that day, at the last minute Plaintiffs' counsel postponed it without explanation until the next day.

6. When the parties spoke the next day, Plaintiffs continued to insist that Defendants produce an itemized log for documents sent to or prepared by Orbital ATK. Although the parties appeared to be at an impasse, Defendants – mindful of the Court's admonition that the parties seek a resolution without the Court's further intervention –

told Plaintiffs that they would produce itemized log entries "before next Monday" (*i.e.*, within one business day of this last meet-and-confer). We further told Plaintiffs that although Defendants' initial log would not cover all privileged and work product material, Defendants would produce supplemental log entries covering additional material as soon as possible.

7. Within a few hours after the June 14 meet-and-confer, Plaintiffs gave Defendants, for the first time, an itemized log of certain privileged documents. The log was just two pages long, and it covered just nine redacted documents. At the bottom it stated, "This log does not include communications between St. Louis and its attorneys in this case."

8. The following day, Plaintiffs filed the instant motion in the morning. By the end of that same day, Defendants, consistent with their earlier representations to Plaintiffs in the parties' meet-and-confer the day before, produced to Plaintiffs a 425-page log itemizing over 3000 log entries. Within another business day, Defendants produced a supplemental log over 300 pages in length and containing over 4000 entries.

9. Defendants have advised Plaintiffs that they will shortly be producing further log entries. Defendants expect that, by this weekend, Defendants will have completed their itemized logging of privileged and work product documents sent to, or created by, Defendants. All the log entries produced by Defendants will span, in total, approximately 1000 pages.

10. On a separate note, after Defendants produced redacted versions of Hogan Lovells' interview reports to Plaintiffs, the parties negotiated an agreement. Under that agreement, Defendants – notwithstanding the stay of the litigation then in effect –

produced the interview reports in wholly unredacted form. The parties' agreement specified that Plaintiffs would not later argue that this good faith production waived protection over any documents.

11. Attached as Exhibit 1 is a true and accurate copy of an email exchange between Kathleen Douglas and me dated June 13, 2018 concerning scheduling of a meet and confer to resolve ongoing privilege log issues.

12. Attached as Exhibit 2 is a true and accurate copy of Lead Plaintiff Construction Laborers Pension Trust of Great St. Louis's Redaction Log which was produced to Defendants on June 14, 2018 at 5:15 PM.

13. Attached as Exhibit 3 is a true and accurate copy of Lead Plaintiff Construction Laborers Pension Trust of Great St. Louis's Responses and Objections to Defendant Orbital ATK's First Set of Requests for Production of Documents and Electronically Stored Information, dated April 26, 2018.

14. Attached as Exhibit 4 is a true and accurate copy of Lead Plaintiff Wayne County Employees' Retirement System's Responses and Objections to Defendant Orbital ATK's First Set of Requests for Production of Documents and Electronically Stored Information, dated April 26, 2018.

15. Attached as Exhibit 5 is a true and accurate copy of an email exchange between Lyle Roberts and John Herman dated May 3, 2018 concerning Defendants' response to Plaintiff Interrogatories No. 1 and No. 2.

16.     Attached as Exhibit 6 is a true and accurate copy of the Restatement Memorandum for the Vision 2022 Contract, dated February 15, 2017.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 20, 2018
       Washington, DC

                                          By:   /s/ George E. Anhang
                                                    George E. Anhang