Exhibit 3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| STEVEN KNURR, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>ORBITAL ATK, INC., *et al.*,<br><br>        Defendants. | Civil Action No. 1:16-cv-01031-TSE-MSN<br><br><u>CLASS ACTION</u> |

**LEAD PLAINTIFF CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS'S RESPONSES AND OBJECTIONS TO DEFENDANT ORBITAL ATK'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND <u>ELECTRONICALLY STORED INFORMATION</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and applicable Local Rules of the United States District Court of the Eastern District of Virginia ("Local Rules"), Lead Plaintiff Construction Laborers Pension Trust of Greater St. Louis ("Plaintiff" or the "Pension Trust") hereby responds and objects to Defendant Orbital ATK's ("Orbital ATK" or "Defendant") First Set of Requests to Lead Plaintiff Construction Laborers Pension Trust of Greater St. Louis for Production of Documents and Electronically Stored Information (the "Requests"). All responses and objections contained herein are based only upon such information as is presently available and specifically known to Plaintiff. Further discovery, investigation, legal research and analysis may supply additional facts and/or add meaning to the known facts. Moreover, the responses and objections below are given without prejudice to Plaintiff's right at trial to produce evidence of any subsequently discovered facts or facts that may later develop.

Plaintiff objects to the Requests on the following grounds. All specific objections to the individual Requests set forth herein are subject to, and without waiver of, any of these objections.

1.      Plaintiff objects to the Requests to the extent that they seek to impose obligations on Plaintiff beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules.

2.      Plaintiff objects to the Requests to the extent that they call for the disclosure of information protected from disclosure by the attorney-client privilege, the work product doctrine and/or any other applicable privilege or doctrine. Such production as may hereafter occur pursuant to the Requests shall not include any information protected from disclosure by such privileges or doctrines. Inadvertent production of any such information is not intended to be, and shall not operate as, a waiver of any applicable privilege, protection or immunity, in whole or in part.

3.      Plaintiff objects to the Requests to the extent that they seek, or require the disclosure of, information that is available through public sources, that originated in Defendant's possession,

custody or control or that is equally available to Defendant from some other source that is more convenient, less burdensome and less expensive. The production of such information by Plaintiff would be duplicative and constitute an undue burden on Plaintiff.

4.      Plaintiff objects to the Requests to the extent that they prematurely seek information related to expert(s) and/or expert testimony or opinion at a time when no experts have been, or are required to be, designated.

5.      Plaintiff objects to the Requests to the extent that they are premised upon legal conclusions or legal arguments over contested matters, and to the extent they include contention Requests that are premature and/or invasive of the work product doctrine.

6.      Plaintiff objects to the Request to the extent they seek information that is not proportional to the needs of the case, in light of the importance of the issues at stake in this Action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the information in resolving the issues in the Action and the burden or expense of obtaining the information.

7.      Plaintiff objects to the Requests to the extent they seek information or the production of documents that are protected from disclosure by Plaintiff's right to privacy, including financial privacy, such as personal financial and investment documentation, other confidential information regarding the financial affairs of Plaintiff or information concerning investments in companies other than Orbital ATK. Such Requests violate Plaintiff's right to financial privacy and the information sought is not relevant to any claim or defense.

8.      In responding to the Requests, Plaintiff does not in any way waive or intend to waive any privilege or objection, but rather intends to preserve and is preserving the following:

(a)     all objections as to the competency, relevancy and admissibility of any Request, the response and their subject matter;

(b)     all objections as to vagueness, ambiguity or other infirmity in the form of the Requests and any objections based on the undue burden imposed by the Requests and each individual Request contained therein;

(c)     all rights to object on any grounds to the use of any of the responses or their subject matter in any subsequent proceedings, including the trial of this or any other Action;

(d)     all rights to object on any grounds to any further document requests, interrogatories or other discovery requests involving or relating to the subject matter of the Requests;

(e)     the right to supplement responses to the Requests; and

(f)     any and all privileges and/or rights under applicable rules under the Federal Rules of Civil Procedure, the Local Rules or other statutes, guidelines or common law.

## II.     OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.     Plaintiff objects to the Instructions and Definitions to the extent that they seek to impose obligations on Plaintiff beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules.

2.     Plaintiff objects to the Instructions and Definitions to the extent that they require the disclosure of information that does not exist, or is not within Plaintiff's possession, custody or control, but rather is within the possession, custody or control of Defendant or third parties.

3.     Plaintiff objects to the Instructions and Definitions to the extent they purport to impose an obligation on Plaintiff to conduct anything other than a reasonable and diligent search pursuant to the requirements of the Federal Rules of Civil Procedure where responsive documents or information reasonably would be expected to be found, including to the extent that they seek electronically stored information from sources that are not reasonably accessible under Federal Rule

of Civil Procedure 26(b)(2)(B), or otherwise seek information that exceeds the scope of Federal Rule of Civil Procedure 26. Plaintiff will limit its responses to information and/or documents that are reasonably accessible and can be located, identified and produced after a reasonable inquiry without undue burden or expense.

4.      Plaintiff objects to the Instructions and Definitions to the extent they are intended to discover information found solely in the working files of counsel or which otherwise did not originate with Plaintiff, on the grounds and to the extent that such documents are protected from disclosure by the work product doctrine and/or the attorney-client privilege.

5.      Plaintiff objects to the proposed relevant time period set forth in the Instructions of "February 1, 2012 to the present" on the grounds that the proposed relevant time period is overbroad and unduly burdensome, as it seeks information unrelated to Plaintiff's transactions in Orbital ATK common stock. To the extent Plaintiff provides responses to these Requests at the time required by the Federal Rules of Civil Procedure and the Local Rules, Plaintiff will provide information that relates to the period February 9, 2015 through November 7, 2016, unless otherwise specified.

6.      Plaintiff objects to the Requests and the Instructions and Definitions contained therein to the extent they purport to request information from absent class members, or purport to require Plaintiff to provide information on behalf of absent class members, as discovery from absent class members is improper at this time. *Burnett v. Ford Motor Co.*, No. 3:13-cv-14207, 2015 U.S. Dist. LEXIS 72278, at *4 (S.D. W. Va. June 4, 2015) ("the generally accepted rule is that discovery from . . . unnamed class members is not permitted absent special circumstances") (internal quotations and citations omitted). To the extent Plaintiff provides responses to these Requests at the time required by the Federal Rules of Civil Procedure and the applicable Local Rules, such responses will be made

solely on Plaintiff's behalf, in its individual capacity.  Plaintiff does not respond, and does not intend to respond, on behalf of any member of the putative class.

7.      Plaintiff objects to the definitions of "you," "your," "Plaintiffs" and "Named Plaintiffs" on the grounds that they are overbroad, unduly burdensome, vague, ambiguous and harassing to the extent they include or purport to include "all persons claimed by [the Pension Trust] to be similarly situated" as well as "any and all of its respective agents, advisors, employees, directors, administrators, trustees, fiduciaries, investigators, representatives, attorneys, successors-in-interest, and all other persons or entities acting on its behalf or under its control."  Plaintiff further objects to the definitions of "you," "your," "Plaintiffs" and "Named Plaintiffs" on the grounds that they violate the attorney-client privilege and work product doctrine.  Plaintiff undertakes only to provide information relating to its own business and affairs.  Plaintiff cannot and will not provide information relating to the personal or business affairs of its agents, advisors, administrators, trustees, fiduciaries, investigators, representatives, attorneys, successors-in-interest and all other persons or entities acting on its behalf or under its control, other than Plaintiff.  In objecting to these Requests, Plaintiff defines "you," "your," "Plaintiffs" and "Named Plaintiffs" to mean Construction Laborers Pension Trust of Greater St. Louis and any of the directors, officers and employees of Construction Laborers Pension Trust of Greater St. Louis.

8.      Plaintiff objects to the definition of "administrator" on the grounds that it is overbroad, unduly burdensome and harassing because it includes "any person who acts or has acted, or purports to act or has purported to act" as the administrator of the Pension Trust, as well as "any person who acts or has acted, or purports to act or has purported to act on behalf of such administrator" for the time period February 1, 2012 to the present and is therefore not relevant to Plaintiff's transactions or conduct relating to this Action, not reasonably calculated to lead to the

discovery of admissible evidence and not proportional to the needs of this case.  Plaintiff further objects to the definition of "administrator" to the extent that it seeks information that is not within Plaintiff's possession, custody or control.

9.      Plaintiff objects to the definition of "communication" to the extent that the definition purports to impose any obligation on Plaintiff beyond those required or permitted by the Federal Rules of Civil Procedure, the Local Rules, the Court's Orders or any other applicable statute, rule or authority.

10.     Plaintiff objects to the definition of "identify" when "used in reference to a document" as vague, ambiguous, overbroad and unduly burdensome, as the definition purports to include "the name, title, business affiliation, last known address and telephone number of (a) its present custodian(s), (b) its author and any other person who assisted in preparing it, (c) the person who signed it or over whose signature it was released, and (d) the person(s) to whom it was addressed and any other recipients."  Plaintiff further objects to the definition of "identify" when "used in reference to a document" to the extent it purports to require Plaintiff to disclose information that is not within its possession, custody or control.  Plaintiff further objects to the definition of "identify" when "used in reference to a document" because it is not used in, or relevant to, any of the Requests.

11.     Plaintiff objects to the definition of "identify" when "used in reference to a person" as vague, ambiguous, overbroad and unduly burdensome, as the definition purports to include the "present or last known address, and when referring to a natural person, additionally, the present or last known place of employment."  Plaintiff objects to this definition of "identify" to the extent that it purports to require Plaintiff to disclose information that is not within Plaintiff's possession, custody or control.  Plaintiff further objects to this definition of "identify" when "used in reference to

a person" because it purports to require Plaintiff to identify information that is not relevant to the claims or defenses of any party, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this case. Plaintiff further objects to the definition of "identify" when "used in reference to a person" because it is not used in, or relevant to, any of the Requests.

12.     Plaintiff objects to the term "identify" when "used with reference to (a) any actual purchase or sale of securities, (b) any purchase or sale of securities that was considered by not made, or (c) any decision to purchase, sell or hold securities, or (d) any decision not to purchase, sell, or hold securities" as vague, ambiguous, overbroad and unduly burdensome, as the definition purports to include "(c) state the source of the securities involved," "(e) state the date(s) (or, if the date(s) is(are) unknown, the approximate date(s)) each purchase, sale or decision was made or considered," "(f) identify where (address, including city or town, and country) each such purchase, sale or decision was made or considered," "(g) identify each person who was a party to each purchase or sale, and, in addition, as to each such party that was a natural person, state the person's country of citizenship and country of residence at the time of such purchase or sale, and, as to each such party that was a company, state its place of incorporation and principal place of business," "(h) identify each person who made each such decision," "(i) state the price of the securities involved at the time each such purchase, sale or decision was made or considered," and "(j) state the reason(s) each such purchase, sale or decision was made or considered." Plaintiff objects to this definition of "identify" to the extent that it purports to require Plaintiff to disclose information that is not within Plaintiff's possession, custody or control. Plaintiff further objects to this definition of "identify" because it purports to require Plaintiff to identify information that is not relevant to the claims or defenses of

any party and not proportional to the needs of this Action.  Plaintiff further objects to this definition of "identify" because it is not used in, or relevant to, any of the Requests.

13.    Plaintiff objects to the definition of "document" to the extent it "is used in the broadest sense permitted under applicable law" as vague, ambiguous, overbroad and unduly burdensome.  Plaintiff further objects to the definition of "document" to the extent that the definitions purport to impose any obligation on Plaintiff beyond those required or permitted by the Federal Rules of Civil Procedure, the Local Rules, the Court's Orders or any other applicable statute, rule or authority.

14.    Plaintiff objects to the definition of "person" as overbroad, unduly burdensome and harassing as the definition purports to include "any and all of such person's agents, advisors, employees, representatives, attorneys, successors-in-interest, and any and all others acting on such person's behalf or under such person's control."

15.    Plaintiff objects to the definition of "Related Plan" as overbroad, unduly burdensome, vague and ambiguous on the grounds that it includes "any fund, or pension or retirement plan subsumed within or otherwise related to Construction Laborers Pension Trust of Greater St. Louis" and "any fund or pension or retirement plan administered, managed, or controlled in whole or in part by Construction Laborers Pension Trust of Greater St. Louis or any person acting on behalf of Construction Laborers Pension Trust of Greater St. Louis."

16.    Plaintiff objects to the definition of "refute" as overbroad, unduly burdensome, vague, ambiguous and confusing on the grounds that it defines "refute" as "having any tendency to make that allegation less likely to be true."  Plaintiff further objects to the definition of "refute" to the extent it purports to call for a legal conclusion or require the application of a legal definition or principle.

17.     Plaintiff objects to the definition of "Relevant Securities" as overbroad, unduly burdensome, vague and ambiguous on the grounds that it defines "Relevant Securities" to include "Orbital Sciences Corporation, Alliant Techsystems, Inc., and Vista Outdoor, Inc." and "any other securities representing a direct or indirect interest in the securities issued by those entities," which are not relevant to Plaintiff's transactions or conduct relating to this Action, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this case.

18.     Plaintiff objects to the definition of "security" or "securities" as overbroad and unduly burdensome, to the extent it purports to include securities other than Orbital ATK common stock. Such information is not relevant to Plaintiff's transactions or conduct relating to this Action, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this case.

19.     Plaintiff objects to the definition of "support" as overbroad, unduly burdensome, vague, ambiguous, and confusing on the grounds that it defines "support" as "having any tendency to make that allegation more likely to be true." Plaintiff further objects to the definition of "support" to the extent it purports to call for a legal conclusion or require the application of a legal definition or principle.

20.     Plaintiff objects to the definition of "sponsor" on the grounds that it is overbroad, unduly burdensome and harassing because it includes "any person who acts or has acted, or purports to act or has purported to act" as the plan sponsor of the Pension Trust, as well as "any person who acts or has acted, or purports to act or has purported to act on behalf of such sponsor" for the time period February 1, 2012 to the present and is therefore not relevant to Plaintiff's transactions or conduct relating to this Action, not reasonably calculated to lead to the discovery of admissible

evidence and not proportional to the needs of this case.  Plaintiff further objects to the definition of "sponsor" to the extent that it seeks information that is not within Plaintiff's possession, custody or control.  Plaintiff further objections to the definition of "sponsor" because it is not used in, or relevant to, any of the Requests.

21.     Plaintiff objects to the definition of "trustee" on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and harassing because it includes "any person who acts or has acted, or purports to act or has purported to act" as a trustee of the Pension Trust, as well as "any person who acts or has acted, or purports to act or has purported to act on behalf of such trustee" for the time period February 1, 2012 to the present and is therefore not relevant to Plaintiff's transactions or conduct relating to this Action, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this case.  Plaintiff further objects to the definition of "trustee" to the extent that it seeks information that is not within Plaintiff's possession, custody or control.

22.     Plaintiff objects to the instructions for the production of Electronically Stored Information ("ESI") to the extent they seek to impose obligations on Plaintiff beyond those imposed by the Format of Production Protocol entered into between the parties and filed with the Court.

## III.     RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

Plaintiff incorporates the objections and specific objections raised in Plaintiff's Objections to the Requests served on March 28, 2018 into its responses to each of the Requests. To the extent that Plaintiff responds to the Requests, any stated objections are not waived by providing responses. Additionally, to the extent Plaintiff responds by stating that it will not be producing documents, such a response should not be deemed an admission that responsive documents exist and are in Plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 1:

All documents referred to in the Complaint.

OBJECTION TO REQUEST FOR PRODUCTION NO. 1:

Plaintiff objects to this Request on the grounds that it seeks documents from publicly available sources, or documents that are in Defendant's possession, custody or control or are equally available to Defendant and can be obtained at a burden that is substantially the same as it would be for Plaintiff.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Based on the objection above that this Request seeks documents available from publicly available sources or documents that are in Defendant's possession, Plaintiff will not be producing documents in response to this Request.

REQUEST FOR PRODUCTION NO. 2:

All documents that, in your view, support the allegations in the Complaint.

OBJECTION TO REQUEST FOR PRODUCTION NO. 2:

Plaintiff objects to this Request on the grounds that the phrase "in your view" and the term "support" are overbroad, unduly burdensome, vague, ambiguous, confusing and purport to call for a legal conclusion. Plaintiff objects to this Request to the extent it requires the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both.  Plaintiff further objects to this Request on the grounds that it seeks documents available from publicly available sources, or documents that are in Defendant's possession, custody or control or are equally available to Defendant and can be obtained at a burden that is substantially the same as it would be for Plaintiff.  Plaintiff further objects to this Request as premature because discovery in this Action has just commenced, Defendants have not yet produced any documents,

Plaintiff's efforts to obtain documents from certain non-parties are ongoing and Plaintiff has not yet taken any depositions.

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Plaintiff responds as follows: Plaintiff refers Defendant to the documents cited in the Complaint. Plaintiff also responds that it produced documents sufficient to identify the transactions in Orbital ATK common stock made on Plaintiff's behalf during the period February 9, 2015 through November 7, 2016. Based on the objections above that this Request is premature and seeks: (a) the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine, or both; and (b) documents available from publicly available sources or in Defendant's possession, Plaintiff will not be producing additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 3:

All documents that refute the allegations in the Complaint.

OBJECTION TO REQUEST FOR PRODUCTION NO. 3:

Plaintiff objects to this Request on the grounds that the term "refute" is overbroad, unduly burdensome, vague, ambiguous, confusing and purports to call for a legal conclusion. Plaintiff objects to this Request to the extent it requires the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both. Plaintiff further objects to this Request on the grounds that it seeks documents available from publicly available sources, or documents that are in Defendant's possession, custody or control or are equally available to Defendant and can be obtained at a burden that is substantially the same as it would be for Plaintiff. Plaintiff further objects to this Request as premature because discovery in this Action has just commenced, Defendants have not yet produced any documents, Plaintiff's efforts to obtain documents from certain non-parties are ongoing and Plaintiff has not yet taken any depositions.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Based on the objections above that this Request is premature and seeks: (a) the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine, or both; and (b) documents available from publicly available sources or in Defendant's possession, Plaintiff will not be producing documents in response to this Request.

REQUEST FOR PRODUCTION NO. 4:

All documents:

      (a)     That you reviewed in order to prepare, draft, revise, or authorize the Complaint;

      (b)     Concerning any inquiry, investigation, review, examination, evaluation, assessment, analysis, or consideration of the facts, circumstances, and events alleged in the Complaint that was conducted or performed by you or on your behalf; and

      (c)     That you considered or relied upon in assessing whether the purported misconduct alleged in the Complaint actually took place.

OBJECTION TO REQUEST FOR PRODUCTION NO. 4:

Plaintiff objects to this Request and all subparts to the extent it requires the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both. Plaintiff objects to this Request and all subparts as overbroad, unduly burdensome, vague, ambiguous, harassing, not relevant to the claims or defenses at issue in this Action, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this case. Plaintiff further objects to this Request and all subparts on the grounds that it seeks documents available from publicly available sources, or documents that are in Defendant's possession, custody or control or are equally available to Defendant and can be obtained at a burden that is substantially the same as it would be for Plaintiff. Plaintiff further objects to this Request and

all subparts to the extent it seeks information duplicative of other Requests. Plaintiff objects to subsection (b) of this Request on the grounds that the terms "inquiry," "review," "examination," "evaluation," "assessment," "analysis" and "consideration" are vague, ambiguous, overbroad and undefined. Plaintiff objects to subsection (b) of this Request on the grounds that the phrase "facts, circumstances, and events" is vague and ambiguous. Plaintiff objects to subsection (b) of this Request on the grounds that the phrase "on your behalf" is vague, ambiguous and overbroad. Plaintiff objects to subsection (c) of this Request on the grounds that the phrase "purported misconduct alleged in the Complaint actually took place" is vague, ambiguous, overbroad and undefined.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 4:</u>

Based on the objections above that this Request seeks the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine, or both, Plaintiff will not be producing documents in response to this Request.

<u>REQUEST FOR PRODUCTION NO. 5:</u>

All documents concerning the circumstances surrounding the discovery by you or by any other person of the misconduct alleged in the Complaint, including:

(a)     All documents concerning any effort undertaken by you or any person acting or purporting to act on behalf of you, to investigate or to uncover the facts surrounding the alleged misconduct that form the basis of the allegations asserted in the Complaint; and

(b)     All documents from which you or any person acting or purporting to act on behalf of you, actually discovered the facts surrounding the misconduct or wrongdoing that forms the basis of the allegations and claims asserted in the Complaint.

OBJECTION TO REQUEST FOR PRODUCTION NO. 5:

Plaintiff objects to this Request and all subparts to the extent it seeks disclosure of documents or information that are protected from discovery by the attorney-client privilege, the work product doctrine or both.  Plaintiff objects to this Request and all subparts to the extent it seeks information duplicative of other Requests.  Plaintiff objects to the Request on the grounds that the phrase "concerning the circumstances surrounding the discovery" is vague, ambiguous, overbroad and confusing.  Plaintiff objects to this Request as overbroad, unduly burdensome and harassing because it purports to require Plaintiff to produce "[a]ll documents" discovered by "any other person of the misconduct alleged in the Complaint" and is not relevant to the claims or defenses at issue in this Action, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this case.  Plaintiff objects to this Request on the grounds that the terms "any other person" and "any person acting or purporting to act on behalf of you" are vague, ambiguous and overbroad.  Plaintiff objects to this Request to the extent it purports to require Plaintiff to seek, obtain and verify information in the possession of third parties.  Plaintiff objects to subsection (a) of this Request on the grounds that the phrase "any effort" is overbroad, unduly burdensome, vague and ambiguous.  Plaintiff objects to subsection (b) of this Request on the grounds that the phrase "actually discovered the facts surrounding the misconduct or wrongdoing that forms the basis of the allegations and claims asserted in the Complaint" is overbroad, unduly burdensome, vague and ambiguous.

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Plaintiff responds to this Request by referring Defendant to the documents cited in the Complaint.  Plaintiff also refers Defendant to its response to Interrogatory No. 5.  Based on the objections above that this Request seeks the disclosure of information that is protected from

discovery by the attorney-client privilege, the work product doctrine, or both, Plaintiff will not be producing documents in response to this Request.

REQUEST FOR PRODUCTION NO. 6:

All documents, including all communications with any person, concerning any current or former defendant in the Action.

OBJECTION TO REQUEST FOR PRODUCTION NO. 6:

Plaintiff objects to this Request to the extent it requires the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both. Plaintiff objects to this Request on the grounds that the term "any person" is overbroad, vague and ambiguous. Plaintiff objects to the Request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and harassing because it includes "all communications" with "any person" from the time period February 1, 2012 to the present, whether or not those communications relate to the claims or defenses in this case, which is not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this case. Plaintiff further objects to this Request to the extent that the documents sought are not in Plaintiff's possession, custody or control.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Plaintiff responds by referring Defendant to the documents cited in the Complaint. Plaintiff further responds that after a reasonable search, it has located no non-privileged documents or communications in its possession, custody or control concerning any defendant in this Action relevant to the claims or defenses in this case.

REQUEST FOR PRODUCTION NO. 7:

All documents evidencing or concerning communications with any defendant or any representative of any defendant, including:

(a)     Documents concerning any meetings with representatives of Orbital ATK;

(b)      Notes taken at any meetings with representatives of Orbital ATK;

(c)      Documents reviewed or analyzed in preparation for any meeting with representatives of Orbital ATK;

(d)      Documents received or reviewed during any meeting with representatives of Orbital ATK; and

(e)      Summaries of any meetings with representatives of Orbital ATK.

OBJECTION TO REQUEST FOR PRODUCTION NO. 7:

Plaintiff objects to this Request and all subparts to the extent it requires the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both. Plaintiff objects to this Request and all subparts as overbroad, unduly burdensome, vague, ambiguous, harassing, not relevant to Plaintiff's transactions or conduct relating to this Action, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this case. Plaintiff objects to this Request on the grounds that the phrase "representative of any defendant" is vague, ambiguous, overbroad and undefined. Plaintiff objects to this Request and all subparts to the extent it encompasses persons or entities that are not known to Plaintiff to be acting as "any representative of any defendant" or not known to Plaintiff to be acting as "representatives of Orbital ATK." Plaintiff further objects to this Request and all subparts to the extent that the documents sought are not in Plaintiff's possession, custody or control. Plaintiff objects to the Request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, harassing and not proportional to the needs of the case because it includes "[a]ll documents evidencing or concerning communications" with "any defendant" or "any representative of any defendant" from the time period February 1, 2012 to the present, regardless of whether such documents or communications relate to the claims or defenses in this case.

RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Plaintiff responds that after a reasonable search, it has located no documents in its possession, custody or control evidencing or concerning communications with any defendant in this Action relevant to the claims or defenses in this case.

REQUEST FOR PRODUCTION NO. 8:

All documents concerning the investment philosophies or strategies of any person who made, effected, directed, advised, was consulted on, or in any way participated in any decision by you to purchase, sell, or hold Relevant Securities.

OBJECTION TO REQUEST FOR PRODUCTION NO. 8:

Plaintiff objects to this Request as overbroad, unduly burdensome, vague, ambiguous, harassing, not relevant to the claims or defenses at issue in this Action, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this case.  Plaintiff objects to this Request on the grounds that the phrase "any person" is overbroad, unduly burdensome, vague and ambiguous.  Plaintiff objects to this Request on the grounds that the phrase "or in any way participated" is vague, ambiguous and undefined.  Plaintiff objects to this Request to the extent it purports to require Plaintiff to produce documents in the possession of third parties, including Plaintiff's outside investment manager or its current or former employees.  Plaintiff objects to this Request on the grounds that it seeks information concerning transactions in securities other than Orbital ATK common stock and is therefore overbroad and neither relevant to Plaintiff's transactions or conduct relating to this Action, nor reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the needs of this Action.

RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Plaintiff responds that it has produced documents reflecting the agreements with its outside investment manager, DL Carlson Investment Group, Inc. ("DL Carlson") and outside investment

consultant, Marquette Associates, Inc. ("Marquette").  Plaintiff has produced documents reflecting DL Carlson's investment objectives and policy.

REQUEST FOR PRODUCTION NO. 9:

      All documents containing or concerning any advice, opinions, services, or information provided by any stock broker, investment advisor, financial advisor, consultant, any other agent, professional advisor, or service provider, or any other person concerning any actual or potential purchase or sale of Relevant Securities by Construction Laborers Pension Trust of Greater St. Louis or any Related Plans.

OBJECTION TO REQUEST FOR PRODUCTION NO. 9:

      Plaintiff objects to this Request to the extent it requires the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both. Plaintiff objects to this Request as overbroad, unduly burdensome, vague and ambiguous.  Plaintiff objects to this Request on the grounds that the phrases "stock broker," "investment advisor," "financial advisor," "consultant," "agent," "professional advisor" and "service provider" are vague, ambiguous, overbroad and undefined.  Plaintiff objects to this Request on the grounds that the phrase "any other person" is overbroad, unduly burdensome, vague and ambiguous.  Plaintiff objects to this Request to the extent it purports to require Plaintiff to produce documents in the possession of third parties, including Plaintiff's outside investment manager or its current or former employees. Plaintiff objects to this Request on the grounds that it seeks information concerning an "actual or potential purchase or sale" in securities other than Orbital ATK common stock and is therefore overbroad and neither relevant to Plaintiff's transactions or conduct relating to this Action, nor reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this Action.  Plaintiff further objects to this Request to the extent it seeks information that is

protected by applicable rights of privacy under state and federal law, including Plaintiff's right to financial privacy.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Plaintiff responds that it has produced responsive, relevant, non-privileged documents that relate to the transactions in Orbital ATK common stock made on Plaintiff's behalf during the period February 9, 2015 through November 7, 2016.

REQUEST FOR PRODUCTION NO. 10:

Each resolution, standard form, instructions, or other document issued by or maintained by Construction Laborers Pension Trust of Greater St. Louis or any Related Plans, or any trustee or fiduciary of Construction Laborers Pension Trust of Greater St. Louis or any Related Plan, setting forth guidelines policies, procedures or requirements of or concerning the investment of assets of Construction Laborers Pension Trust of Greater St. Louis or any Related Plans.

OBJECTION TO REQUEST FOR PRODUCTION NO. 10:

Plaintiff objects to this Request to the extent it requires the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both. Plaintiff objects to this Request as overbroad, unduly burdensome, vague and ambiguous. Plaintiff objects to this Request to the extent it purports to require Plaintiff to produce documents in the possession of third parties, including Plaintiff's outside investment manager or its current or former employees. Plaintiff further objects to this Request on the grounds that the terms "assets" and "fiduciary" are vague, ambiguous and undefined. Plaintiff objects to this Request on the grounds that the phrases "issued by" and "maintained by" are vague, ambiguous, overbroad and confusing. Plaintiff further objects to this Request to the extent it seeks information from publicly available sources that can be obtained at a burden that is substantially the same as it would be for Plaintiff. Plaintiff objects to this Request on the grounds that it seeks information that is neither relevant to

Plaintiff's transactions or conduct relating to this Action, nor reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this Action.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Plaintiff responds that it has produced responsive, relevant, non-privileged documents that relate to the transactions in Orbital ATK common stock made on the Pension Trust's behalf during the period February 9, 2015 through November 7, 2016, including the agreements with its outside investment manager, DL Carlson, and outside investment consultant, Marquette, as well as the Statement of Investment Objectives and Policy for the Construction Laborers Pension Fund of Greater St. Louis.

REQUEST FOR PRODUCTION NO. 11:

All documents concerning (a) each purchase or sale of Relevant Securities by or on behalf of Construction Laborers Pension Trust of Greater St. Louis, any Related Plans or any putative class members; (b) each decision by or on behalf of Construction Laborers Pension Trust of Greater St. Louis, Related Plans or any putative class members, to purchase, sell or hold such securities; (c) each decision by or on behalf of Construction Laborers Pension Trust of Greater St. Louis, Related Plans or any putative class members, not to purchase, sell or hold such securities; and (d) each purchase or sale of such securities that was considered by or on behalf of Construction Laborers Pension Trust of Greater St. Louis, Related Plans, or any putative class members, but that was not made; including all of the following documents:

(a)     Account statements;

(b)     Confirmation slips;

(c)     Order tickets;

(d)     Holding sheets (also known as "blank" sheets or "transaction" sheets);

(e)     Records of commissions;

- 21 -

(f)     Other documents evidencing full or partial ownership in or control by Construction Laborers Pension Trust of Greater St. Louis, Related Plans, or putative class members, of any Relevant Securities;

(g)     All documents sent to or received from any accountants, attorneys or financial advisers (including securities, futures, options, commodities, investment, banking, legal, tax and economic advisers), used or consulted by Plaintiffs or any putative class members, regarding the purchase or sale of Relevant Securities;

(h)     All documents concerning trading or investment activity or the absence of trading or investment activity in Relevant Securities;

(i)     All correspondence between any Plaintiff or putative class members, any brokers, advisors, investment counselors or other persons concerning any of the defendants in the Action or Relevant Securities;

(j)     All documents showing or concerning when and where (city or town, and country) each purchase or sale of Relevant Securities by Plaintiff, its Related Plans, and each putative class member was made, and, in the case of putative class members, where each resided at the time each purchase or sale of Relevant Securities was made by each putative class member; and

(k)     All documents concerning any Defendant or Relevant Securities that Plaintiff, Related Plans, or any putative class members read and/or relied upon before or at the time of each of their respective purchases or sales of Relevant Securities.

OBJECTION TO REQUEST FOR PRODUCTION NO. 11:

Plaintiff objects to this Request and all subparts as overbroad, unduly burdensome, vague, ambiguous, harassing, not relevant to the claims or defenses at issue in this Action, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this case.  Plaintiff objects to this Request and all subparts to the extent it requires the disclosure of

information that is protected from discovery by the attorney-client privilege, the work product doctrine or both.  Plaintiff objects to this Request and all subparts on the grounds that it is overbroad, unduly burdensome and harassing because it purports to require Plaintiff to produce documents or information from or on behalf of absent class members, which number in the hundreds, if not thousands.  Discovery from absent class members is premature and improper at this time.  Plaintiff further objects to this Request on the grounds that it asks Plaintiff to produce documents regarding "each decision" by or on behalf of Plaintiff to "purchase, sell or hold" any of the "Relevant Securities," and "not to purchase, sell or hold such securities" which is vague, ambiguous and confusing.  Plaintiff further objects to this Request on the grounds that it asks Plaintiff to produce documents regarding "each purchase or sale of such securities that was considered by or on behalf of" the Pension Trust "but that was not made," which is vague, ambiguous and confusing.  Plaintiff objects to this Request to the extent it purports to require Plaintiff to obtain documents in the possession of third parties, including Plaintiff's outside investment manager or its current or former employees.  Plaintiff objects to this Request on the grounds that it purports to require Plaintiff to seek out or obtain documents that relate to or are in the possession of Named Plaintiff Wayne County Employees' Retirement System.  Plaintiff objects to this Request to the extent it seeks information duplicative of other Requests.  Plaintiff objects to this Request to the extent it seeks information that is protected by applicable rights of privacy under state and federal law, including Plaintiff's right to financial privacy.  Plaintiff objects to this Request on the grounds that it seeks information concerning transactions in securities other than Orbital ATK common stock prior to and after the Class Period in this Action and is therefore overbroad and neither relevant to Plaintiff's transactions or conduct in this Action, nor reasonably calculated to lead the discovery of admissible evidence and not proportional to the needs of this Action.  Plaintiff objects to subsections (a)-(e) of

the Request on the grounds that the phrases "[a]ccount statements," "[c]onfirmation slips," "[o]rder tickets," "[h]olding sheets" and "[r]ecords of commissions" are vague, ambiguous, overbroad and undefined.  Plaintiff objects to subsection (f) of the Request on the grounds that the phrase "evidencing full or partial ownership in or control by" is vague and ambiguous.  Plaintiff objects to subsection (g) of the Request on the grounds that the phrase "used or consulted by" is vague and ambiguous.  Plaintiff objects to subsection (h) of the Request on the grounds that the phrase "the absence of trading or investment activity" is vague and ambiguous.  Plaintiff objects to subsection (i) of the Request on the grounds that the terms "brokers," "advisors" and "investment counselors" are vague, ambiguous and overbroad.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 11</u>:

Plaintiff responds that it has produced documents regarding the transactions in Orbital ATK common stock made on Plaintiff's behalf during the period February 9, 2015 through November 7, 2016, including custodian account statements and reports from DL Carlson reflecting transactions in Orbital ATK common stock.  Plaintiff further responds to this Request by referring Defendant to its response to Interrogatory No. 1.  Based on the objections above that this Request seeks: (a) documents concerning Plaintiff's investments in securities other than Orbital ATK common stock and is therefore overbroad and neither relevant to Plaintiff's transactions or conduct relating to this Action; and (b) documents not relevant to the claims or defenses at issue in this Action, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this case, Plaintiff will not be producing additional documents responsive to this Request.

<u>REQUEST FOR PRODUCTION NO. 12</u>:

All documents concerning any inquiry, investigation, review, examination, evaluation, assessment, analysis, consideration, selection, or rejection of any actual or potential purchase or sale of Relevant Securities by you or on your behalf.

OBJECTION TO REQUEST FOR PRODUCTION NO. 12:

Plaintiff objects to this Request as overbroad, unduly burdensome, vague and ambiguous. Plaintiff objects to this Request to the extent it requires the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both.  Plaintiff objects to this Request on the grounds that the terms "inquiry," "review," "examination," "evaluation," "assessment," "analysis" and "consideration" are vague, ambiguous, overbroad and undefined. Plaintiff objects to this Request on the grounds that it seeks information concerning transactions in securities other than Orbital ATK common stock prior to and after the Class Period in this Action and is therefore overbroad and neither relevant to Plaintiff's transactions or conduct relating to this Action, nor reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action.  Plaintiff further objects to this Request to the extent it seeks information duplicative of other Requests.  Plaintiff objects to this Request to the extent it seeks information that is protected by applicable rights of privacy under state and federal law, including Plaintiff's right to financial privacy.  Plaintiff objects to this Request on the grounds that the phrase "on your behalf" is vague, ambiguous and overbroad. Plaintiff further objects to this Request to the extent that the documents sought are not in Plaintiff's possession, custody or control.

RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Plaintiff responds that it has produced documents regarding the transactions in Orbital ATK common stock made on its behalf during the period February 9, 2015 through November 7, 2016. Plaintiff further responds to this Request by referring Defendant to its response to Interrogatory No. 1.

REQUEST FOR PRODUCTION NO. 13:

Documents sufficient to show the name, current or last-known location, current or last-known employer, and contact information (including any current or last-known telephone number,

home address, and email address) of any person who made, effected, directed, advised, was consulted on, or in any way participated in any decision by you to purchase, sell, or hold Relevant Securities.

OBJECTION TO REQUEST FOR PRODUCTION NO. 13:

Plaintiff objects to this Request as overbroad, unduly burdensome, vague, ambiguous, harassing, not relevant to the claims or defenses at issue in this Action, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this case. Plaintiff objects to this Request on the grounds that the terms "effected," "directed" and "advised" are vague, ambiguous, overbroad and undefined. Plaintiff objects to this Request on the grounds that it seeks information concerning transactions in securities other than Orbital ATK common stock and is therefore overbroad and neither relevant to Plaintiff's transactions or conduct relating to this Action, nor reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this Action. Plaintiff objects to the Request on the grounds that the phrase "or in any way participated in any decision" is vague, ambiguous and overbroad. Plaintiff objects to this Request on the grounds that the term "any person" is overbroad, unduly burdensome, vague, ambiguous and harassing. Plaintiff further objects to this Request to the extent that the documents sought are not in Plaintiff's possession, custody or control.

RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Plaintiff responds by referring Defendant to its response to Interrogatory Nos. 7 and 8.

REQUEST FOR PRODUCTION NO. 14:

Documents sufficient to show the name, current or last-known location, current or last-known employer, and contact information (including any current or last-known telephone number, home address, and email address) of any person likely to have discoverable information that you

may use to support your claims in the Action, including information to be used solely for impeachment.

OBJECTION TO REQUEST FOR PRODUCTION NO. 14:

     Plaintiff objects to this Request as overbroad, unduly burdensome, vague, ambiguous, harassing, not relevant to the claims or defenses at issue in this Action, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this case. Plaintiff objects to this Request to the extent it purports to require Plaintiff to obtain documents in the possession of third parties. Plaintiff objects to this Request to the extent it requires the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both. Plaintiff objects to this Request on the grounds that it seeks documents in Defendant's possession, custody or control or documents that are equally available to Defendant and can be obtained at a burden that is substantially the same as it would be for Plaintiff. Plaintiff objects to this Request to the extent it seeks information duplicative of other Requests. Plaintiff further objects to this Request as premature because discovery in this Action has just commenced, Defendants have not yet produced any documents and Plaintiff's efforts to obtain documents from certain non-parties are ongoing. Plaintiff objects to this Request to the extent it requires Plaintiff to disclose information that has already been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(1) and, as a result, is duplicative of other discovery in this case and therefore imposes an undue burden on Plaintiff.

RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

     Plaintiff responds by referring Defendant to its response to Interrogatory Nos. 7-9.

REQUEST FOR PRODUCTION NO. 15:

     Documents sufficient to show the operating procedures, administration, and management of Construction Laborers Pension Trust of Greater St. Louis and Related Plans, including:

(a)      Any documents encompassing the Construction Laborers Pension Trust of Greater St. Louis and Related Plans (including all amendments to the Plan or Related Plans, Summary Plan Description and summary of material modifications);

(b)      The trust agreement for each trust that has held or is currently holding any of the assets of Construction Laborers Pension Trust of Greater St. Louis, and Related Plans, and each amendment to each trust agreement;

(c)      All enrollment materials provided to individuals who will participate in the Construction Laborers Pension Trust of Greater St. Louis and Related Plans;

(d)      Each resolution, investment policy, investment guidelines and procedures, standard form, instructions, or other document issued by or maintained by Construction Laborers Pension Trust of Greater St. Louis, or any Related Plans setting forth policies or procedures or requirements concerning the operation, administration, and management of Construction Laborers Pension Trust of Greater St. Louis, or Related Plans, and the management and investment of assets of Construction Laborers Pension Trust of Greater St. Louis and Related Plans;

(e)      All documents evidencing or concerning any determination letter or other ruling sought from or issued by the United States Internal Revenue Service or the United States Department of Labor with respect to any aspect of Construction Laborers Pension Trust of Greater St. Louis or Related Plans, any assets of Construction Laborers Pension Trust of Greater St. Louis or any Related Plans, or any trustee or fiduciary of Construction Laborers Pension Trust of Greater St. Louis or any Related Plans; and

(f)      Each Form 5500 Annual Report (together with all Schedules and attachments thereto) of or concerning Construction Laborers Pension Trust of Greater St. Louis and Related Plans for each year Construction Laborers Pension Trust of Greater St. Louis and Related Plans have

been in existence, and each Summary Annual Report for each year Construction Laborers Pension Trust of Greater St. Louis and Related Plans have been in existence.

OBJECTION TO REQUEST FOR PRODUCTION NO. 15:

Plaintiff objects to this Request and all subparts as overbroad, unduly burdensome, vague, ambiguous, harassing, not relevant to the claims or defenses at issue in this Action, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this case. Plaintiff objects to this Request to the extent it purports to require Plaintiff to produce documents in the possession of third parties, including Plaintiff's outside investment manager or its current or former employees. Plaintiff further objects to this Request on the grounds that it seeks information from publicly available sources that can be obtained at a burden that is substantially the same as it would be for Plaintiff. Plaintiff objects to this Request on the grounds that it seeks information concerning Plaintiff's investments in securities other than Orbital ATK common stock and is therefore overbroad and neither relevant to Plaintiff's transactions or conduct relating to this Action, nor reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action. Plaintiff further objects to this Request to the extent it seeks information duplicative of other Requests. Plaintiff objects to subsection (a) of this Request because the term "encompassing" is vague, ambiguous and undefined. Plaintiff objects to subsection (d) of this Request because the phrases "standard form" and "other document" are vague, ambiguous and undefined. Plaintiff objects to subsection (e) of this Request because the term "fiduciary" is vague, ambiguous and undefined.

RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Based on the objections above that this Request seeks: (a) information available from publicly available sources; (b) documents concerning Plaintiff's investments in securities other than Orbital ATK common stock and is therefore overbroad and neither relevant to Plaintiff's transactions

or conduct relating to this Action; and (c) documents not relevant to the claims or defenses at issue in this Action, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this case, Plaintiff will not be producing documents responsive to Request 15(c), (e) and (f).  Plaintiff responds that it has produced copies of responsive, relevant, non-privileged documents sufficient to show the operating procedures, administration, and management of the Pension Trust, including but not limited to, the Agreement and Declaration of Trust of Construction Laborers Pension Trust of Greater St. Louis and amendments thereto, agreements with its outside investment manager, DL Carlson, and outside investment consultant, Marquette, and the Construction Laborers Pension Trust of Greater St. Louis Plan document.

REQUEST FOR PRODUCTION NO. 16:

All documents concerning any other Plaintiff in the Action or any other member of the putative class, including all documents containing or relating to any communications between you and any other putative class member or Plaintiff in the Action concerning the Action or the subject matter of the Action.

OBJECTION TO REQUEST FOR PRODUCTION NO. 16:

Plaintiff objects to this Request to the extent it requires the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both. Plaintiff further objects to this Request to the extent that the documents sought are not in Plaintiff's possession, custody or control.  Plaintiff objects to this Request as overbroad, unduly burdensome, vague, ambiguous, harassing, not relevant to the claims or defenses at issue in this Action, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this case.  Plaintiff further objects to this Request on the grounds that it purports to require Plaintiff to produce documents concerning "any other member of the putative class" which number

in the hundreds if not thousands, and therefore attempts to seek discovery from absent class members, which is premature and improper at this time.

RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Plaintiff responds that other than those documents filed and/or served in this Action, after a reasonable search, Plaintiff has located no documents in its possession, custody or control regarding any other Plaintiff in the Action.

REQUEST FOR PRODUCTION NO. 17:

All documents from which Lead Plaintiff obtained, received, or derived information relevant to Lead Plaintiff's knowledge, estimation, or determination of the size and composition of the putative class referred to in paragraph 25 of the Complaint.

OBJECTION TO REQUEST FOR PRODUCTION NO. 17:

Plaintiff objects to this Request to the extent it requires the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both. Plaintiff further objects to this Request to the extent it calls for a legal conclusion or requires the application of legal definitions or principles. Plaintiff objects to this Request on the grounds that it seeks documents from publicly available sources, or documents that are in Defendant's possession, custody or control or equally available to Defendant and can be obtained at a burden that is substantially the same as it would be for Plaintiff.

RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Based on the objections above that this Request seeks: (a) information available from publicly available sources or in Defendant's possession; and (b) the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both, Plaintiff will not be producing documents in response to this Request.

REQUEST FOR PRODUCTION NO. 18:

All documents supporting, refuting, or otherwise concerning the allegations in paragraphs 24-29 of the Complaint that this Action is properly maintainable as a class action, including:

(a) All documents supporting, refuting, or otherwise concerning the allegation in paragraph 27 of the Complaint that "Plaintiffs will fairly and adequately protect the interests of Class members";

(b) All documents supporting, refuting, or otherwise concerning the allegation in paragraph 26 of the Complaint that "Plaintiffs' claims are typical of the claims of the members of the Class";

(c) All documents supporting, refuting, or otherwise concerning the allegation in paragraph 28 of the Complaint that "[q]uestions of law and fact common to the members of the class predominate over any questions that may affect only individual members"; and

(d) All documents supporting, refuting, or otherwise concerning the allegation in paragraph 29 of the Complaint that "[a] class action is superior to other available methods for the fair and efficient adjudication of this controversy . . . ."

OBJECTION TO REQUEST FOR PRODUCTION NO. 18:

Plaintiff objects to this Request to the extent it requires the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both. Plaintiff objects to this Request on the grounds that it seeks documents from publicly available sources, or documents that are in Defendant's possession, custody or control or are equally available to Defendant and can be obtained at a burden that is substantially the same as it would be for Plaintiff.  Plaintiff objects to this Request to the extent that the documents sought are not in Plaintiff's possession, custody or control.  Plaintiff further objects to this Request to the extent it calls for a legal conclusion or requires the application of legal definitions or principles.

RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Based on the objections above that this Request is premature and seeks disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both, Plaintiff will not be producing documents in response to this Request.

REQUEST FOR PRODUCTION NO. 19:

All documents concerning the decision(s) made by or on behalf of Construction Laborers Pension Trust of Greater St. Louis for it to seek to become a class representative in the Action, including all documents concerning the circumstances surrounding and the legal authority for such decision(s).

OBJECTION TO REQUEST FOR PRODUCTION NO. 19:

Plaintiff objects to this Request to the extent it requires the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both. Plaintiff objects to this Request on the grounds that the phrase "legal authority" is vague, ambiguous and undefined.  Plaintiff further objects to this Request to the extent it calls for a legal conclusion or requires the application of legal definitions or principles.  Plaintiff objects to this Request on the grounds that the phrase "the circumstances surrounding" is vague and ambiguous.  Plaintiff further objects to this Request as overbroad, unduly burdensome, vague, ambiguous, harassing, not relevant to the claims or defenses at issue in this Action, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this case.

RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

Plaintiff responds that it will produce the Portfolio Monitoring agreement between Robbins Geller Rudman & Dowd LLP and the Pension Trust.  Plaintiff further directs Defendant to its response to Interrogatory No. 6.

REQUEST FOR PRODUCTION NO. 20:

All documents concerning the contemplation of, possibility of, merits of, or actual bringing of a lawsuit against any of the defendants in the Action.

OBJECTION TO REQUEST FOR PRODUCTION NO. 20:

Plaintiff objects to this Request to the extent it requires the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both. Plaintiff objects to this Request as overbroad, unduly burdensome, vague, ambiguous, harassing, not relevant to the claims or defenses at issue in this Action, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this case. Plaintiff further objects to this Request to the extent it seeks information duplicative of other Requests. Plaintiff objects to this Request on the grounds that the phrase "contemplation of" is vague, ambiguous, overbroad and undefined.

RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

Plaintiff responds that it will produce the Portfolio Monitoring agreement between Robbins Geller Rudman & Dowd LLP and the Pension Trust. Based on the objections above that this Request seeks disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both, Plaintiff will not be producing additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 21:

Documents sufficient to show any lawsuits (other than the Action), arbitrations or other proceedings or disputes, relating to securities, in which Construction Laborers Pension Trust of Greater St. Louis, any of the Related Plans, or any of the trustees or fiduciaries of Construction Laborers Pension Trust of Greater St. Louis or any of the Related Plans, has been, is, seeks or has sought to be a party or a named representative of a class or putative class or a member of a class, or

in which any trustee or fiduciary of Construction Laborers Pension Trust of Greater St. Louis or any Related Plan has provided testimony.

<u>OBJECTION TO REQUEST FOR PRODUCTION NO. 21</u>:

Plaintiff objects to this Request on the grounds that the phrase "other proceedings or disputes," is vague, ambiguous, overbroad and undefined.  Plaintiff objects to this Request as overbroad, unduly burdensome, vague, ambiguous, harassing, not relevant to the claims or defenses at issue in this Action, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this case.  Plaintiff objects to this Request to the extent it requires the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both.  Plaintiff objects to this Request on the grounds that it seeks documents or information that is publicly available, or documents or information that is equally available to Defendant and can be obtained at a burden that is substantially the same as it would be for Plaintiff.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 21</u>:

Plaintiff responds by referring Defendant to the certification filed in this Action on April 24, 2017, which lists all filed securities class actions in which Plaintiff has been, is, seeks or has sought to be a party or a named representative of a class from April 21, 2014 through the date of the certification [ECF No. 53-1].  Based on the objections above that this Request seeks: (a) documents not relevant to the claims or defenses at issue in this Action, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this case; and (b) documents or information that is publicly available, Plaintiff will not be producing additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 22:

Documents sufficient to show any lawsuits (other than this Action), arbitrations or other proceedings or disputes that you are or have been engaged in that involve in any manner any defendant in this Action or any putative class member.

OBJECTION TO REQUEST FOR PRODUCTION NO. 22:

Plaintiff objects to this Request on the grounds that the phrase "other proceedings or disputes," is vague, ambiguous, overbroad and undefined.  Plaintiff objects to this Request as overbroad, unduly burdensome, vague, ambiguous, harassing, not relevant to the claims or defenses at issue in this Action, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this case.  Plaintiff objects to this Request to the extent it requires the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both.  Plaintiff objects to this Request on the grounds that it seeks documents from publicly available sources, or documents that are in Defendant's possession, custody or control or are equally available to Defendant and can be obtained at a burden that is substantially the same as it would be for Plaintiff.  Plaintiff further objects to this Request as overbroad, unduly burdensome and harassing because it purports to require Plaintiff to identify each "putative class member," which number in the hundreds, if not the thousands, and whose identities are not known at this time and/or known to Defendant, and also attempts to seek discovery concerning absent class members, which is premature and improper at this time.

RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Plaintiff responds that, after a reasonable search it has located no documents in its possession, custody or control regarding any lawsuits (other than this Action), arbitrations or other proceedings or disputes that Plaintiff is or has been engaged in that involve any defendant in this Action.

REQUEST FOR PRODUCTION NO. 23:

All documents concerning Construction Laborers Pension Trust of Greater St. Louis'
retention of counsel to pursue claims against the defendants in the Action, including all documents
concerning the nature of legal services agreed, anticipated, or expected to be provided by
Construction Laborers Pension Trust of Greater St. Louis' counsel in the Action, all documents
concerning the payment or amount of costs, legal fees, disbursements, or other expenses expected or
anticipated to be incurred by Construction Laborers Pension Trust of Greater St. Louis in the Action,
any written agreements with counsel concerning the payment of such costs and expenses, and all
documents concerning or referring to any limits or restrictions on Construction Laborers Pension
Trust of Greater St. Louis' payment or ability to pay any part of the costs or expenses of the Action.

OBJECTION TO REQUEST FOR PRODUCTION NO. 23:

Plaintiff objects to this Request to the extent it requires the disclosure of information that is
protected from discovery by the attorney-client privilege, the work product doctrine or both.
Plaintiff further objects to this Request as premature since Plaintiff cannot speculate as to what
expenses may be incurred over the course of the litigation.  Plaintiff objects to this Request as
overbroad, unduly burdensome, vague, ambiguous, harassing, not relevant to the claims or defenses
at issue in this Action, not reasonably calculated to lead to the discovery of admissible evidence and
not proportional to the needs of this case.

RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

Plaintiff responds by referring Defendant to the certification it filed on April 24, 2017 [ECF
No. 53-1].  Plaintiff also refers Defendant to its response to Interrogatory No. 6.  Plaintiff responds
that it will produce the Portfolio Monitoring agreement between Robbins Geller Rudman & Dowd
LLP and the Pension Trust.  Based on the objection above that this Request seeks the disclosure of

information that is protected from discovery by the attorney-client privilege, the work product doctrine or both, Plaintiff will not be producing documents in response to this Request.

REQUEST FOR PRODUCTION NO. 24:

All documents relating to the amount of alleged damages claimed by you or by the putative class members in the Action, including any computations of such alleged damages; and all documents from which the alleged damages claimed by you and the putative class members may be computed in whole or in part.

OBJECTION TO REQUEST FOR PRODUCTION NO. 24:

Plaintiff objects to this Request on the grounds that the term "damages" is vague, ambiguous, undefined and calls for a legal conclusion or requires the application of a legal definition or principle.  Plaintiff objects to this Request on the grounds that the phrase "computations of such alleged damages" is vague, ambiguous and undefined.  Plaintiff objects to this Request because it prematurely seeks information related to expert(s) and/or expert testimony or opinion at a time when no experts have been, or are required to be, designated.  Plaintiff further objects to this Request on the grounds that it is overbroad, unduly burdensome and harassing because it purports to require Plaintiff to produce documents concerning "documents relating to the amount of alleged damages claimed by" "putative class members" and therefore attempts to seek discovery from absent class members, which is premature and improper at this time.  Plaintiff further objects to this Request to the extent it requires the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both.

RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Plaintiff refers Defendant to its reponse to Interrogatory No. 12.  Based on the objections above that this Request is premature and seeks: (a) the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both; and (b)

information related to expert(s) and/or expert testimony or opinion at a time when no experts have been, or are required to be, designated, Plaintiff will not be producing documents in response to this Request at this time, but will produce non-privileged documents responsive to this Request at the time agreed to by the parties or ordered by the Court for the disclosure of expert designations and reports.

REQUEST FOR PRODUCTION NO. 25:

All resumes or other documents reflecting or concerning the qualifications of any expert that you or your attorneys have retained in connection with the Action.

OBJECTION TO REQUEST FOR PRODUCTION NO. 25:

Plaintiff objects to this Request to the extent it requires the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both. Plaintiff objects to this Request as premature because it purports to require Plaintiff to disclose "[a]ll resumes or other documents reflecting or concerning the qualifications of any expert" Plaintiff has retained prior to the time the disclosure of experts is required under the Federal Rules of Civil Procedure, the Local Rules, any Court Order and/or agreement by the parties.  Plaintiff further objects to this Request to the extent it seeks documents or information concerning non-testifying consultants Plaintiff has retained, if any.  Such information is protected from disclosure by the work product doctrine and the Federal Rules of Civil Procedure.

RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Plaintiff refers Defendant to its response to Interrogatory No. 9.  Based on the objections above that this Request is premature and seeks: (a) the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both; and (b) information that, at this time, is not required to be disclosed by the Federal Rules of Civil Procedure, the Local Rules, any Court Order and/or agreement by the parties, Plaintiff will not be producing

documents in response to this Request at this time, but will produce non-privileged documents responsive to this Request at the time agreed to by the parties or ordered by the Court for the disclosure of expert designations and reports.

REQUEST FOR PRODUCTION NO. 26:

All documents furnished to any expert retained or consulted for the Action by you or your attorneys, including correspondence, documents submitted for each expert's review and any letter(s) describing the terms under which said expert was engaged.

OBJECTION TO REQUEST FOR PRODUCTION NO. 26:

Plaintiff objects to this Request to the extent it requires the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both. Plaintiff objects to this Request as premature because it purports to require Plaintiff to disclose "[a]ll documents furnished to any expert retained or consulted" by Plaintiff and the "terms" of their engagement prior to the time when the disclosure of experts is required under the Federal Rules of Civil Procedure, the Local Rules, any Court Order and/or agreement by the parties. Plaintiff further objects to this Request because it purports to seek documents or information concerning non-testifying consultants that Plaintiff has retained or expects to retain. Such information is protected from disclosure by the work product doctrine and the Federal Rules of Civil Procedure.

RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Plaintiff refers Defendant to its response to Interrogatory No. 9. Based on the objections above that this Request is premature and seeks: (a) the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both; and (b) information that, at this time, is not required to be disclosed by the Federal Rules of Civil Procedure, the Local Rules, any Court Order and/or agreement by the parties, Plaintiff will not be producing documents in response to this Request at this time, but will produce non-privileged documents

responsive to this Request at the time agreed to by the parties or ordered by the Court for the disclosure of expert designations and reports.

REQUEST FOR PRODUCTION NO. 27:

All documents received from or generated by all experts retained or consulted for the Action by you or your attorneys, including correspondence, reports, studies or analyses, bills, invoices and commissions.

OBJECTION TO REQUEST FOR PRODUCTION NO. 27:

Plaintiff objects to this Request to the extent it requires the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both. Plaintiff objects to this Request as premature because it purports to require Plaintiff to disclose "documents received from or generated by all experts retained or consulted" by Plaintiff prior to the time when the disclosure of experts is required under the Federal Rules of Civil Procedure, the Local Rules, any Court Order and/or agreement by the parties.  Plaintiff further objects to this Request because it purports to seek documents concerning any non-testifying consultants that Plaintiff has retained or consulted, if any.  Such information is protected from disclosure by the work product doctrine and the Federal Rules of Civil Procedure.

RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Plaintiff refers Defendant to its response to Interrogatory No. 9.  Based on the objections above that this Request is premature and seeks: (a) the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine or both; and (b) information that, at this time, is not required to be disclosed by the Federal Rules of Civil Procedure, the Local Rules, any Court Order and/or agreement by the parties, Plaintiff will not be producing documents in response to this Request at this time, but will produce non-privileged documents

responsive to this Request at the time agreed to by the parties or ordered by the Court for the

disclosure of expert designations and reports.

DATED:  April 26, 2018

ROBBINS GELLER RUDMAN
  & DOWD LLP
MAUREEN E. MUELLER
KATHLEEN B. DOUGLAS


_____
MAUREEN E. MUELLER

120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ
FRANK A. RICHTER
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN C. HERMAN
PETER M. JONES
3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA  30326
Telephone:  404/504-6500
404/504-6501 (fax)

***Lead Counsel for Plaintiff***

- 42 -

THE OFFICE OF CRAIG C. REILLY
CRAIG C. REILLY, VSB #20942
111 Oronoco Street
Alexandria, VA 22314
Telephone: 703/549-5354
703/549-2604 (fax)
craig.reilly@ccreillylaw.com

*Liaison Counsel*

VANOVERBEKE MICHAUD &
 TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

*Additional Counsel for Plaintiff Wayne County*
*Employees' Retirement System*


<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on April 26, 2018, a true and correct copy of the foregoing was

served via e-mail on all counsel of record.


_____
MAUREEN E. MUELLER