IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| STEVEN KNURR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff(s),<br><br>v.<br><br>ORBITAL ATK, INC., DAVID W. THOMPSON, and GARRETT E. PIERCE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:16-cv-01031-TSE-MSN<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF DOUGLAS A. FELLMAN

I, Douglas A. Fellman, declare as follows:

1. The May 2, 2018 declaration of Douglas A. Fellman in this matter is hereby incorporated by reference.

2. Further to witness interview reports, the following information is provided.

3. The rough attorney notes and draft interview memoranda (the "Privileged Material") underlying the final witness interview reports that were used in providing oral briefings to the Enforcement Division of the United States Securities and Exchange Commission ("SEC"), and that have been produced to Plaintiffs, reflect confidential communications between employees and former employees of Orbital ATK, Inc., on the one hand, and Orbital ATK, Inc.'s outside counsel, Hogan Lovells US LLP ("Hogan Lovells"), on the other hand, made in connection with an investigation that Hogan Lovells performed at the instruction of its client.

4.     At the outset of each of the interviews that are the subject of these Privileged Materials, Upjohn disclosures were provided to the witness.

5.     The Privileged Materials have never been disclosed to the SEC or to anyone else outside of the Hogan Lovells/Alvarez & Marsal investigative team.

6.     The Privileged Materials have never been disclosed to anyone outside of the Hogan Lovells/Alvarez & Marsal investigative team. They have never even been disclosed to Hogan Lovells' client, Orbital ATK, Inc.

7.     Hogan Lovells has no intention of disclosing the Privileged Materials to its client, to any of the other Defendants in this case, to any of the employees or former employees who were interviewed, or to anyone else (unless ordered to do so by this Court).

8.     Hogan Lovells has not used in any proceeding, and does not intend to use in any future proceeding, any of the withheld Privileged Materials.

9.     The final witness interview reports that were used in providing oral briefings to the SEC were intended by Hogan Lovells to be final versions of the interview reports, and were final versions, which have never since been revised. In contrast, the Privileged Materials being withheld here are rough and preliminary in nature. The Privileged Materials pre-dated preparation of the final witness interview reports that were used in providing oral briefings to the SEC.

10.    Although the Privileged Materials and the final witness interview reports used in providing oral briefings to the SEC have overlapping subject matter, it is not the case that these materials are identical in all respects. The final witness interview reports incorporate the evaluations, interpretations, and clarifications of the Hogan Lovells/Alvarez & Marsal

2

investigative team, and the wording of the final witness interview reports that were used in providing oral briefings to the SEC.

11. In the process of creating the final interview reports that were used in providing oral briefings to the SEC, the Hogan Lovells/Alvarez & Marsal investigative team relied upon their thoughts, mental impressions, and professional judgment and expertise.

12. I declare under penalty of perjury that the foregoing is true and correct to the best of my belief and recollection.

Executed on the 20th of June, 2018.

Douglas A. Fellman