IN THE UNITED STATES DISTRICT CIRCUIT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| STEVEN KNURR, et al., )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>ORBITAL ATK, INC., *et al.*, )<br>)<br>  Defendants. )<br>)<br>) | Civil Action No.: 1:16-cv-01031-TSE-MSN<br><br><u>CLASS ACTION</u> |

**MEMORANDUM IN SUPPORT OF MOTION TO SEAL**

Defendants move for leave to file a redacted brief and one redacted exhibit (Doc. #s. 194 and 195-6, respectively) under seal (filed under seal as Doc. #s 197-198). See E.D. VA. CIV. R. 5(C). Defendants seek to seal those materials solely because Defendants have asserted that this information is confidential. As explained below, the sealing motion should be granted.

**THE PROCEDURAL REQUIREMENTS FOR SEALING HAVE BEEN MET.**

Under the local rules, a party may file a motion to seal together with the proposed sealed filings. E.D.VA.CIV.R 5(C). Thereafter, the Court will determine whether the sealing or redactions are proper. Defendants followed that practice in this motion. Under Fourth Circuit law, the district court must do the following prior to sealing any court records:

> (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). Each procedural requirement has been met here by Defendants' sealing motion.

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *Id.* In accordance with Local Civil Rule 5(C) procedures, this sealing motion has been publicly docketed in advance of any sealing ruling, satisfying the first requirement. To satisfy the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. Here, Defendants have used limited sealing measures (redacting the brief and sealing one exhibit, but not sealing its entire filing) which the Court should find is proper.

To satisfy the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard—either the First Amendment or common law. Here, the redacted and sealed material contains confidential business information concerning the Company's accounting policies, including accounting procedures for contracts, as well as confidential information related to an internal investigation conducted by outside counsel. Further, the limited redactions and sealed material sealed falls within the definition of "Confidential Discovery Material" in the Stipulated Protective Order (Doc. 125). Specifically, this material is "non-public, confidential, personal, proprietary, customer, client, or commercially sensitive information that is of such a nature and character that [Defendants] in good faith reasonably believe[] the disclosure of such information is likely to cause substantial injury . . . that cannot be avoided by less restrictive means." Doc. 125 at 3-4. Defendants have no other means to respond to Plaintiffs' motion other than to address the issues specifically raised. In

seeking to redact confidential discovery material, Defendants have sought the least invasive solution to protect material that should properly remain confidential, while still providing the interested public the opportunity to access non-confidential information related to this litigation.

## CONCLUSION

Accordingly, since the procedural requirements have been satisfied, and assuming that Defendants respond and make the requisite showing to overcome the public right of access, the Court should grant the motion to seal.

Dated: June 20, 2018
       Washington, DC

                         Respectfully submitted,

                         SHEARMAN & STERLING

                          /s/ Lyle Roberts
                         Lyle Roberts (Va. Bar No. 45808)
                         George Anhang (*pro hac vice*)
                         401 9th Street, N.W.
                         Suite 800
                         Washington, DC 20004
                         Telephone: (202) 508-8000
                         Facsimile: (202) 508-8100
                         lyle.roberts@shearman.com
                         george.anhang @shearman.com

                         Daniel C. Lewis (*pro hac vice*)
                         599 Lexington Avenue
                         New York, NY 10022
                         Telephone: (212) 848-4000
                         Facsimile: (212) 848-7179
                         daniel.lewis@shearman.com

                         *Counsel for Defendants Orbital ATK, Inc., David W. Thompson, Garrett E. Pierce, Blake E. Larson, and Hollis Thompson*

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of June 2018, a true and correct copy of the foregoing was served via CM/ECF filing on all counsel of record.

                                                    /s/ Lyle Roberts
Lyle Roberts (Va. Bar No. 45808)
401 9th Street, N.W.
Suite 800
Washington, DC 20004
Telephone: (202) 508-8000
Facsimile: (202) 508-8100
lyle.roberts@shearman.com

*Counsel for Defendants Orbital ATK, Inc., David W. Thompson, Garrett E. Pierce, Blake E. Larson and Hollis Thompson*