# EXHIBIT A

1

                    UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                        ALEXANDRIA DIVISION

STEVEN KNURR, Individually      .      Civil Action No. 1:16cv1031
and On Behalf of All Others     .
Similarly Situated; and         .
CONSTRUCTION LABORERS PENSION   .
TRUST OF GREATER ST. LOUIS,     .
                                .
              Plaintiffs,        .
                                .
      vs.                       .      Alexandria, Virginia
                                .      May 4, 2018
ORBITAL ATK, INC., et al.,      .      10:12 a.m.
                                .
              Defendants.        .
                                .
. . . . . . . . . . .

                    TRANSCRIPT OF MOTION HEARING
              BEFORE THE HONORABLE MICHAEL S. NACHMANOFF
                   UNITED STATES MAGISTRATE JUDGE

<u>APPEARANCES</u>:

FOR THE PLAINTIFFS:             KATHLEEN B. DOUGLAS, ESQ.
                                Robbins Geller Rudman & Dowd LLP
                                120 East Palmetto Park Road
                                Suite 500
                                Boca Raton, FL 33432
                                  and
                                JOHN C. HERMAN, ESQ.
                                Robbins Geller Rudman & Dowd LLP
                                3424 Peachtree Road, N.E.
                                Suite 1650
                                Atlanta, GA 30326
                                  and
                                CRAIG C. REILLY, ESQ.
                                Law Office of Craig C. Reilly
                                111 Oronoco Street
                                Alexandria, VA 22314

                   (APPEARANCES CONT'D. ON PAGE 2)

                         (Pages 1 - 61)

(Proceedings recorded by electronic sound recording, transcript
 produced by computerized transcription.)

1    here.  We're dealing with conversations to Northrop that are

2    alleged to have constituted a waiver of some kind, if not a

3    subject matter waiver, when they didn't, conversations with the

4    SEC that are alleged to have constituted a waiver, if not a

5    subject matter waiver, when they didn't.

6           And then beyond that, as, as I demonstrated, I think,

7    at the outset, there is this free-floating subject matter

8    waiver argument in which the plaintiffs use the right

9    buzzwords:  sword/shield, at issue, but when you look closely,

10   Your Honor, it doesn't comport with Rule 502, as it should, and

11   it doesn't attach itself to any particular doctrine or line of

12   cases, and we readily admit, Your Honor, that where a party

13   puts the nature of an attorney-client relationship at issue as

14   in a legal malpractice case, you don't necessarily need a

15   disclosure by the client of privileged communications or work

16   product.

17          There is because of the nature of that claim, because

18   you cannot prove legal malpractice, courts say, without

19   necessarily bringing into the case privileged and work product

20   information, in that context, there is waiver notwithstanding

21   502's limitation, and in the context, Your Honor, of advice of

22   counsel, there again, we freely admit that in the advice of

23   counsel context, as soon as you say "advice of counsel" in an

24   affirmative defense, for example, you are deemed thereby to

25   have opened the door.

1              There's no advice of counsel defense.  There's

2     nothing like it.  There's no investigative advice defense that

3     we're raising.  The affirmative defenses that the plaintiff

4     points to in, in our answer, A, don't mention the

5     word "investigation."  I think it's wishful thinking on their

6     part that somehow those affirmative defenses involve the

7     investigation.

8              I can represent to you, Your Honor, that the

9     affirmative defenses at issue do not involve the investigation.

10    There's no --

11             THE COURT:  Well, let me ask you a couple of

12    questions to clarify that.

13             MR. ANHANG:  Please.

14             THE COURT:  Does Orbital or do any of the defendants

15    intend to rely on the results of the investigation or the

16    investigation in any way at a trial of this matter?

17             MR. ANHANG:  Only to the extent necessary to respond

18    to ways in which the plaintiffs inject the investigation into

19    this case, forcing us to decide how to respond and perhaps

20    responding in a way that necessarily refers to the

21    investigation.

22             But if the plaintiffs here today represent to you,

23    Your Honor -- and they seem to think that we're the ones who

24    dragged the investigation into this case, and understand that

25    what I'm about to say is something for which I would need

44

1    other respects, it's simply that the plaintiffs here are

2    mischaracterizing it, but in any event, in *Royal Ahold*, the

3    company there said that the investigation was being conducted

4    to satisfy the auditors and there was no such statement here,

5    and besides, *Royal Ahold* was looking at a, sort of a driving

6    force-type inquiry into the anticipation of litigation

7    analysis, which is not the controlling analysis, Your Honor.

8            I think I understood plaintiffs' counsel to accept

9    the proposition that this case is covered by the Federal Rules

10   of Evidence, including 502, but if you take a close look at it,

11   and again, take a close look at the language that I quoted from

12   the explanatory note, that what the subject matter waiver

13   limitation within that rule is intended to do, it's intended to

14   apply where the party at issue puts protected material into the

15   litigation in a way that's selective and misleading.

16           It's quite clear that the fact that there was a

17   disclosure here to the SEC pursuant to a confidentiality

18   agreement does not all of a sudden open the floodgates here

19   with respect to work product and doesn't even justify an in

20   camera review.  An in camera review is not a consolation prize

21   that you're entitled to when you can't satisfy --

22           THE COURT:  It's certainly not a consolation prize

23   for the Court.

24           MR. ANHANG:  I couldn't agree more, Your Honor, but

25   when the courts are clear that it is the plaintiffs here who

50

1          In a substantial completion world, we did not

2   understand there to be a requirement that a log be produced for

3   everything by May 1, and I don't think the plaintiffs

4   understood that either, Your Honor.

5          THE COURT:  Let's assume for a moment that I'm not

6   persuaded by your arguments and I believe that the plaintiffs

7   are entitled to some documents that they have not yet received.

8   I believe you've made an argument that whatever notes were

9   prepared during this internal investigation of witness

10  interviews were so intertwined with mental impressions and

11  attorney work product that they should not be turned over

12  perhaps even in a redacted form, or do I misunderstand what

13  you've said to me before?

14         MR. ANHANG:  Well, I think that under a 502(a)

15  analysis, early evidence 502, as well as all the cases on work

16  product waiver and nonwaiver, including opinion work product

17  waiver and nonwaiver, I don't think the circumstances here

18  justify a finding that there's been a waiver of any form of

19  work product by the failure to produce a log by May 1, Your

20  Honor.

21          And this is an issue I would submit has not been

22  briefed, Your Honor, and we would welcome the opportunity -- if

23  Your Honor sees the issue here as coming down to the -- to

24  privilege log, and in their reply, instructively, Your Honor,

25  the plaintiffs --

55

1    recess.  I will try and come to some conclusions and rule from

2    the bench shortly, but I hate to prolong this, we all have many

3    other things to do today, but I think we'll be better served if

4    I take a few minutes to collect my thoughts.

5             Court will be in recess.

6             (Recess from 11:26 a.m., until 11:40 a.m.)

7             THE COURT:  This matter comes before the Court on

8    plaintiffs' motion to compel with regards to documents related

9    to the internal investigation.  I have listened to the

10   arguments of counsel and reviewed the pleadings and tried my

11   best to understand the issues here.  I find that the motion

12   should be granted.

13            Claims of privilege are disfavored.  They shield

14   evidence from the truth-seeking process.  The party asserting

15   privilege has the burden to show specifically why information

16   should be withheld.

17            The first question that the Court has examined is

18   whether or not the information sought was created in

19   anticipation of litigation.  Litigation, of course, is always

20   possible, especially in these circumstances, but it's clear

21   that in this circumstance, Orbital had other independent

22   reasons reflected in their own documents for conducting this

23   investigation.

24            I find that the *Royal Ahold* case is on point in many

25   respects.  I have looked carefully at the defendants' arguments

56

1   and cases and at their emphasis on Federal Rule of Evidence

2   502(a), and I do not find that it precludes turning over

3   information sought.

4           However, I find -- and plaintiff has conceded that

5   this case is really about -- this matter is really about a

6   limited request for witness interviews if such documents exist,

7   and this motion is being granted based on that narrowed

8   request.

9           I find that to the extent witness interview reports

10  were created during the course of the internal investigation in

11  any form, whether handwritten, typed, or transcribed, whether

12  verbatim or summarized, that they must be turned over, although

13  I find that defendant may redact from those reports any opinion

14  of counsel in the form of mental impressions or thoughts, legal

15  analysis, marginal notes, if such things are still done by

16  attorneys or investigators.

17          I'm going to require that these documents be turned

18  over to the plaintiff, and they can be turned over in their

19  redacted form.  I will give the plaintiff an opportunity to

20  challenge those redactions if they believe there is a basis for

21  doing so.  I am not encouraging the parties to do so, and once

22  again, I'm encouraging counsel to work collaboratively even in

23  less than ideal circumstances to move this litigation forward.

24          I will say that if the redactions are challenged and

25  I review in camera a sample of those unredacted interviews and

57

1   find that the redactions are not appropriate, I may find that

2   not only with regard to the samples but with regard to all

3   reports, that unredacted versions will have to be turned over.

4   So I am saying this up front to encourage the parties and the

5   defendant to be very careful in redacting what is appropriate

6   in this case.

7          I am not going to require -- I'm denying the motion

8   with regard to Northrop Grumman.  I do find that the common

9   interest does apply.  I am finding, consistent with *Royal*

10  *Ahold*, that these witness interviews that were conveyed in oral

11  form and relied upon through the documents and notes taken are

12  the subject matter that should be turned over.

13         Is there anything that I have failed to address with

14  regard to legal or factual issues that are before the Court

15  right now?  I certainly understand -- we'll address the timing

16  of this in one moment.  I certainly understand that there may

17  be differences of opinion over my ruling, but is what I have

18  said clear to the parties?

19         MS. DOUGLAS:  If I may, Your Honor?  What about any

20  sort of reports that stemmed from the investigations?  I assume

21  those would fall under your order as well?

22         THE COURT:  Come, come to the podium, please.

23  Investigative reports meaning the, some sort of analysis of the

24  entire investigation?

25         MS. DOUGLAS:  An analysis of the underlying memos,