IN THE UNITED STATES DISTRICT CIRCUIT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| STEVEN KNURR, et al., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:16-cv-01031-TSE-MSN |
| | ) | |
| v. | ) | <u>CLASS ACTION</u> |
| | ) | |
| ORBITAL ATK, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### MEMORANDUM IN SUPPORT OF MOTION TO SEAL

Defendants move for leave to file a redacted brief (Doc. 206) under seal (filed under seal as Doc. 207).  See E.D. VA. CIV. R. 5(C).  As explained below, the sealing motion should be granted.

### THE PROCEDURAL REQUIREMENTS FOR SEALING HAVE BEEN MET.

Under the local rules, a party may file a motion to seal together with the proposed sealed filings.  E.D.VA.CIV.R 5(C).  Thereafter, the Court will determine whether the sealing or redactions are proper.  Defendants followed that practice in this motion.  Under Fourth Circuit law, the district court must do the following prior to sealing any court records:

> (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). Each procedural requirement has been met here by Defendants' sealing motion.

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object."  *In re Knight*

*Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *Id.* In accordance with Local Civil Rule 5(C) procedures, this sealing motion has been publicly docketed in advance of any sealing ruling, satisfying the first requirement.

To satisfy the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. Here, Defendants have gone to great lengths to minimize the redactions. Indeed, Defendants have only redacted 24 words out the 5,522 word brief, and is not asking for any documents to be sealed in this filing. To satisfy the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard—either the First Amendment or common law. Here, the redacted information relates to confidential statements made during an internal investigation conducted by Defendants' outside counsel about the Company's alleged business practices. Further, the limited redactions fall within the definition of "Confidential Discovery Material" in the Stipulated Protective Order (Doc. 125). Specifically, this material is "non-public, confidential, personal, proprietary, customer, client, or commercially sensitive information that is of such a nature and character that [Defendants] in good faith reasonably believe[] the disclosure of such information is likely to cause substantial injury . . . that cannot be avoided by less restrictive means." Doc. 125 at 3-4. Defendants have no other means to respond to Plaintiffs' motion other than to address the issues specifically raised in their argument. In seeking to redact less than 0.5% of is brief, Defendants have sought the least invasive solution to protect material that should properly remain confidential, while still providing the interested public the opportunity to access non-confidential information related to this litigation.

## CONCLUSION

Accordingly, since the procedural requirements have been satisfied, and assuming that Defendants respond and make the requisite showing to overcome the public right of access, the Court should grant the motion to seal.

Dated:  June 21, 2018
       Washington, DC

                                  Respectfully submitted,

                                  SHEARMAN & STERLING

                                  */s/ Lyle Roberts*
                                  Lyle Roberts (Va. Bar No. 45808)
                                  George Anhang (*pro hac vice*)
                                  401 9th Street, N.W.
                                  Suite 800
                                  Washington, DC 20004
                                  Telephone: (202) 508-8000
                                  Facsimile: (202) 508-8100
                                  lyle.roberts@shearman.com
                                  george.anhang@shearman.com

                                  Daniel C. Lewis (*pro hac vice*)
                                  599 Lexington Avenue
                                  New York, NY 10022
                                  Telephone: (212) 848-4000
                                  Facsimile: (212) 848-7179
                                  daniel.lewis@shearman.com

                                  *Counsel for Defendants Orbital ATK, Inc.,*
                                  *David W. Thompson, Garrett E. Pierce, Blake*
                                  *E. Larson, and Hollis Thompson*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June 2018, a true and correct copy of the

foregoing was served via CM/ECF filing on all counsel of record.


   */s/ Lyle Roberts*
Lyle Roberts (Va. Bar No. 45808)
401 9th Street, N.W.
Suite 800
Washington, DC 20004
Telephone: (202) 508-8000
Facsimile: (202) 508-8100
lyle.roberts@shearman.com

*Counsel for Defendants Orbital ATK, Inc.,*
*David W. Thompson, Garrett E. Pierce, Blake*
*E. Larson and Hollis Thompson*