IN THE UNITED STATES DISTRICT CIRCUIT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| STEVEN KNURR, et al., | ) <br> ) |
| Plaintiff, | ) Civil Action No.: 1:16-cv-01031-TSE-MSN <br> ) |
| v. | ) CLASS ACTION <br> ) |
| ORBITAL ATK, INC., *et al.*, | ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SEAL**

Defendants[1] file this memorandum in response to Plaintiffs' Motion to Seal (ECF 177). In Plaintiffs' motion, Plaintiffs moved to seal material that Defendants have designated as confidential. In accordance with the Local Rules of this Court, Defendants respond to the motion as follows:

*First*, the documents to be sealed are certain materials revealing sensitive, confidential business and financial matters that were the subject of the Orbital ATK, Inc. internal investigation, including certain "witness interview reports" referenced in this Court's Order dated May 4, 2018, and also referenced in, *inter alia*, the Declarations of Douglas A. Fellman previously filed with the court (ECF 157 & 196).  Defendants incorporate these Declarations into this response.  The Declarations explain, *inter alia*, that the "interview memoranda . . . reflect confidential communications between employees and former employees of Orbital ATK, Inc. on the one hand, and Orbital ATK Inc.'s outside counsel, Hogan Lovells US LLP ("Hogan Lovells"), on the other hand, made in connection with an investigation that Hogan Lovells

---

[1] The term "Defendants" as used herein refers to all Defendants in this action other than Mark DeYoung.

performed at the instruction of its client. . . . the final witness interview reports incorporate the evaluations, interpretations, and clarifications of the Hogan Lovells/Alvarez & Marsal investigative team, and the wording of the final witness interview reports were used in providing oral briefings to the SEC." Declaration at 1-3 (ECF 196).

*Second*, sealing is warranted because the documents sought to be sealed are confidential, sensitive, and otherwise meet the standards of both the Stipulated Protective Order entered in this case (ECF 125) and the governing case law for sealing in the Fourth Circuit. Specifically, these documents were properly marked confidential pursuant to the Protective Order, and permanent sealing is warranted, because of the highly confidential (and in the case of the interview reports, privileged and work product) nature of the documents. As noted above, the documents at issue include interview reports drafted by attorneys in connection with an internal investigation into internal corporate practices at Orbital ATK. Defendants respectfully contend that in circumstances in which it is the position of a party that documents are of a confidential, privileged, and work product nature, it is proper for that party – as Defendants do here – to continue to take all reasonable steps to protect against the public disclosure of such material (even where a court has ordered disclosure of some or all of the documents at issue to other parties in the case). *See, e.g.*, *In re Grand Jury Proceedings*, 727 F.2d 1352, 1357 (4th Cir. 1984) ("Any disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship waives the attorney-client privilege.") (citing *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)).

Further, all the material at issue falls within the definition of "Confidential Discovery Material" in the Stipulated Protective Order (ECF 125). In view of, *inter alia*, the confidential, financial and business nature of the subject matter of the investigation as to which the documents

at issue relate,[2] the documents on their face plainly contain and reflect "non-public, confidential, . . . proprietary, customer, [and] commercially sensitive information that is of such a nature and character that [Defendants] in good faith reasonably believe[] the disclosure of such information is likely to cause substantial injury . . . that cannot be avoided by less restrictive means." ECF 125 at 3-4.

Courts have protected various similar forms of sensitive business information from disclosure. *See*, *e.g.*, *ZUP, LLC v. Nash Mfg., Inc.*, No. 3:16-CV-125-HEH, 2016 WL 11082038, at *1 (E.D. Va. Oct. 27, 2016) (granting motion to seal parties' confidential information regarding (i) their pricing, sourcing, and business strategies and (ii) labor and material costs for manufacturing certain recreational water devices); *Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 1:15-CV-274, 2017 WL 6001818, at *5 (M.D.N.C. Dec. 4, 2017) (sealing exhibits containing corporate financial information such as "detailed information on the budgeted and actual sales quantity, gross profits, discounts, net price, cost of goods sold, of products at issue in the trial, as well as pricing and sales data[,] market strategies, business plans, product lifecycle management, and analysis of competition); *see also*, *e.g.*, *W. Insulation, L.P. v. Moore*, No. CIV.A. 305CV602-JRS, 2006 WL 208590, at *3 (E.D. Va. Jan. 25, 2006). For reasons indicated *supra*, the documents at issue here are even more sensitive and confidential than the materials protected by the above-noted courts.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant the motion. In the event the Court should require any further argument or factual information regarding the matters set forth in this response, Defendants respectfully request that they be

---

[2] The sensitive financial and business nature of the matters at issue is made clear in the pleadings and other court filings in this case.

given an opportunity to provide such additional material, and upon the request of the Court, would do so immediately.

Dated:  June 22, 2018
        Washington, DC

        Respectfully submitted,

        **SHEARMAN & STERLING**

        */s/ Lyle Roberts*
Lyle Roberts (Va. Bar No. 45808)
George Anhang (*pro hac vice*)
401 9th Street, N.W.
Suite 800
Washington, DC 20004
Telephone: (202) 508-8000
Facsimile: (202) 508-8100
lyle.roberts@shearman.com
george.anhang @shearman.com

Daniel C. Lewis (*pro hac vice*)
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
daniel.lewis@shearman.com

*Counsel for Defendants Orbital ATK, Inc., David W. Thompson, Garrett E. Pierce, Blake E. Larson, and Hollis Thompson*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June 2018, a true and correct copy of the foregoing was served via CM/ECF filing on all counsel of record.

      /s/ Lyle Roberts
Lyle Roberts (Va. Bar No. 45808)
401 9th Street, N.W.
Suite 800
Washington, DC 20004
Telephone: (202) 508-8000
Facsimile: (202) 508-8100
lyle.roberts@shearman.com

*Counsel for Defendants Orbital ATK, Inc., David W. Thompson, Garrett E. Pierce, Blake E. Larson and Hollis Thompson*