# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| STEVEN KNURR, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>ORBITAL ATK, INC., *et al.*,<br><br>    Defendants. | Civil Action No.  1:16-cv-01031-TSE-MSN<br><br><u>CLASS ACTION</u> |

**ORBITAL ATK, INC., DAVID W. THOMPSON, GARRETT E. PIERCE, BLAKE E. LARSON, AND HOLLIS M. THOMPSON'S RESPONSES TO PLAINTIFFS'
<u>FIRST SET OF REQUESTS FOR ADMISSION</u>**

**PROPOUNDING PARTY:**  **CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS AND WAYNE COUNTY EMPLOYEES RETIREMENT SYSTEM**

**RESPONDING PARTIES:**  **ORBITAL ATK, INC., DAVID W. THOMPSON, GARRETT E. PIERCE, BLAKE E. LARSON, AND HOLLIS M. THOMPSON**

**SET NUMBER:**  **ONE**

Pursuant to Federal Rules of Civil Procedure Rules 26 and 36, Defendants Orbital ATK, Inc., David W. Thompson, Garrett E. Pierce, Blake E. Larson, and Hollis M. Thompson (the "Responding Defendants")[1] hereby respond to Plaintiffs Construction Laborers Pension Trust of Greater St. Louis and Wayne County Employees Retirement System's ("Plaintiffs") first set of requests for admissions ("RFAs"), dated April 4, 2018.

Responding Defendants' gathering, review and production of relevant documents in this case has not been completed, and there may be documents or information relating to the matters

---

[1] The term "Individual Responding Defendants" herein will refer to David W. Thompson, Garrett E. Pierce, Blake E. Larson, and Hollis M. Thompson.

that are the subject of these RFAs that have not yet been gathered and reviewed. Responding Defendants expressly reserve the right to revise, correct, clarify, supplement, or amend these Responses, and their Objections to Plaintiff's First Set of Requests for Admission dated April 19, 2018 ("Objections"), at a later time. Responding Defendants reserve all objections to the admissibility of any information supplied herein. The fact that Responding Defendants supply any information in response to any of Plaintiffs' RFAs does not constitute any admission by Responding Defendants that such information is relevant, material, admissible in evidence, or reasonably calculated to lead to the discovery of admissible evidence or proportional to the needs of this litigation. Responding Defendants reserve their rights to object to further inquiry with respect to the subject matter of any discovery request or the use of any information contained herein for any purpose. All responses are made subject to and without waiver of Responding Defendants' Objections.

<u>RESPONSES TO INDIVIDUAL RFAS</u>

Without waiving or limiting in any manner any of their Objections, but rather incorporating them into each of the following Responses insofar as they are applicable, Responding Defendants respond to the RFAs as follows:

**REQUEST FOR ADMISSION NO. 1:**

Admit that the average daily trading volume of Orbital ATK common stock was more than 450,000 shares during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admitted.

**REQUEST FOR ADMISSION NO. 2:**

Admit that the average weekly trading volume of Orbital ATK common stock was more than 2 million shares during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Admitted.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Orbital ATK was eligible to file a Form S-3 registration statement with the Securities Exchange Commission at all times during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Admitted.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the market capitalization of Orbital ATK averaged more than $4.5 billion during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Admitted.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Orbital ATK was followed by more than 15 analyst firms during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Admitted.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Orbital ATK's common stock traded in an efficient market during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Responding Defendants stand on their Objections.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the Prior Accounting Policy violated GAAP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Consistent with their Objections, Responding Defendants interpret this RFA as asking Responding Defendants to admit that the Prior Accounting Policy was not in accordance with generally accepted accounting principles.

Admitted.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the Prior Accounting Policy caused Orbital ATK to understate estimated costs on the Lake City Contract.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Denied.   The Prior Accounting Policy caused Alliant/Orbital ATK not to accelerate approximately $32 million of the forward loss under the Lake City Contract at contract signing, but the Policy did not itself cause the underlying program costs to produce ammunition to be understated.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Alliant excluded general and administrative costs in the measurement of forward losses on the Lake City Contract prior to February 9, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Admitted.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Hollis Thompson's employment was terminated by Orbital ATK.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Consistent with their Objections, Responding Defendants interpret this RFA as asking Responding Defendants to admit that Hollis Thompson's employment relationship with Orbital ATK, Inc. ended on some other basis than Mr. Thompson's voluntary resignation.

Denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Hollis Thompson's cessation of employment with Orbital ATK was not voluntary.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit that you produced documents to the Securities Exchange Commission in connection with the "non-public investigation by the Securities and Exchange Commission" referenced on page 16 of the 2015 Form 10-KT/A.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Orbital ATK: Admitted, inasmuch as documents were produced to the SEC through Orbital ATK's attorneys.

Individual Responding Defendants: Denied, inasmuch as no Individual Responding Defendant personally produced any documents.

**REQUEST FOR ADMISSION NO. 13:**

Admit that you produced documents to the Securities Exchange Commission in connection with the matters Orbital ATK "voluntarily self-reported" to the Securities Exchange Commission, as described on page 23 of the 2015 Form 10-KT/A.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Orbital ATK: Admitted, inasmuch as documents were produced to the SEC through Orbital ATK's attorneys.

Individual Responding Defendants: Denied, inasmuch as no Individual Responding Defendant personally produced any documents.

**REQUEST FOR ADMISSION NO. 14:**

Admit that you have provided the Securities Exchange Commission with documents prepared in connection with the Internal Investigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Denied.

**REQUEST FOR ADMISSION NO. 15:**

Admit that you have provided the Securities Exchange Commission with documents obtained by Outside Counsel in connection with the Internal Investigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Orbital ATK: Admitted, inasmuch as documents were produced to the SEC through Orbital ATK's attorneys.

Individual Responding Defendants: Denied, inasmuch as no Individual Responding Defendant personally produced any documents.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you have provided the Securities Exchange Commission with information obtained from persons interviewed in connection with the Internal Investigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Responding Defendants interpret the word "provided" in this RFA to include information provided orally.

Orbital ATK: Admitted, inasmuch as information was provided to the SEC through Orbital ATK's attorneys.

Individual Responding Defendants: Denied, inasmuch as no Individual Responding Defendant personally provided any information.

**REQUEST FOR ADMISSION NO. 17:**

Admit that you have provided the Securities Exchange Commission with the names of persons interviewed in connection with the Internal Investigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Consistent with their Objections, Responding Defendants interpret the word "provided"

in this RFA to include information provided orally.

Orbital ATK: Admitted, inasmuch as information was provided to the SEC through Orbital ATK's attorneys.

Individual Responding Defendants: Denied, inasmuch as no Individual Responding Defendant personally provided any information.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you have discussed the Internal Investigation with the Securities Exchange Commission.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Orbital ATK: Admitted, inasmuch as information was provided to the SEC through Orbital ATK's attorneys.

Individual Responding Defendants: Denied, inasmuch as no Individual Responding Defendant personally provided any information.

**REQUEST FOR ADMISSION NO. 19:**

Admit that you have provided Northrop Grumman with documents prepared in connection with the Internal Investigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Denied.

**REQUEST FOR ADMISSION NO. 20:**

Admit that you have provided Northrop Grumman with documents obtained by Outside Counsel in connection with the Internal Investigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Consistent with their Objections, Responding Defendants interpret the word "provided"

in this RFA to include information provided orally.

Denied.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you have provided Northrop Grumman with information obtained from persons interviewed in connection with the Internal Investigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Consistent with their Objections, Responding Defendants interpret the word "provided" in this RFA to include information provided orally.

Denied.

**REQUEST FOR ADMISSION NO. 22:**

Admit that you have provided Northrop Grumman with the names of persons interviewed in connection with the Internal Investigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Consistent with their Objections, Responding Defendants interpret the word "provided" in this RFA to include information provided orally.

Denied.

**REQUEST FOR ADMISSION NO. 23:**

Admit that you have discussed the Internal Investigation with Northrop Grumman.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Orbital ATK: Admitted.

David Thompson: Denied.

Blake Larson: Denied.

Garrett Pierce: Denied.

Hollis Thompson: Denied.

**REQUEST FOR ADMISSION NO. 24:**

Admit that you have provided PwC with documents prepared in connection with the Internal Investigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Orbital ATK: Admitted.

David Thompson: Denied.

Blake Larson: Denied.

Garrett Pierce: Denied.

Hollis Thompson: Denied.

**REQUEST FOR ADMISSION NO. 25:**

Admit that you have provided PwC with documents obtained by Outside Counsel in connection with the Internal Investigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Orbital ATK: Admitted.

David Thompson: Denied.

Blake Larson: Denied.

Garrett Pierce: Denied.

Hollis Thompson: Denied.

**REQUEST FOR ADMISSION NO. 26:**

Admit that you have provided PwC with information obtained from persons interviewed in connection with the Internal Investigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Consistent with their Objections, Responding Defendants interpret the word "provided" in this RFA to include information provided orally.

Orbital ATK: Admitted.

David Thompson: Denied.

Blake Larson: Denied.

Garrett Pierce: Denied.

Hollis Thompson: Denied.

**REQUEST FOR ADMISSION NO. 27:**

Admit that you have provided PwC with the names of persons interviewed in connection with the Internal Investigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Consistent with their Objections, Responding Defendants interpret the word "provided" in this RFA to include information provided orally.

Orbital ATK: Admitted.

David Thompson: Denied.

Blake Larson: Denied.

Garrett Pierce: Denied.

Hollis Thompson: Denied.

**REQUEST FOR ADMISSION NO. 28:**

Admit that you have discussed the Internal Investigation with PwC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

      Orbital ATK: Admitted.

      David Thompson: Denied.

      Blake Larson: Denied.

      Garrett Pierce: Admitted.

      Hollis Thompson: Admitted.

**REQUEST FOR ADMISSION NO. 29:**

Admit that you have provided Deloitte with documents prepared in connection with the Internal Investigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

      Orbital ATK: Admitted.

      David Thompson: Denied.

      Blake Larson: Denied.

      Garrett Pierce: Denied.

      Hollis Thompson: Denied.

**REQUEST FOR ADMISSION NO. 30:**

Admit that you have provided Deloitte with documents obtained by Outside Counsel in connection with the Internal Investigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

      Orbital ATK: Admitted.

      David Thompson: Denied.

      Blake Larson: Denied.

      Garrett Pierce: Denied.

Hollis Thompson: Denied.

**REQUEST FOR ADMISSION NO. 31:**

Admit that you have provided Deloitte with information obtained from persons interviewed in connection with the Internal Investigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Consistent with their Objections, Responding Defendants interpret the word "provided" in this RFA to include information provided orally.

Orbital ATK: Admitted.

David Thompson: Denied.

Blake Larson: Denied.

Garrett Pierce: Denied.

Hollis Thompson: Denied.

**REQUEST FOR ADMISSION NO. 32:**

Admit that you have provided Deloitte with the names of persons interviewed in connection with the Internal Investigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Consistent with their Objections, Responding Defendants interpret the word "provided" in this RFA to include information provided orally.

Orbital ATK: Admitted.

David Thompson: Denied.

Blake Larson: Denied.

Garrett Pierce: Denied.

Hollis Thompson: Denied.

**REQUEST FOR ADMISSION NO. 33:**

Admit that you have discussed the Internal Investigation with Deloitte.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Orbital ATK: Admitted.

David Thompson: Denied.

Blake Larson: Denied.

Garrett Pierce: Admitted.

Hollis Thompson: Admitted.

**REQUEST FOR ADMISSION NO. 34:**

Admit that as of December 17, 2014 you were aware that the Lake City Contract would result in a net loss unless more than $300 million in cost reductions were fully realized.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Consistent with their Objections, Responding Defendants interpret this RFA as asking Responding Defendants to admit awareness, as of December 17, 2014 that the Lake City Contract would result in a net loss unless more than $300 million in cost reductions were realized over the initially projected 10-year life of the Contract.

Orbital ATK: Admitted.

David Thompson: Denied.

Blake Larson: Denied.

Garrett Pierce: Denied.

Hollis Thompson: Denied.

**REQUEST FOR ADMISSION NO. 35:**

Admit that as of June 1, 2015 you were aware that the Lake City Contract would result in

a net loss unless more than $300 million in cost reductions were fully realized.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Consistent with their Objections, Defendants interpret this RFA as asking Responding Defendants to admit awareness, as of June 1, 2015, that the Lake City Contract would result in a net loss unless more than $300 million in cost reductions were realized over the initially projected 10-year life of the Contract.

Orbital ATK: Admitted.

David Thompson: Denied.

Blake Larson: Denied.

Garrett Pierce: Denied.

Hollis Thompson: Denied.

**REQUEST FOR ADMISSION NO. 36:**

Admit that as of December 17, 2014 you were aware that estimated costs to complete the Lake City Contract would exceed the contracted revenues.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Consistent with their Objections, Responding Defendants interpret this RFA as asking Responding Defendants to admit awareness, as of December 17, 2014, that estimated costs over the life of the Lake City Contract would exceed contracted revenues over the initially projected 10-year life of the Contract.

Denied.

**REQUEST FOR ADMISSION NO. 37:**

Admit that as of June 1, 2015 you were aware that estimated costs to complete the Lake City Contract would exceed the contracted revenues.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Consistent with their Objections, Responding Defendants interpret this RFA as asking Responding Defendants to admit awareness, as of June 1, 2015, that estimated costs over the life of the Lake City Contract would exceed contracted revenues over the initially projected 10-year life of the Contract.

Denied.

**REQUEST FOR ADMISSION NO. 38:**

Admit that the cost reductions anticipated by Alliant's bid for the Lake City Contract exceeded cost reductions realized under any Predecessor Contract.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Consistent with their Objections, Responding Defendants interpret this RFA as asking Responding Defendants to admit that the anticipated cost reductions were greater on a nominal dollar basis than reductions realized under Predecessor Contracts.

Admitted.

**REQUEST FOR ADMISSION NO. 39:**

Admit that as of December 17, 2014 you were aware that the Lake City Contract was Alliant's single largest source of revenue.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Denied.

**REQUEST FOR ADMISSION NO. 40:**

Admit that as of December 17, 2014 you were aware that pricing under the Lake City Contract would decline with each delivery made under the Lake City Contract.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Orbital ATK: Admitted.

David Thompson: Denied.

Blake Larson: Denied.

Garrett Pierce: Denied.

Hollis Thompson: Denied.

**REQUEST FOR ADMISSION NO. 41:**

Admit that the Exchange Ratio was based, in part, on Alliant's historical financial results.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Consistent with their Objections, Responding Defendants interpret this RFA as asking Responding Defendants to admit that the negotiations that determined the Exchange Ratio were informed, in part, by Alliant's historical financial results.

Admitted.

**REQUEST FOR ADMISSION NO. 42:**

Admit that as of December 17, 2014 the projected future growth and cash flow of Alliant was based, in part, on the assumption that the Lake City Contract would not result in a net loss.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Consistent with their Objections, Responding Defendants interpret this RFA as asking Responding Defendants to admit that, if the full $374 million loss disclosed in the Restatement had been recognized prior to December 2014, the loss would have indirectly affected the projected future cash flow of Alliant.

Admitted.

**REQUEST FOR ADMISSION NO. 43:**

Admit that the Exchange Ratio was based, in part, on the assumption that the Lake City Contract would not result in a net loss.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Consistent with their Objections, Responding Defendants respond as follows:

To the extent that this RFA is asking Responding Defendants to admit that, if the full $374 million loss disclosed in the Restatement had been recognized prior to December 2014, the Exchange Ratio would have been materially different, Responding Defendants have made a reasonable inquiry, including discussions with individuals involved in valuation associated with the Merger, and after such inquiry, Responding Defendants lack sufficient information to admit or deny this RFA at this time for the reasons stated in their Objections.  Responding Defendants will amend their response to this RFA before the close of expert discovery if Responding Defendants' expert(s) are able to reach a conclusion as to this RFA.

**REQUEST FOR ADMISSION NO. 44:**

Admit that the Exchange Ratio would have been different if the forward loss on the Lake City Contract were recorded prior to the Merger.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Consistent with their Objections, Responding Defendants respond as follows:

To the extent that this RFA is asking Responding Defendants to admit that, if the full $374 million loss disclosed in the Restatement had been recognized prior to December 2014, the Exchange Ratio would have been materially different, Responding Defendants have made a reasonable inquiry, including discussions with individuals involved in valuation associated with the Merger, and after such inquiry, Responding Defendants lack sufficient information at this

time to admit or deny this RFA for the reasons stated in their Objections. Responding Defendants will amend their response to this RFA before the close of expert discovery if Responding Defendants' expert(s) are able to reach a conclusion as to this RFA.

**REQUEST FOR ADMISSION NO. 45:**

Admit that Orbital Sciences' valuation for Alliant A&D on February 6, 2014, as referenced on page 68 of the Joint Proxy, was based, in part, on Alliant's historical financial results.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Admitted.

**REQUEST FOR ADMISSION NO. 46:**

Admit that Orbital Sciences' valuation for Alliant A&D on February 6, 2014, as referenced on page 68 of the Joint Proxy, was based, in part, on the assumption that the Lake City Contract would not result in a net loss.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Consistent with their Objections, Responding Defendants respond as follows:

To the extent that this RFA is asking Responding Defendants to admit that, if the full $374 million loss disclosed in the Restatement had been recognized prior to February 2014, the referenced valuation would have been materially different, Responding Defendants have made a reasonable inquiry, including discussions with individuals involved in valuation associated with the Merger, and after such inquiry, Responding Defendants lack sufficient information to admit or deny this RFA at this time for the reasons stated in their Objections and because the referenced valuation did not analyze the cash flows of Alliant's Aerospace and Defense Groups down to the programmatic or individual contract level.  Responding Defendants will amend their

response to this RFA before the close of expert discovery if Responding Defendants' expert(s) are able to reach a conclusion as to this RFA.

**REQUEST FOR ADMISSION NO. 47:**

Admit that Orbital Sciences' valuation for Alliant A&D on February 6, 2014, as referenced on page 68 of the Joint Proxy, would have been lower had the forward loss on the Lake City Contract been recorded prior to February 6, 2014.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Consistent with their Objections, Responding Defendants respond as follows:

To the extent that this RFA is asking Responding Defendants to admit that, if the full $374 million loss disclosed in the Restatement had been recognized prior to February 2014, the referenced valuation would have been materially different, Responding Defendants have made a reasonable inquiry, including discussions with individuals involved in valuation associated with the Merger, and after such inquiry, Responding Defendants lack sufficient information to admit or deny this RFA at this time for the reasons stated in their Objections and because the referenced valuation did not analyze the cash flows of Alliant's Aerospace and Defense Groups down to the programmatic or individual contract level. Responding Defendants will amend their response to this RFA before the close of expert discovery if Responding Defendants' expert(s) are able to reach a conclusion as to this RFA.

**REQUEST FOR ADMISSION NO. 48:**

Admit that Alliant's valuation for Alliant A&D on February 6, 2014, as referenced on page 68 of the Joint Proxy, was based, in part, on Alliant's historical financial results.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Admitted.

**REQUEST FOR ADMISSION NO. 49:**

Admit that Alliant's valuation for Alliant A&D on February 6, 2014, as referenced on page 68 of the Joint Proxy, was based, in part, on the assumption that the Lake City Contract would not result in a net loss.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Consistent with their Objections, Responding Defendants respond as follows:

To the extent that this RFA is asking Responding Defendants to admit that, if the full $374 million loss disclosed in the Restatement had been recognized prior to February 2014, the referenced valuation would have been materially different, Responding Defendants have made a reasonable inquiry, including discussions with individuals involved in valuation associated with the Merger, and after such inquiry, Responding Defendants lack sufficient information to admit or deny this RFA at this time for the reasons stated in their Objections and because the referenced valuation did not analyze the cash flows of Alliant's Aerospace and Defense Groups down to the programmatic or individual contract level. Responding Defendants will amend their response to this RFA before the close of expert discovery if Responding Defendants' expert(s) are able to reach a conclusion as to this RFA.

**REQUEST FOR ADMISSION NO. 50:**

Admit that Alliant's valuation for Alliant A&D on February 6, 2014, as referenced on page 68 of the Joint Proxy, would have been lower had the forward loss on the Lake City Contract been recorded prior to February 6, 2014.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Consistent with their Objections, Responding Defendants respond as follows:

To the extent that this RFA is asking Responding Defendants to admit that, if the full $374 million loss disclosed in the Restatement had been recognized prior to February 2014, the referenced valuation would have been materially different, Responding Defendants have made a reasonable inquiry, including discussions with individuals involved in valuation associated with the Merger, and after such inquiry, Responding Defendants lack sufficient information to admit or deny this RFA at this time for the reasons stated in their Objections and because the referenced valuation did not analyze the cash flows of Alliant's Aerospace and Defense Groups down to the programmatic or individual contract level. Responding Defendants will amend their response to this RFA before the close of expert discovery if Responding Defendants' expert(s) are able to reach a conclusion as to this RFA.

**REQUEST FOR ADMISSION NO. 51:**

Admit that the "ATK forecasts" provided to BofA Merrill Lynch, as described on page 84 for of the Joint Proxy, were based, in part, on the assumption that the Lake City Contract would not result in a net loss.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Consistent with their Objections, Responding Defendants respond as follows:

To the extent that this RFA is asking Responding Defendants to admit that, if the full $374 million loss disclosed in the Restatement had been recognized prior to December 2014, the referenced valuation would have been materially different, Responding Defendants have made a reasonable inquiry, including discussions with individuals involved in valuation associated with the Merger, and after such inquiry, Responding Defendants lack sufficient information to admit

or deny this RFA at this time for the reasons stated in their Objections and because the referenced valuation did not analyze the cash flows of Alliant's Aerospace and Defense Groups down to the programmatic or individual contract level. Responding Defendants will amend their response to this RFA before the close of expert discovery if Responding Defendants' expert(s) are able to reach a conclusion as to this RFA.

**REQUEST FOR ADMISSION NO. 52:**

Admit that the "internal forecasts of the ATK management" provided to Citi, as described on page 97 for of the Joint Proxy, were based, in part, on the assumption that the Lake City Contract would not result in a net loss.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Consistent with their Objections, Responding Defendants respond as follows:

To the extent that this RFA is asking Responding Defendants to admit that, if the full $374 million loss disclosed in the Restatement had been recognized prior to December 2014, the referenced valuation would have been materially different, Responding Defendants have made a reasonable inquiry, including discussions with individuals involved in valuation associated with the Merger, and after such inquiry, Responding Defendants lack sufficient information to admit or deny this RFA for the reasons stated in their Objections and because the referenced valuation did not analyze the cash flows of Alliant's Aerospace and Defense Groups down to the programmatic or individual contract level. Responding Defendants will amend their response to this RFA before the close of expert discovery if Responding Defendants' expert(s) are able to reach a conclusion as to this RFA.

**REQUEST FOR ADMISSION NO. 53:**

Admit that the Total current liabilities as of March 31, 2015 reported on page 57 of the

2015 Form 10-K were understated.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Admitted.

**REQUEST FOR ADMISSION NO. 54:**

Admit that the Retained earnings as of March 31, 2015 reported on page 57 of the 2015 Form 10-K were overstated.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Admitted.

**REQUEST FOR ADMISSION NO. 55:**

Admit that the fiscal year 2015 Diluted earnings per common share from Continuing operations reported on page 56 of the 2015 Form 10-K were overstated.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Admitted.

**REQUEST FOR ADMISSION NO. 56:**

Admit that the fiscal year 2014 Income from continuing operations, before interest, income taxes and noncontrolling interest on page 56 of the 2015 Form 10-K was overstated.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

Admitted.

**REQUEST FOR ADMISSION NO. 57:**

Admit that the Total current liabilities as of December 31, 2015 reported on page 53 of the 2015 Form 10-KT were understated.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Admitted.

**REQUEST FOR ADMISSION NO. 58:**

Admit that the Retained earnings as of December 31, 2015 reported on page 53 of the 2015 Form 10-KT were overstated.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

Admitted.

**REQUEST FOR ADMISSION NO. 59:**

Admit that as of May 29, 2015 Orbital ATK's internal controls did not provide reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements for external purposes in accordance with GAAP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

Admitted.

**REQUEST FOR ADMISSION NO. 60:**

Admit that as of May 29, 2015 Orbital ATK did not maintain effective internal controls over financial reporting.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

Admitted.

**REQUEST FOR ADMISSION NO. 61:**

Admit that as of May 29, 2015 Orbital ATK did not maintain an effective control environment at its Defense Systems Group.

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

Admitted.

**REQUEST FOR ADMISSION NO. 62:**

Admit that as of May 29, 2015 Orbital ATK did not maintain an effective control

environment at its Small Caliber Systems Division.

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

     Admitted.

**REQUEST FOR ADMISSION NO. 63:**

     Admit that Orbital ATK's failure to maintain controls over the integration of accounting

operations of the two merged companies contributed to the Restatement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

     Admitted.

**REQUEST FOR ADMISSION NO. 64:**

     Admit that as of May 29, 2015 Orbital ATK failed to maintain a sufficient complement of

personnel with appropriate levels of accounting and controls knowledge.

**RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

     Admitted.

**REQUEST FOR ADMISSION NO. 65:**

     Admit that Orbital ATK's failure to maintain a sufficient complement of personnel with

appropriate levels of accounting and controls knowledge contributed to the Restatement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

     Admitted.

**REQUEST FOR ADMISSION NO. 66:**

     Admit that as of May 29, 2015, the Small Caliber Systems Division of Orbital ATK did

not design controls related to the approval of contract estimates used to determine revenue.

**RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

     Admitted.

**REQUEST FOR ADMISSION NO. 67:**

Admit that as of May 29, 2015 the Small Caliber Systems Division of Orbital ATK did not maintain controls related to the approval of contract estimates used to determine revenue.

**RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

Admitted.

**REQUEST FOR ADMISSION NO. 68:**

Admit that you were responsible for ensuring that the Small Caliber Systems Division of Orbital ATK designed controls related to the approval of contract estimates used to determine revenue.

**RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

Orbital ATK, David Thompson, Garrett Pierce, Hollis Thompson: Admitted that Messrs. Thompson, Thompson, and Pierce were responsible for establishing and maintaining disclosure controls and procedures and internal control over financial reporting for the Company as a whole, and otherwise denied.

Blake Larson: Denied.

**REQUEST FOR ADMISSION NO. 69:**

Admit that you were responsible for ensuring that the Small Caliber Systems Division of Orbital ATK maintained controls related to the approval of contract estimates used to determine revenue.

**RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

Orbital ATK, David Thompson, Garrett Pierce, Hollis Thompson: Admitted that Messrs. Thompson, Thompson, and Pierce were responsible for establishing and maintaining disclosure controls and procedures and internal control over financial reporting for the Company as a

whole, and otherwise denied.

Blake Larson: Denied.

**REQUEST FOR ADMISSION NO. 70:**

Admit that you reviewed information regarding the Lake City Contract during due diligence for the Merger.

**RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

Admitted.

**REQUEST FOR ADMISSION NO. 71:**

Admit that you reviewed information regarding the Lake City Contract prior to December 17, 2014.

**RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

Admitted.

**REQUEST FOR ADMISSION NO. 72:**

Admit that you reviewed information regarding the Lake City Contract's profitability during due diligence for the Merger.

**RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

Orbital ATK: Admitted.

David Thompson:  Admitted.

Blake Larson: Admitted.

Garrett Pierce: Admitted.

Hollis Thompson lacks sufficient information to admit or deny this RFA at this time, because, four years later, Mr. Thompson does not recall the precise nature of the information that he reviewed during due diligence regarding the Lake City Contract.  Responding Defendants will

amend Mr. Thompson's response to this RFA if Responding Defendants' review of documents and information in this case refreshes Mr. Thompson's recollection as to this issue.

**REQUEST FOR ADMISSION NO. 73:**

Admit that you reviewed information regarding the Lake City Contract's profitability prior to December 17, 2014.

**RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

Orbital ATK: Admitted.

David Thompson: Admitted.

Blake Larson: Admitted.

Garrett Pierce: Admitted.

Hollis Thompson lacks sufficient information to admit or deny this RFA at this time, because, four years later, Mr. Thompson does not recall the precise nature of the information that he reviewed during due diligence regarding the Lake City Contract.  Responding Defendants will amend Mr. Thompson's response to this RFA if Responding Defendants' review of documents and information in this case refreshes Mr. Thompson's recollection as to this issue.

Dated:  May 4, 2018                               Respectfully submitted,

                                                  **SHEARMAN & STERLING**
                                                    */s/ Lyle Roberts*
                                                  Lyle Roberts (Va. Bar No. 45808)
                                                  George Anhang (*pro hac vice*)
                                                  Daniel Sachs (*pro hac vice*)
                                                  401 9th Street, N.W.
                                                  Suite 800
                                                  Washington, DC 20004
                                                  Telephone: (202) 508-8000
                                                  Facsimile: (202) 508-8100
                                                  lyle.roberts@shearman.com
                                                  george.anhang @shearman.com
                                                  daniel.sachs@shearman.com

                                                  Daniel C. Lewis (*pro hac vice*)
                                                  Deke Shearon (*pro hac vice*)
                                                  599 Lexington Avenue
                                                  New York, NY 10022
                                                  Telephone: (212) 848-4000
                                                  Facsimile: (212) 848-7179
                                                  daniel.lewis@shearman.com
                                                  deke.shearon@shearman.com

                                                  *Counsel for Defendants Orbital ATK, Inc.,*
                                                  *David W. Thompson, Garrett E. Pierce, Blake*
                                                  *E. Larson, and Hollis Thompson*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of May 2018 a true and correct copy of the foregoing

was served via e-mail on all counsel of record.

 /s/ Lyle Roberts
Lyle Roberts (Va. Bar No. 45808)
SHEARMAN & STERLING
401 9th St. N.W.
Suite 800
Washington D.C. 20004
Telephone: (202) 508-8108
Facsimile: (202) 508-8100
lyle.roberts@shearman.com