UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| STEVEN KNURR, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ORBITAL ATK, INC., *et al.*, <br><br> Defendants. | Civil Action No. 1:16-cv-01031-TSE-MSN <br><br> <u>CLASS ACTION</u> |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION TO COMPEL DELOITTE LLP WORKPAPERS

Lead Plaintiff Construction Laborers Pension Trust of Greater St. Louis and Named Plaintiff Wayne County Employees' Retirement System ("Plaintiffs") bring this motion to compel Defendant Orbital ATK, Inc. ("Company") and non-party Deloitte, LLP ("Deloitte") to produce the unknown number of Deloitte workpapers responsive to Plaintiffs' document requests to Deloitte that have been withheld from production or produced in a redacted form based on an assertion of privilege by the Company for which there is no privilege log.

**I.      INTRODUCTION**

More than three months after Plaintiffs served a subpoena for the production of documents on Deloitte, and nearly two months after Plaintiffs and Deloitte reached an agreement regarding the scope of production, Deloitte continues to withhold an unknown number of workpapers—the documents that form the basis for Deloitte's independent audit opinions—from production (and has produced workpapers in redacted form) based on assertions of privilege by the Company for which no privilege log has been produced.

This is a federal securities class action brought on behalf of investors who suffered hundreds of millions of dollars in losses when the Company announced that it was withdrawing and restating its prior financial statements because it had failed to disclose a nearly $400 million loss on its largest contract, the Lake City Contract.  Deloitte was the independent auditor for the Company when the Company failed to disclose the nearly $400 million loss on the Lake City Contract.

In connection with Deloitte's audits of the Company, Deloitte prepared workpapers and gathered audit evidence in the normal course that would serve as a basis for its independent audit opinions.  When the Company needed to withdraw and restate its financial statements, Deloitte had to likewise perform an audit of the Company's restatement and update Deloitte's previously issued "clean" opinions for those restated financial reports as part of its obligations as the Company's former independent auditor.  The Company is now claiming they can assert privilege over these third-party documents to shield from production the independent auditor workpapers and audit evidence that are the basis for Deloitte's opinions.

This Court has already ruled that Defendants were not entitled to any work-product or attorney-client protections over interview memoranda created by one of the Company's outside law firms, so there is no credible basis for the Company to assert privilege over workpapers created by the Company's external, independent auditor, Deloitte.  ECF No. 165 at 1.

The Court should put an end to the Company's efforts to withhold these critical documents from production and order the immediate production of the responsive Deloitte workpapers for several reasons.  First, the Company cannot properly assert a claim of privilege over a third party's documents, here Deloitte's workpapers.  Second, Orbital ATK is a publicly traded company required to publicly file financial statements, so any information in the

2

workpapers was prepared, not in anticipation of litigation, but for the business purpose of preparing the publicly filed financial statements and Deloitte's publicly filed audit report on those financial statements. Finally, even if the Company could assert privilege over its auditor's workpapers and the workpapers were privileged, the Company has waived any privilege over Deloitte's workpapers by failing to provide a timely privilege log.

## II.  BACKGROUND

Plaintiffs issued a subpoena for the production of documents to Deloitte on March 9, 2018.[1] The subpoena seeks, among other things, the workpapers that constitute the official documentation required by SEC regulations for the firm's audit, investigation, and restatement work. After numerous meet and confers, Plaintiffs and Deloitte agreed to an initial scope of production for Deloitte's workpapers.[2] And Deloitte began its production of workpapers on May 4, 2018.

Deloitte informed Plaintiffs that it intended to assert a claim of privilege over very few, if any, of its workpapers. And, on June 13, 2018, Deloitte provided Plaintiffs with a privilege log that identified only one workpaper for which Deloitte is asserting a claim of privilege.[3]

However, Deloitte later confirmed that it was withholding a much larger volume of workpapers based on the Company's claim that it could assert privilege over Deloitte workpapers. A privilege log for the Company's assertions of privilege has never been produced,

---

[1] On April 25, 2018, Plaintiffs issued an amended subpoena to Deloitte. The amended subpoena is substantively identical to the subpoena served on March 9, 2018. The only change in the amended subpoena related to the place of compliance. *See* Subpoena to Deloitte (attached as Ex. 1).

[2] *See*, *e.g.*, Letter from P. Jones to M. Warden dated April 13, 2018 (attached as Ex. 2); Letter from P. Jones to M. Warden dated April 18, 2018 (attached as Ex. 3); Email from P. Jones to L. Walter dated May 2, 2018 (attached as Ex. 4).

[3] *See* Deloitte Privilege Log dated June 13, 2018 (attached as Ex. 5).

and Deloitte has not specified how many workpapers are being withheld or were redacted based on the Company's assertions of privilege. As this motion was being filed, Deloitte finally served a privilege log, prepared by the Company, describing the documents that have been withheld from Deloitte's productions, or produced in redacted form, at the Company's direction, but the sufficiency of that log has not yet been verified.

## III. ARGUMENT

### A. Legal Standard

Courts disfavor claims of privilege, which "shield evidence from the truth-seeking process." *See*, *e.g.*, *RLI Ins. Co. v. Conseco, Inc.*, 477 F. Supp. 2d 741, 748 (E.D. Va. 2007). For this reason, the Fourth Circuit has emphasized that privilege must be "strictly confined within the narrowest possible limits consistent with the logic of its principle." *Williams v. Big Picture Loans, LLC*, No. 3:18-mc-1, 2018 U.S. Dist. LEXIS 43775, at *19 (E.D. Va. Mar. 16, 2018) (quoting *Solis v. Food Emp'rs Labor Relations Ass'n*, 644 F.3d 221, 226 (4th Cir. 2011)); *see also Rambus, Inc. v. Infineon Techs. AG*, 220 F.R.D. 264, 271 (E.D. Va. 2004) (noting work product and attorney-client privilege are construed "quite narrowly"). A party asserting privilege bears the burden of showing specifically why that information should be withheld. *RLI*, 477 F. Supp. 2d at 748.

Documents created for the business purpose of obtaining an audit report to be publicly filed along with their publicly filed financial statements are not protected work product, even if they relate to a restatement and internal investigation. *See In re Royal Ahold N.V. Sec. & ERISA Litig.*, 230 F.R.D. 433, 435 (D. Md. 2005) (finding investigative memoranda prepared by outside counsel related to restatement was not protected work product because "the investigation would have been undertaken even without the prospect of preparing a defense to a civil suit."). The Company was obligated to furnish to its independent auditors all information that would enable

4

them "to render truthful and accurate earnings and financial statements." *In re King Pharms., Inc. Sec. Litig.*, No. 2:03-CV-77, 2005 U.S. Dist. LEXIS 49983, at *14 (E.D. Tenn. Sept. 21, 2005) (finding materials at issue were not work product because they "would have been furnished to PWC *in any event*") (emphasis in original).

### B. The Company Cannot Assert Privilege Over Its Auditor's Workpapers That Were Created For Business Purposes.

The Company cannot properly assert a claim of privilege over Deloitte's workpapers because the Company disclosed any otherwise confidential information to Deloitte for the normal business purpose of Deloitte's audit work. Generally, a party waives a claim of privilege by making any disclosure of confidential information to any individual who is not embraced by the privilege. *Williams*, 2018 U.S. Dist. LEXIS 43775, at *22-23 (citing *In re Grand Jury Subpoena*, 341 F.3d 331, 336 (4th Cir. 2003)). A party may convey confidential information to an agent, such as an accountant, without waiving the privilege, but only if that disclosure is made to facilitate an attorney's provision of legal services to the client. *Id.* at *23 (citing *United States v. Kovel*, 296 F.2d 918, 921 (2d Cir. 1961)). "The communications to the agent must be 'made for the purpose of the [agent] assisting [the client] in the rendition of legal services rather than merely for the purpose of receiving accounting [or tax] advice." *Id.* at *23-24 (citations omitted). The proponent of the privilege bears the burden of showing that the communications at issue are privileged and that the privilege was not waived. *In re Grand Jury Subpoena*, 341 F.3d at 336. Since Deloitte was retained by the Company to conduct an annual audit, and not by a law firm to assist in providing legal advice, the workpapers are not privileged.

Here, the Company has failed to make any showing that any otherwise confidential information in Deloitte's workpapers was provided to Deloitte for any purpose other than the provision of Deloitte's audit services. *See Williams*, 2018 U.S. Dist. LEXIS 43775, at *23 ("The

5

central concern, however, is the nature of the work performed by the accountant.") (quotations omitted). The Company's inability to make such a showing is not surprising. Deloitte's work in this regard, including the gathering of information to support its independent audit opinion relating to the restatement, falls squarely within the provision of Deloitte's audit services.

Thus, any workpaper created by Deloitte or information provided by the Company to Deloitte was done so for a normal business purpose, not for the purpose of rendering or seeking legal advice. In fact, the Court determined that documents relating to witness interviews conducted by a law firm investigating the Company's issues were factual information created for a business purpose (restating the financial statements) and not privileged. *See* May 4th Order (granting motion to compel in part). That same reasoning would apply with even greater force here because the workpapers at issue were created by the Company's auditor, not a law firm, and they were created for the normal business purpose of audit work, not the provision of legal advice.

Thus, the Court should compel Deloitte to produce all workpapers within the agreed scope of production other than the one workpaper on the June 13 Log for which Deloitte has asserted a claim of privilege. If the Court determines that the Company cannot properly assert a claim of privilege over the information in Deloitte's workpapers and compels the production of workpapers as set forth above, the Court need not address the remaining arguments set forth below.

    **C.    The Company Failed to Meet Its Burden of Establishing Privilege By Failing to Produce a Timely Privilege Log.**

Even if the Company could prove it retained an auditor, Deloitte, to provide it with legal advice, which it cannot prove, the Company would still fail to meet its burden of establishing privilege because it failed to timely produce a privilege log for the nearly all of documents at

issue here (only Deloitte provided a log, asserting privilege over a single document). The party asserting privilege over documents bears the burden of demonstrating its applicability. *NLRB v. Interbake Foods, LLC*, 637 F.3d 492, 501 (4th Cir. 2011); *Brainware, Inc. v. Scan-Optics, Ltd.*, No. 3:11cv755, 2012 U.S. Dist. LEXIS 97121, at *3 (E.D. Va. July 12, 2012). To satisfy its burden, a party withholding documents on the basis of privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that . . . will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). "To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection." Fed. R. Civ. P. 26(b)(5) advisory committee's notes; *see also Susko v. City of Weirton*, No. 5:09-CV-1, 2010 U.S. Dist. LEXIS 45086, at *28, *31, *42 (N.D. W. Va. May 7, 2010) (holding failure to provide a privilege log waived privilege assertion).

Here, the Company has failed to comply with the requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure by failing to provide a privilege log for the unknown number of workpapers withheld from production or produced in redacted form based on a claim of privilege. Deloitte has confirmed that an unknown number of responsive workpapers have been withheld from its productions (or produced in redacted form) for which no privilege log has been provided. And no date has been provided for when a privilege log will be produced.

Granting the Company a further extension to provide a belated privilege log would leave Plaintiffs with no time to reasonably challenge the claims of privilege with the Court, obtain additional documents, and use them in depositions or with experts given the late stage in discovery. Given that less than seven weeks remain before the close of discovery, the subpoena was served over three months ago, and the Company's complete failure to meet its burden in

establishing any privilege over these documents, compelling production of these documents is warranted. This subpoena was served on Deloitte over three months ago and, even if the Company had a right to pre-approve the production of third party documents, which it does not, it has had more than enough time to complete its review.

Courts routinely hold that a party fails to meet its burden of establishing privilege if it fails to produce a privilege log. *See*, *e.g.*, *Twigg v. Pilgrim's Pride Corp.*, No. 3:05-CV-40, 2007 U.S. Dist. LEXIS 14669, at *26 (N.D. W. Va. Feb. 28, 2007) (holding proponent waived attorney client and work product privilege by failing to "provide any privilege log or otherwise specify in any manner why the material sought was protected from discovery."); *Fid. & Deposit Co. v. Travelers Cas. & Sur. Co of Am.*, No. 2:13-cv-00380-JAD-GWF, 2017 U.S. Dist. LEXIS 84070, at *14-*16 (D. Nev. May 31, 2017) (holding privilege was waived as a result of defendant's delay in producing a privilege log); *AVX Corp. v. Horry Land Co., Inc.*, No. 4:07-cv-3299-TLW-TER, 2010 U.S. Dist. LEXIS 125169, at *12-*13 (D.S.C. Nov. 24, 2010) (granting motion to compel production of withheld documents where privilege log was not produced until after the filing of motion, and once produced, was insufficiently detailed).

Because the Company has failed to provide a timely privilege log, Deloitte should be compelled to immediately produce all workpapers responsive to Plaintiffs' document requests to Deloitte that have been withheld from production or produced in a redacted form based on an assertion of privilege other than the one included on Deloitte's privilege log.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court issue an order compelling the Company and Deloitte to produce all Deloitte workpapers responsive to Plaintiffs' document requests to Deloitte that have been withheld from production or produced in

a redacted form based on an assertion of privilege other than the one included on Deloitte's privilege log.

DATED: June 25, 2018

THE OFFICE OF CRAIG C. REILLY
CRAIG C. REILLY, VSB #20942

*/s/ Craig C. Reilly*
CRAIG C. REILLY

111 Oronoco Street
Alexandria, VA 22314
Telephone: 703/549-5354
703/549-2604 (fax)
craig.reilly@ccreillylaw.com

***Liaison Counsel***

ROBBINS GELLER RUDMAN
& DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
& DOWD LLP
JAMES E. BARZ
FRANK RICHTER
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

ROBBINS GELLER RUDMAN
& DOWD LLP
JOHN C. HERMAN
PETER M. JONES
Monarch Tower, Suite 1650
3424 Peachtree Road, N.E.
Atlanta, GA 30326
Telephone: 404/504-6500
404/504-6501 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
MAUREEN E. MUELLER
KATHLEEN B. DOUGLAS
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

*Lead Counsel for Plaintiff*

VANOVERBEKE MICHAUD &
  TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

*Additional Counsel for Plaintiff Wayne County Employees' Retirement System*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2018, I filed the foregoing pleading or paper through the Court's CM/ECF system, which sent a notice of electronic filing to all registered users and the following counsel for Deloitte, LLP:

>Michael D. Warden, Esq.
>Sidley Austin LLP
>1501 K Street, N.W.
>Suite 600
>Washington, D.C. 20005
>mwarden@sidely.com

>>*/s/ Craig C. Reilly*
>>Craig C. Reilly, Esq.
>>VSB # 20942
>>111 Oronoco Street
>>Alexandria, Virginia 22314
>>TEL (703) 549-5354
>>FAX (703) 549-5355
>>EMAIL craig.reilly@ccreillylaw.com
>>
>>*Liaison Counsel for Lead Plaintiff*