UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| STEVEN KNURR, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        vs.<br><br>ORBITAL ATK, INC., *et al.*,<br><br>                              Defendants. | Civil Action No. 1:16-cv-01031-TSE-MSN<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL
<u>PRICEWATERHOUSECOOPERS WORKPAPERS</u>**

Lead Plaintiff Construction Laborers Pension Trust of Greater St. Louis and Named Plaintiff Wayne County Employees' Retirement System ("Plaintiffs") bring this motion to compel Defendant Orbital ATK, Inc. ("Company") and non-party PricewaterhouseCoopers ("PwC") to produce three categories of documents: (1) the 7,700 PwC workpapers responsive to Plaintiff's document requests to PwC that are being withheld from production pending a purported privilege review by Orbital ATK, Inc. ("Company"); (2) the unknown number of PwC workpapers responsive to Plaintiff's document requests to PwC that have been withheld from production or produced in a redacted form based on an assertion of privilege by the Company for which there is no privilege log; and (3) the 221 PwC workpapers responsive to Plaintiff's document requests to PwC withheld from production or produced in a redacted form based on the Company's wholly inadequate June 19, 2018, privilege log.

**I.      INTRODUCTION**

More than three months after Plaintiffs served a subpoena for the production of documents on PwC, and nearly two months after Plaintiffs and PwC reached an agreement regarding the scope of production, PwC has produced less than half of the workpapers that it agreed would constitute its initial production.[1] The extreme delay in PwC's production is being caused by a purported "privilege review" conducted by the Company over PwC's workpapers—the documents that form the basis for PwC's independent audit opinions.

This is a federal securities class action brought on behalf of investors who suffered hundreds of millions of dollars in losses when the Company announced that it was withdrawing and restating its prior financial statements because it had failed to disclose a nearly $400 million loss on its largest contract, the Lake City Contract. PwC was the independent auditor for the Company when the Company was forced to restate its financial statements.

When the Company needed to withdraw and restate its financial statements, PwC had to likewise perform an audit of the Company's restatement and update its previously issued "clean" opinion for those financial statements as part of its ongoing obligations as the Company's auditor. In connection with this audit work, PwC prepared workpapers and gathered audit evidence in the normal course that would serve as a basis for its independent audit opinion. The Company is now claiming they can assert privilege over these third-party documents to shield from production the independent auditor workpapers and audit evidence that are the basis for PwC's opinions.

This Court has already ruled that Defendants were not entitled to any work-product or attorney-client protections over interview memoranda created by one of the Company's outside

---

[1] *See* June 13 Email from J. Su. to P. Jones (attached as Ex. 1).

law firms, so there is no credible basis for the Company to assert privilege over workpapers created by the Company's external, independent auditor, PwC. ECF No. 165 at 1.

The Court should put an end to this unnecessary and unreasonable delay and order the immediate production of the responsive PwC workpapers for several reasons. First, the Company cannot properly assert a claim of privilege over a third party's documents, here PwC's workpapers. Second, Orbital ATK is a publicly traded company required to publicly file financial statements, so any information in the workpapers was prepared, not in anticipation of litigation, but for the business purpose of preparing the publicly filed financial statements and PwC's publicly filed audit report on those financial statements. Third, even if the Company could assert privilege over its auditor's workpapers and the workpapers were privileged, the Company has waived any privilege over PwC's workpapers by failing to provide a timely privilege log. Finally, the Company has waived any assertion of privilege over the documents identified on the June 19 Log because the log is wholly inadequate to support the Company's claims of privilege.

## II. BACKGROUND

Plaintiffs issued a subpoena for the production of documents to PwC on March 9, 2018.[2] The subpoena seeks, among other things, the workpapers that constitute the official documentation required by SEC regulations for the firm's audit, investigation, and restatement work. After numerous meet and confers, Plaintiffs and PwC agreed to an initial scope of production for PwC's workpapers that included all restatement and investigation workpapers and

---

[2] On April 25, 2018, Plaintiffs issued an amended subpoena to PwC. The amended subpoena is substantively identical to the subpoena served on March 9, 2018. The only change in the amended subpoena related to the place of compliance. *See* Subpoena to PwC (attached as Ex. 2).

3

certain audit and review documentation and testing workpapers.[3] And PwC began its production of workpapers on May 2, 2018.

PwC informed Plaintiffs that it intended to assert a claim of privilege over very few, if any, of its workpapers. And, on May 18, 2018, PwC provided Plaintiffs with a privilege log that identified only five workpapers for which PwC is asserting a claim of privilege.[4]

However, PwC later said it would be withholding a much larger volume of workpapers based on the Company's claim that it could assert privilege over PwC workpapers. On May 25, 2018, PwC provided Plaintiffs with a privilege log identifying 51 workpapers that had been withheld from production or produced in redacted form based on assertions of privilege by the Company.[5] But a review of PwC's productions prior to that date revealed that hundreds of documents were being withheld or were redacted based on assertions of privilege that were not included on either of the privilege logs provided by PwC.[6]

When Plaintiffs raised the discrepancy, PwC informed Plaintiffs that the May 25 Log was an incorrect version provided inadvertently. PwC provided a replacement log on June 19, 2018, that identified 221 workpapers that have been withheld or redacted based on assertions of privilege by the Company.[7] PwC also informed Plaintiffs that some unknown number of

---

[3] *See* April 25 Letter from P. Jones to J. Su (attached as Ex. 3).

[4] *See* PwC Privilege Log dated May 18, 2018 (attached as Ex. 4).

[5] *See* PwC Privilege Log dated May 25, 2018 (attached as Ex. 5).

[6] For example, the phrase "Withheld Due to Confidentiality" appeared at least 215 times in PwC's production. The meaning of the phrase "Withheld Due to Confidentiality" was unclear to Plaintiffs initially for several reasons, including the fact that the vast majority of the Bates numbers for documents that contained the phrase did not appear on PwC's privilege logs. On June 11, 2018, counsel for PwC confirmed that "Withheld Due to Confidentiality" means the documents are being withheld based on an assertion of privilege.

[7] *See* PwC Privilege Log dated June 19, 2018 (attached as Ex. 6).

workpapers from PwC's productions on June 4, 2018, and June 11. 2018, were withheld or redacted based on assertions of privilege by the Company and that these workpapers have not been logged.[8]

Finally, on June 13, 2018, PwC informed Plaintiffs for the first time that it is continuing to withhold approximately 7,700 workpapers from its initial production because the Company is still reviewing them for privilege. PwC was unable to provide a date by which the Company's review would be complete.

## III.   ARGUMENT

### A.   Legal Standard

Courts disfavor claims of privilege, which "shield evidence from the truth-seeking process." *See*, *e.g.*, *RLI Ins. Co. v. Conseco, Inc.*, 477 F. Supp. 2d 741, 748 (E.D. Va. 2007). For this reason, the Fourth Circuit has emphasized that privilege must be "strictly confined within the narrowest possible limits consistent with the logic of its principle." *Williams v. Big Picture Loans, LLC*, No. 3:18-mc-1, 2018 U.S. Dist. LEXIS 43775, at *19 (E.D. Va. Mar. 16, 2018) (quoting *Solis v. Food Emp'rs Labor Relations Ass'n*, 644 F.3d 221, 226 (4th Cir. 2011)); *see also Rambus, Inc. v. Infineon Techs. AG*, 220 F.R.D. 264, 271 (E.D. Va. 2004) (noting work product and attorney-client privilege are construed "quite narrowly"). A party asserting privilege bears the burden of showing specifically why that information should be withheld. *RLI*, 477 F. Supp. 2d at 748.

Documents created for the business purpose of obtaining an audit report to be publicly filed along with their publicly filed financial statements are not protected work product, even if they relate to a restatement and internal investigation. *See In re Royal Ahold N.V. Sec. & ERISA*

---

[8] On June 19, 2018, PwC represented to Plaintiffs that it "anticipate[s] being able to provide shortly an interim privilege log."

*Litig.*, 230 F.R.D. 433, 435 (D. Md. 2005) (finding investigative memoranda prepared by outside counsel related to restatement was not protected work product because "the investigation would have been undertaken even without the prospect of preparing a defense to a civil suit."). The Company was obligated to furnish to its independent auditors all information that would enable them "to render truthful and accurate earnings and financial statements." *In re King Pharms., Inc. Sec. Litig.*, No. 2:03-CV-77, 2005 U.S. Dist. LEXIS 49983, at *14 (E.D. Tenn. Sept. 21, 2005) (finding materials at issue were not work product because they "would have been furnished to PWC *in any event*") (emphasis in original).

> **B. The Company Cannot Assert Privilege Over Its Auditor's Workpapers That Were Created For Business Purposes.**

The Company cannot properly assert a claim of privilege over PwC's workpapers because the Company disclosed any otherwise confidential information to PwC for the normal business purpose of PwC's audit work. Generally, a party waives a claim of privilege by making any disclosure of confidential information to any individual who is not embraced by the privilege. *Williams*, 2018 U.S. Dist. LEXIS 43775, at *22-23 (citing *In re Grand Jury Subpoena*, 341 F.3d 331, 336 (4th Cir. 2003)). A party may convey confidential information to an agent, such as an accountant, without waiving the privilege, but only if that disclosure is made to facilitate an attorney's provision of legal services to the client. *Id.* at *23 (citing *United States v. Kovel*, 296 F.2d 918, 921 (2d Cir. 1961)). "The communications to the agent must be 'made for the purpose of the [agent] assisting [the client] in the rendition of legal services rather than merely for the purpose of receiving accounting [or tax] advice." *Id.* at *23-24 (citations omitted). The proponent of the privilege bears the burden of showing that the communications at issue are privileged and that the privilege was not waived. *In re Grand Jury Subpoena*, 341 F.3d

6

at 336. Since PwC was retained by the Company to conduct an annual audit, and not by a law firm to assist in providing legal advice, the workpapers are not privileged.

Here, the Company has failed to make any showing that any otherwise confidential information in PwC's workpapers was provided to PwC for any purpose other than the provision of PwC's audit services. *See Williams*, 2018 U.S. Dist. LEXIS 43775, at *23 ("The central concern, however, is the nature of the work performed by the accountant.") (quotations omitted). The Company's inability to make such a showing is not surprising. PwC's work in this regard, including the gathering of information to support its independent audit opinion relating to the restatement, falls squarely within the provision of PwC's audit services.

Thus, any workpaper created by PwC or information provided by the Company to PwC was done so for a normal business purpose, not for the purpose of rendering or seeking legal advice. In fact, the Court determined that documents relating to witness interviews conducted by a law firm investigating the Company's issues were factual information created for a business purpose (restating the financial statements) and not privileged. *See* May 4th Order (granting motion to compel in part). That same reasoning would apply with even greater force here because the workpapers at issue were created by the Company's auditor, not a law firm, and they were created for the normal business purpose of audit work, not the provision of legal advice.

Thus, the Court should compel PwC to produce all workpapers within the agreed scope of production other than the five workpapers on the May 18 Log for which PwC has asserted a claim of privilege. If the Court determines that the Company cannot properly assert a claim of privilege over the information in PwC's workpapers and compels the production of workpapers as set forth above, the Court need not address the remaining arguments set forth below.

### C. The Company Failed to Meet Its Burden of Establishing Privilege By Failing to Produce a Timely Privilege Log.

Even if the Company could prove it retained an auditor, PwC, to provide it with legal advice, which it cannot prove, the Company would still fail to meet its burden of establishing privilege because it failed to timely produce a privilege log for the vast majority of documents at issue here. The party asserting privilege over documents bears the burden of demonstrating its applicability. *NLRB v. Interbake Foods, LLC*, 637 F.3d 492, 501 (4th Cir. 2011); *Brainware, Inc. v. Scan-Optics, Ltd.*, No. 3:11cv755, 2012 U.S. Dist. LEXIS 97121, at *3 (E.D. Va. July 12, 2012). To satisfy its burden, a party withholding documents on the basis of privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that . . . will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). "To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection." Fed. R. Civ. P. 26(b)(5) advisory committee's notes; *see also Susko v. City of Weirton*, No. 5:09-CV-1, 2010 U.S. Dist. LEXIS 45086, at *28, *31, *42 (N.D. W. Va. May 7, 2010) (holding failure to provide a privilege log waived privilege assertion).

Here, the Company has failed to comply with the requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure by providing a privilege log for only 221 of the thousands of workpapers they are withholding based on claims of privilege. PwC has confirmed that an unknown number of responsive workpapers have been withheld from its June 4 and June 11 productions (or produced in redacted form) that are not included on the 221 document privilege log. PwC has also said that it is withholding another 7,700 workpapers pending the Company's review for privilege. No date has been provided for when the review of the 7,700 workpapers will be completed or when any further privilege log will be produced.

8

Granting the Company a further extension to provide the belated privilege log would leave Plaintiffs with no time to reasonably challenge the claims of privilege with the Court, obtain additional documents, and use them in depositions or with experts given the late stage in discovery. Given that less than seven weeks remain before the close of discovery, the subpoena was served over three months ago, and the Company's complete failure to meet its burden in establishing any privilege over these documents, compelling production of these documents is warranted. Similarly, PwC cannot continue to withhold 7,700 documents it has otherwise agreed to produce based on the Company's – potential – assertion of privilege. This subpoena was served on PwC over three months ago and, even if the Company had a right to pre-approve the production of third party documents, which it does not, it has had more than enough time to complete its review.

Courts routinely hold that a party fails to meet its burden of establishing privilege if it fails to produce a privilege log. *See*, *e.g.*, *Twigg v. Pilgrim's Pride Corp.*, No. 3:05-CV-40, 2007 U.S. Dist. LEXIS 14669, at \*26 (N.D. W. Va. Feb. 28, 2007) (holding proponent waived attorney client and work product privilege by failing to "provide any privilege log or otherwise specify in any manner why the material sought was protected from discovery."); *Fid. & Deposit Co. v. Travelers Cas. & Sur. Co of Am.*, No. 2:13-cv-00380-JAD-GWF, 2017 U.S. Dist. LEXIS 84070, at \*14-\*16 (D. Nev. May 31, 2017) (holding privilege was waived as a result of defendant's delay in producing a privilege log); *AVX Corp. v. Horry Land Co., Inc.*, No. 4:07-cv-3299-TLW-TER, 2010 U.S. Dist. LEXIS 125169, at \*12-\*13 (D.S.C. Nov. 24, 2010) (granting motion to compel production of withheld documents where privilege log was not produced until after the filing of motion, and once produced, was insufficiently detailed).

Because the Company has failed to provide a timely privilege log, PwC should be compelled to immediately produce all responsive workpapers other than the five included on PwC's privilege log and the 221 on the Company's privilege log (though the 221 should be produced for the separate reasons set for the below).

### D. The Company has Waived any Assertion of Privilege over the 221 PwC Workpapers on the June 19 Log Because the Log fails to Establish the Documents are Privileged.

The June 19 Log prepared by the Company (and asserting privilege over responsive PwC workpapers) is wholly insufficient to support the Company's claims that these documents are properly withheld from production based on the work product doctrine and the attorney-client privilege. Rule 26(b)(5) of the Federal Rules of Civil Procedure provides that when a party withholds discoverable information by claiming it is privileged it must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." "Parties seeking to challenge a claim of privilege have sparse information at their disposal. Because they do not actually have access to the privileged documents, they must rely on the opposing party's description of them in the privilege log. 'Accordingly, the descriptions in the log must satisfy the claiming party's burden.'" *ePlus Inc. v. Lawson Software, Inc.*, 280 F.R.D. 247, 252 (E.D. Va. 2012)(quoting *Rambus*, 220 F.R.D. at 272). Since the privilege log for the 221 documents is inadequate to meet their burden of establishing privilege, the documents must be produced.

#### 1. The June 19 Log fails to establish the applicability of the work product doctrine for any document.

The Company has failed to make any showing that would arguably satisfy its burden of demonstrating that any of the 221 documents on the June 19 Log are protected by the work

product doctrine. "The party claiming the work-product privilege bears the burden of showing that the documents were created in anticipation of litigation." *Williams*, 2018 U.S. Dist. LEXIS 43775, at *29. Specifically, the party claiming the work product privilege must demonstrate, among other things, that the work product "'would not have been prepared in substantially similar form but for the prospect of [] litigation.'" *Id.* (quoting *United States v. Adlman*, 134 F.3d 1194, 1195 (2d Cir. 1998)). To satisfy its burden, the party claiming the work product privilege "'must come forward with a specific demonstration of facts' in that regard, either through affidavits or a privilege log." *Williams*, 2018 U.S. Dist. LEXIS 43775, at *29 (quoting *RLI*, 477 F. Supp. 2d at 748).

Here, the Company asserts that all 221 documents on the June 19 Log are protected from production by the work product doctrine. But none of the 221 entries even claim, much less demonstrate, that the document was created in anticipation of litigation.[9] 114 of the entries fail to identify the author of the document and were most likely prepared by PwC, not a Company lawyer or even Company employee.[10] And none of the 25 entries that appear to identify a Company employee/non-lawyer as the author include an assertion that the document was created at the direction of an attorney for the purposes of litigation.[11] Further, all of the remaining 82 entries that appear to identify an attorney as the author bear the same generic description: "Attorney correspondence relating to Company legal matter."[12] Such a generic and conclusory

---

[9] *See* June 19 Log, Entry Nos. 1-221.

[10] *See* June 19 Log, Entry Nos. 1, 8, 16-17, 45, 47-48, 52-53, 56, 63-65, 68-69, 84, 87-90, 97, 101, 106, 116-117, 119-121, 128-129, 132-134, 136-142, 144-172, 174-207, 209-211, 213-220.

[11] *See* June 19 Log, Entry Nos. 2, 46, 66-67, 107-114, 122-127, 130-131, 143, 173, 208, 212, 221.

[12] *See* June 19 Log , Entry Nos. 3-7, 9-15, 18-44, 49-51, 54-55, 57-62, 70-83, 85-86, 91-96, 98-100, 102-105, 115, 118, 135. While this generic description might bear some relevance to an

description provides no basis upon which to prove, or challenge, the privilege, and is therefore insufficient. For these reasons, none of the 221 entries on the June 19 Log provide facts sufficient to demonstrate that the document at issue was created in anticipation of litigation. In short, these documents are auditor workpapers, not privileged work product.

### 2. The June 19 Log fails to establish the applicability of the attorney-client privilege for any document.

Similarly, the Company has failed to demonstrate that any of the 221 documents on the June 19 Log are protected by the attorney-client privilege. A party asserting protection under the attorney-client privilege bears the burden of demonstrating, among other things, the following:

> (2) the person to whom the communication was made ... act[ed] as a lawyer [in connection with the communication] (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding ... (4) the privilege has been (a) claimed and (b) not waived by the client.

*NLRB*, 637 F.3d at 501-02.

Here, the Company asserts that all 221 documents on the June 19 Log are protected from production by the attorney-client privilege.[13] But the privilege log provided by PwC is wholly insufficient to allow Plaintiffs to assess the Company's claims.

Of the 221 entries on the June 19 Log, 106 do not include any author or recipient information at all; again, indicative of workpapers prepared by a PwC auditor in the normal

---

assertion of the attorney-client privilege, it is wholly insufficient to support a claim of work product privilege.

[13] Plaintiffs note that all of the 221 entries on the June 19 Log claim protection under **both** the work product doctrine and the attorney-client privilege. But it is unclear from the sparse information provided whether the Company is truly asserting both forms of protection for each document.

course of business.[14] An additional 25 entries do not appear to include a lawyer in either the author or the recipient field.[15] A privilege log entry that fails to identify an attorney in either the author or the recipient field cannot support a claim that the document is a communication protected by the attorney-client privilege. *See ePlus*, 280 F.R.D. at 252 (finding proponent did not properly assert attorney-client privilege where no attorney was identified in recipient or author field); *Smithkline Beechman Corp. v. Apotex Corp.*, 193 F.R.D. 530, 539 (N.D. Ill. 2000) (documents on privilege log which fail to identify an author or recipient, or both, must be produced); *Burroughs Wellcome Co. v. Barr Labs., Inc.*, 143 F.R.D. 611, 619 (E.D.N.C. 1992) (holding entries containing no date, no author, and no recipient fails to establish privilege).

Of the remaining 90 entries that list an attorney in either the author or recipient field, each utilizes one of three descriptions:

- Documents regarding company legal matters and related involvement by counsel (two entries);[16]

- E-mail regarding company legal matters and related involvement by counsel (one entry);[17] and

- Attorney correspondence relating to Company legal matters (87 entries).[18]

The Company's boilerplate and conclusory assertions of privilege are not sufficient to satisfy its burden of demonstrating that the documents are properly protected by the attorney-client

---

[14] *See* June 19 Log, Entry Nos. 1, 16-17, 45, 47-48, 63-65, 68-69, 84, 87-90, 106, 116, 119-121, 128-129, 132-134, 136-142, 144-172, 174-202, 204-207, 209-211, 213-220.

[15] *See* June 19 Log, Entry Nos. 46, 66-67, 107-114, 117, 122-127, 130-131, 143, 173, 203, 208, 221.

[16] *See* June 19 Log, Entry Nos. 2, 212.

[17] *See* June 19 Log, Entry No. 143.

[18] *See* June 19 Log, Entry Nos. 3-15, 18-44, 49-62, 70-83, 85-86, 91-105, 115, 118, 135, 212.

13

privilege. For example, the Company's descriptions do not demonstrate that the communications were made "for the purpose of securing primarily (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding." *Interbak Foods*, 637 F.3d at 501-02.

Because the Company has failed to carry its burden presenting information sufficient to demonstrate that any document is properly protected from production by the work product doctrine or the attorney-client privilege, the Court should order the production of all documents identified on the June 19 Log.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court issue an order compelling the Company and PwC to produce immediately: (1) the 7,700 PwC workpapers responsive to Plaintiff's document requests to PwC that are being withheld from production pending a purported privilege review by the Company; (2) the unknown number of PwC workpapers responsive to Plaintiff's document requests to PwC that have been withheld from production or produced in a redacted form based on an assertion of privilege by the Company that were not included on the June 19, 2018, privilege log; and (3) the 221 PwC workpapers responsive to Plaintiff's document requests to PwC withheld from production or produced in a redacted form based on the Company's wholly inadequate June 19, 2018, privilege log.

DATED: June 25, 2018 THE OFFICE OF CRAIG C. REILLY
CRAIG C. REILLY, VSB #20942


*/s/ Craig C. Reilly*
CRAIG C. REILLY

111 Oronoco Street
Alexandria, VA 22314
Telephone: 703/549-5354
703/549-2604 (fax)
craig.reilly@ccreillylaw.com

*Liaison Counsel*

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ
FRANK RICHTER
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN C. HERMAN
PETER M. JONES
Monarch Tower, Suite 1650
3424 Peachtree Road, N.E.
Atlanta, GA 30326
Telephone: 404/504-6500
404/504-6501 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
MAUREEN E. MUELLER
KATHLEEN B. DOUGLAS
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

*Lead Counsel for Plaintiff*

VANOVERBEKE MICHAUD &
  TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

*Additional Counsel for Plaintiff Wayne County Employees' Retirement System*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2018, I filed the foregoing pleading or paper through the Court's CM/ECF system, which sent a notice of electronic filing to all registered users and the following attorney for PricewaterhouseCoopers:

>Jonathan Su
>Latham & Watkins LLP
>555 11th Street, N.W.
>Suite 1000
>Washington, DC 20004-1304
>Jonathan.Su@lw.com

>*/s/ Craig C. Reilly*
>Craig C. Reilly, Esq.
>VSB # 20942
>111 Oronoco Street
>Alexandria, Virginia 22314
>TEL (703) 549-5354
>FAX (703) 549-5355
>EMAIL craig.reilly@ccreillylaw.com
>
>*Liaison Counsel for Lead Plaintiff*