UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| STEVEN KNURR, Individually and on Behalf of All Others Similarly Situated,<br><br>                                      Plaintiff,<br><br>         vs.<br><br>ORBITAL ATK, INC., *et al.*,<br><br>                                      Defendants. | Civil Action No. 1:16-cv-01031-TSE-MSN<br><br><u>CLASS ACTION</u> |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL MERGER-RELATED
<u>DUE DILIGENCE DOCUMENTS FROM PRICEWATERHOUSECOOPERS</u>**

Lead Plaintiff Construction Laborers Pension Trust of Greater St. Louis and Named Plaintiff Wayne County Employees' Retirement System ("Plaintiffs") bring this motion to compel non-party PricewaterhouseCoopers ("PwC") to produce all documents regarding merger-related due diligence of the Lake City Contract and company goodwill.

**I.     INTRODUCTION AND BACKGROUND**

PwC will not agree to produce ***any*** documents relating to the merger-related due diligence it performed regarding the Lake City Contract and company goodwill. With less than seven weeks left in the discovery period and expert report deadlines approaching quickly, Plaintiffs have been left with no option other than to seek relief from the Court on this plainly relevant issue.

This is a federal securities class action brought on behalf of investors who suffered hundreds of millions of dollars in losses when Orbital ATK, Inc. ("Company") announced that it

was withdrawing and restating its prior financial statements because it had failed to disclose a nearly $400 million loss on its largest contract, the Lake City Contract. The Company was formed in 2015 as the result of a merger between Orbital Sciences Corporation ("Orbital Sciences") and Alliant Techsystems Inc. ("Alliant"). Alliant entered into the Lake City Contract and began performing under the contract prior to the merger.

In addition to serving as the independent auditor for the Company, PwC also performed work in connection with Orbital Sciences' merger due diligence, including regarding the Lake City Contract. And Defendants' affirmative defenses state that they intend to rely on "the work, opinions, representations, expertise, and advice of others." *See* ECF No. 115 at 79.

Plaintiffs issued a subpoena pursuant to Federal Rule of Civil Procedure 45 for the production of documents to PwC on March 9, 2018.[1] The subpoena seeks, among other things, all documents concerning the merger-related due diligence performed by PwC for Orbital Sciences. Plaintiffs and PwC have met and conferred on this issue numerous times. Initially, counsel for PwC stated that they were not familiar with any merger-related work performed by PwC. When documents produced by the Company in this litigation demonstrated that PwC performed work in connection with Orbital Sciences' merger due diligence, Plaintiffs reiterated their request for related documents. In response, PwC offered to provide a written representation regarding its merger-related work on behalf of Orbital Sciences, expressing confidence that the representation would satisfy Plaintiffs' interest in the requested documents. PwC provided the written representation on May 8, 2018.[2] On May 9, 2018, Plaintiffs confirmed that PwC's

---

[1] On April 25, 2018, Plaintiffs issued an amended subpoena to PwC. The amended subpoena is substantively identical to the subpoena served on March 9, 2018. The only change in the amended subpoena related to the place of compliance. *See* Subpoena to PwC (attached as Ex. 1).

[2] *See* Email from J. Su to P. Jones dated May 8, 2018 (attached as Ex. 2).

written representation was not sufficient and reiterated the need to move forward with the production of the requested documents.[3]

Plaintiffs and PwC have continued to meet and confer on this issue. In a final effort to compromise, Plaintiffs agreed to limit PwC's production of merger-related due diligence documents to the regarding Lake City, the Lake City Contract, and company goodwill.[4] Despite Plaintiffs' efforts, PwC has not agreed to any production of documents related to merger due diligence.

## II.   ARGUMENT

### A.   Legal Standard

Discovery under the Federal Rules of Procedure is broad in scope and freely permitted. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P. 26 advisory committee's note ("[courts] must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case."). The scope of discovery allowed pursuant to a subpoena under Rule 45 is the same as the scope of discovery allowed under Rule 26. *Cook v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012) (per curiam) ("Although Rule 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed ... those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26.").

---

[3] *See* Email from P. Jones to J. Su dated May 9, 2018 (attached as Ex. 3).

[4] *See* Email from P. Jones to J. Su dated June 19, 2018 (attached as Ex. 4).

Rule 26 places the burden on the party from whom discovery is sought to demonstrate "that the information is not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B); *see also Union First Mkt. Bank v. Bly*, No. 3:13–CV–598, 2014 U.S. Dist. LEXIS 1027, at *10 (E.D. Va. Jan. 6, 2014) ("the burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted.").

### B. This Court Has Already Determined that the Merger-Related Due Diligence Performed by Orbital Sciences Is Relevant to Plaintiffs' Claims.

PwC has not – and cannot – carry its burden of demonstrating that the requested discovery is irrelevant to the claims and defenses in this action. Rule 26(b) limits the scope of discovery to those materials that are "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial, but it must appear to be "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Here, this Court has already recognized the relevance of the merger-related due diligence in its Memorandum Opinion II. Plaintiffs' Complaint sets forth claims under Section 14(a) of the Exchange Act based on the misrepresentations and omissions of material fact in the Joint Proxy Statement issued in connection with the merger. In denying Defendants' motion to dismiss Plaintiffs' § 14(a) claims, the Court stated as follows:

> Plaintiffs have adequately alleged that Pierce and Thompson, as directors of Orbital Sciences, had a duty to investigate Alliant leading up to the merger. The parties in this case do not dispute that the Orbital Sciences directors should have conducted due diligence with respect to Alliant and ensured the accuracy of the proxy statements they signed in contemplation of the upcoming merger. *See In re JP Morgan Chase & Co. Sec. Litig.*, 2007 WL 4531794, at *8 (N.D. Ill. Dec. 18, 2007) (finding defendants, "as directors, had the opportunity and obligation to monitor and inquire into the details of [merger] negotiations"). Perhaps more importantly, the directors themselves, acknowledged that duty prior to the merger, touting their nine-month due diligence and the depth of their investigation into the merger. Where, as here, defendants owe duties to the corporation, failing to accomplish those duties can give rise to a strong inference of negligence.

4

ECF No. 76 at 18-19.  The Court concluded as follows:

> In sum, Thompson and Pierce had a duty to investigate the finances of the company they planned to merge with, and red flags like the size of the Lake City Contract and the aggressive bid suggested Thompson and Pierce should look closely at that contract in conducting their due diligence. Had the directors done so, the Complaint alleges that the directors would have discovered the errors in the Lake City Contract projections and in turn, the flaws in Alliant's financial results and internal controls. Accordingly, plaintiffs have successfully alleged a strong inference of negligence with respect to Defendants Thompson and Pierce.

*Id.* at 22.

In light of the Court's prior rulings, Plaintiffs' request for documents regarding the merger-related due diligence of the Lake City Contract and company goodwill is reasonably calculated to lead to the discovery of admissible evidence related to their § 14(a) claims and Defendants' defenses to those claims.

### C. PwC Has Not Articulated Any Reason That The Production Of The Merger-Related Due Diligence Documents Would Impose An Undue Burden.

Despite the fact that Plaintiffs' subpoena was served over three months ago and the fact that Plaintiffs have discussed this issue at numerous meet and confers, PwC has never explained why production of the requested materials would impose an undue burden.  It is incumbent on the party seeking to avoid discovery to establish undue burden.  *Kolon Indus. v. E.I. Du Pont de Nemours & Co.*, No. 3:11cv622, 2012 U.S. Dist. LEXIS 23326, at *13 (E.D. Va. Feb. 23, 2012) (granting motion to compel where party from which documents were sought failed to meet its burden in demonstrating the information requested was not reasonably accessible).

Here, PwC has failed to meet its burden because it has not offered any support for the proposition that production of the requested material would impose an undue burden.  PwC's failure is not surprising.  PwC is a large company with vast resources.  And, while PwC is a third party to this action, it received millions of dollars in fees for its work as a consultant to Orbital

5

Sciences in connection with the merger and as the independent registered accountant for the Company.

Given that this action involves the loss of hundreds of millions of dollars in shareholder value and that PwC's work in connection with Orbital Sciences' merger due diligence is clearly relevant to Plaintiffs' claims, the Court should order PwC to produce the requested discovery immediately.

### III.  CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court issue an order compelling PwC to produce immediately all documents regarding merger-related due diligence of the Lake City Contract and company goodwill.

DATED:  June 25, 2018

THE OFFICE OF CRAIG C. REILLY
CRAIG C. REILLY, VSB #20942

*/s/ Craig C. Reilly*
CRAIG C. REILLY

111 Oronoco Street
Alexandria, VA  22314
Telephone:  703/549-5354
703/549-2604 (fax)
craig.reilly@ccreillylaw.com

*Liaison Counsel*

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ
FRANK RICHTER
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN C. HERMAN
PETER M. JONES
Monarch Tower, Suite 1650
3424 Peachtree Road, N.E.
Atlanta, GA 30326
Telephone: 404/504-6500
404/504-6501 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
MAUREEN E. MUELLER
KATHLEEN B. DOUGLAS
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

*Lead Counsel for Plaintiff*

VANOVERBEKE MICHAUD &
  TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

*Additional Counsel for Plaintiff Wayne County Employees' Retirement System*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2018, I filed the foregoing pleading or paper through the Court's CM/ECF system, which sent a notice of electronic filing to all registered users and the following attorney for PricewaterhouseCoopers:

>Jonathan Su
>Latham & Watkins LLP
>555 11th Street, N.W.
>Suite 1000
>Washington, DC 20004-1304
>Jonathan.Su@lw.com

>*/s/ Craig C. Reilly*
>Craig C. Reilly, Esq.
>VSB # 20942
>111 Oronoco Street
>Alexandria, Virginia 22314
>TEL (703) 549-5354
>FAX (703) 549-5355
>EMAIL craig.reilly@ccreillylaw.com
>
>*Liaison Counsel for Lead Plaintiff*