# Exhibit F

# Daniel Sachs

| | |
|---|---|
| **From:** | Lyle Roberts |
| **Sent:** | Saturday, June 30, 2018 6:53 PM |
| **To:** | John Herman |
| **Cc:** | Daniel Sachs; Christine Milliron; Orbital ATK; Craig Reilly; George Anhang |
| **Subject:** | RE: Knurr v. Orbital ATK Inc., et al., (1:16-cv-01031-TSE-MSN) |

John -

Defendants have already engaged in a more than reasonable search for documents responsive to your March 6 request and produced the results of that search.  Nothing more is required.

In any event, I take it from your response that Plaintiffs were unable to find any support for their assertion that they are entitled to irrelevant documents if search terms are used.  Accordingly, it is clear from the e-mail string below that it has been Plaintiffs who have engaged in gamesmanship and delay.

Because I believe the Court would appreciate the parties finding a way to resolve the matter, what Defendants will do is -  without waiving any of their rights with regard to all the issues that have been raised regarding this production, and expressly reserving their rights to bring a motion for protective order if warranted -  produce documents subject to the terms set forth in my email below.  Defendants will produce the documents in this production promptly next week, starting with a large production on Tuesday.

Lyle

**From:** John Herman [mailto:JHerman@rgrdlaw.com]
**Sent:** Friday, June 29, 2018 12:01 PM
**To:** Lyle Roberts
**Cc:** Daniel Sachs; Christine Milliron; Orbital ATK; Craig Reilly
**Subject:** RE: Knurr v. Orbital ATK Inc., et al., (1:16-cv-01031-TSE-MSN)

Another week has gone by and the Defendants continue to refuse to produce documents responsive to our March 6 requests.  We have no idea how Defendants intend to determine which documents are responsive, but given the Defendants' discovery games to date, we are very concerned that documents highly relevant to our claims will continue to be withheld or redacted.

At this stage, we think it best for Defendants to make the production immediately and both sides reserve any rights as to its contents.  I am happy to discuss if you have any questions.

Regards,
John

**From:** Lyle Roberts [mailto:Lyle.Roberts@Shearman.com]
**Sent:** Friday, June 29, 2018 12:09 AM
**To:** John Herman
**Cc:** Daniel Sachs; Christine Milliron; Orbital ATK; Craig Reilly
**Subject:** RE: Knurr v. Orbital ATK Inc., et al., (1:16-cv-01031-TSE-MSN)

John –

Thanks.  Please provide us with support, in the form of a FRCP or court decision, for your position that you are entitled to irrelevant documents if search terms are used.  Otherwise, I think we should just move on.

Lyle

---

**From:** John Herman [mailto:JHerman@rgrdlaw.com]
**Sent:** Thursday, June 28, 2018 12:53 PM
**To:** Lyle Roberts
**Cc:** Daniel Sachs; Christine Milliron; Orbital ATK; Craig Reilly
**Subject:** RE: Knurr v. Orbital ATK Inc., et al., (1:16-cv-01031-TSE-MSN)

Lyle –

While we disagree with many of your comments, I would like to make this productive.  We agree that the search terms we sent on June 14, with the elimination of the single term listed below, are the last set of search terms Plaintiffs intend to request.

Defendants have an obligation to produce responsive documents.  As we have stated, we are amendable to allow the Defendants to use search terms and custodians as an efficient way of identifying potentially responsive documents, rather than forcing the Defendants to go through a much more substantial universe of documents.  But once the search terms and custodians produce a subset of documents, we disagree that Defendants can then withhold documents that have been hit upon by the search terms based on relevance.

I am available to discuss today if you would like.

Regards,
John

---

**From:** Lyle Roberts [mailto:Lyle.Roberts@Shearman.com]
**Sent:** Wednesday, June 27, 2018 7:05 PM
**To:** John Herman
**Cc:** Daniel Sachs; Christine Milliron; Orbital ATK; Craig Reilly
**Subject:** RE: Knurr v. Orbital ATK Inc., et al., (1:16-cv-01031-TSE-MSN)

John –

I spoke with Craig Reilly on Monday at the hearing and expressed my concern that in your e-mail below you appear to be insisting that you have a right to receive documents that are not actually responsive to your document requests.  Craig told me that he believed the main issue was the timeliness of the production, I assured him that we would make the production promptly, and Craig pledged that someone would get back to me on this issue.  Instead of doing so, Plaintiffs appear to have spent their time preparing a unilateral motion for the extension of discovery deadlines.

According to your motion, the parties have reached an agreement on this production.  That is a bit surprising, given that one of the specific conditions listed below was your agreement that you will not use this production as a basis to go into court and claim that you are receiving documents late or are surprised to be receiving such a large amount of documents or an additional privilege log at this stage of discovery.  And, of course, that is exactly what you did.  To close the loop on this issue, please confirm that you are not asserting a right to documents that are not responsive to your document requests and that Plaintiffs will not demand any further productions based on additional search terms, additional custodians, or different time periods (while reserving your rights to other, more specific requests).  As I noted below, Defendants are willing to agree to the same thing.

I think it is abundantly clear that all parties need some finality as to document productions.

Best regards,

Lyle

---

**From:** John Herman [mailto:JHerman@rgrdlaw.com]
**Sent:** Monday, June 25, 2018 8:48 AM
**To:** Lyle Roberts
**Cc:** Daniel Sachs; Christine Milliron; Orbital ATK; Craig Reilly
**Subject:** RE: Knurr v. Orbital ATK Inc., et al., (1:16-cv-01031-TSE-MSN)

Lyle –

Thank you for the confirmation on the hit report.

We do not agree that Orbital, after running the agreed upon search terms, has any right to withhold "irrelevant" documents. The usage of search terms and custodians is intended to ease a defendant's burden of reviewing the documents. While are amenable to permitting Orbital to do so, but not to then later do a secondary review and withholding of responsive documents. Please confirm Orbital will not do so.

As to additional search terms, we are in agreement that the plaintiffs do not intend to make additional search terms requests in the future. But, as I am sure you appreciate, we reserve our rights to seek any other documents, whether in response to our previous requests or otherwise, provided of course such requests are consistent with the Federal Rules of Civil Procedure.

Please confirm we have an agreement on the search terms as set forth here.

Regards,
John

---

**From:** Lyle Roberts [mailto:Lyle.Roberts@Shearman.com]
**Sent:** Sunday, June 24, 2018 8:13 PM
**To:** John Herman
**Cc:** Daniel Sachs; Christine Milliron; Orbital ATK; Craig Reilly
**Subject:** RE: Knurr v. Orbital ATK Inc., et al., (1:16-cv-01031-TSE-MSN)

John –

I believe that the run report speaks for itself, but my understanding is that these are the same search terms that you proposed with the deletion of the fourth term.

We are willing to use these search terms as the basis for a further review and production of responsive non-privileged and non-work product documents, which we believe that we can complete within the next week (pursuant to our rights under FRCP 26, privileged and/or work product and/or irrelevant documents will not be produced under our agreement, and likewise under FRCP 26, we will prepare and promptly provide Plaintiffs with a privilege log for this production). Our agreement to do the above is subject to Plaintiffs' agreement that you will not use this production as a basis to go into court and claim that you are receiving documents late or are surprised to be receiving such a large amount of documents or an additional privilege log at this stage of discovery. Finally, the parties' understanding must be that in this case, Plaintiffs will not demand any further productions whether based on additional search terms, additional custodians, or different time periods. Defendants will be willing to agree to the same thing. This will allow all the parties to have certainty as to what documents will form the basis for expert reports, depositions, etc.

Best regards,

Lyle

---

**From:** John Herman [mailto:JHerman@rgrdlaw.com]
**Sent:** Saturday, June 23, 2018 8:32 AM
**To:** Lyle Roberts
**Cc:** Daniel Sachs; Christine Milliron; Orbital ATK; Craig Reilly
**Subject:** RE: Knurr v. Orbital ATK Inc., et al., (1:16-cv-01031-TSE-MSN)

Lyle --

I would like to confirm that these search terms are the same ones I sent on June 14, with the deletion of the fourth term -- (W52P1J12D0078 OR "W52P1J-12-D-0078" OR "W52P1J11R0063" OR "W52P1J-11-R-0063").

If that is the case, are Defendants prepared to produce the documents that are hit by these terms promptly to Plaintiffs?

If so, we are willing to accept them for our search terms provided that they are produced in the next week.

Please advise.

Regards,

John

---

**From:** Lyle Roberts [Lyle.Roberts@Shearman.com]
**Sent:** Friday, June 22, 2018 6:26 PM
**To:** John Herman
**Cc:** Daniel Sachs; Christine Milliron; Orbital ATK; Craig Reilly
**Subject:** RE: Knurr v. Orbital ATK Inc., et al., (1:16-cv-01031-TSE-MSN)

John –

Attached is the new report with Line 4 removed.  Happy to discuss further.

Lyle


Lyle Roberts
Partner
Shearman & Sterling LLP
401 9th Street, NW
Washington, DC 20004-2128
Office: 1.202.508.8108
Cell: 1.202.578.3858
lyle.roberts@shearman.com

**From:** John Herman [mailto:JHerman@rgrdlaw.com]
**Sent:** Wednesday, June 20, 2018 7:25 PM
**To:** Lyle Roberts
**Cc:** Daniel Sachs; Christine Milliron; Orbital ATK; Craig Reilly
**Subject:** Re: Knurr v. Orbital ATK Inc., et al., (1:16-cv-01031-TSE-MSN)

Lyle -

I look forward to your prompt response.  In the meantime, I will simply say that the numbers you are reporting to us compared to your productions are not consistent.  But please tell us whether you will produce the documents next week that we are requesting based on our search terms.   Thanks.

John

On Jun 20, 2018, at 6:51 PM, Lyle Roberts <Lyle.Roberts@Shearman.com> wrote:

> John –
>
> I am concerned, based on your e-mail from 10:08 am, that you are not reading the reports we have been sending correctly.
>
> Plaintiffs have not, as you claim, moved the number of "hits" from 2 million to 100,000, with a much lower number of actual number of documents to be produced after de-duplication and accounting for documents that have already been produced.  As I believe the attached report makes clear, the 104,000 documents that would be churned up by your overly broad proposed search terms already excludes duplicates and documents that have already been produced.
>
> As for your claim that we are requiring you to accept our terms, nothing could be further from the truth.  Defendants have not proposed any additional search terms and, indeed, think that the additional searches Plaintiffs are insisting upon are unduly burdensome and disproportional to the needs of the case.  But in the spirit of compromise, we have largely accepted Plaintiffs' search terms, placed appropriate limiters on them, and agreed to produce tens of thousands of additional documents at considerable cost.
>
> In light of the above, Plaintiffs may wish to reconsider their position.  In the meantime, we are willing to run a report with Line 4 removed.  But it seems telling that Plaintiffs want to remove terms that directly identify the Lake City Contract in favor of terms that have no clear connection to the subject matter of this litigation.
>
> Best regards,
>
> Lyle
>
>> **From:** John Herman [mailto:JHerman@rgrdlaw.com]
>> **Sent:** Wednesday, June 20, 2018 2:02 PM
>> **To:** Lyle Roberts; Daniel Sachs; Christine Milliron
>> **Cc:** Orbital ATK; 'Craig Reilly'
>> **Subject:** RE: Knurr v. Orbital ATK Inc., et al., (1:16-cv-01031-TSE-MSN)
>>
>> We will make one final offer to compromise to avoid motion practice.  We willing to withdraw this term if you agree to run the remainder and produce the documents next week:

5

Line 4 :  (W52P1J12D0078 OR "W52P1J-12-D-0078" OR "W52P1J11R0063" OR "W52P1J-11-R-0063")

This will reduce the hit count substantially – by over 62,626 hits according to your numbers.

Please advise whether this is agreeable by 5:00 today.

---

**From:** John Herman
**Sent:** Wednesday, June 20, 2018 10:08 AM
**To:** 'Lyle Roberts'; Daniel Sachs; Christine Milliron
**Cc:** Orbital ATK; 'Craig Reilly'
**Subject:** RE: Knurr v. Orbital ATK Inc., et al., (1:16-cv-01031-TSE-MSN)

Lyle –

I will not belabor what has already been a long, drawn out process of attempting to get documents responsive to plaintiffs' search terms from your client.  I will simply point out that Defendants have not produced a single document from any of plaintiffs' proposed search terms even though we are nearly 7 weeks past the May 1 document production deadline.

As you well know, our complaint is not that Orbital produced too many documents, it is that Orbital is withholding important documents and not producing them timely.

We met and conferred in March on this process.  In order to compromise, we have dramatically cut down on the number and scope of plaintiffs' terms, narrowing the document hits from close to 2 million to about 100,000.   Of course, we continue to believe these numbers are inflated when you properly account for duplications and documents already produced.

Defendants attempt to hide relevant documents by adding "Lake City" qualifier to each and every term is unacceptable.  Not only are these custodians working on the Lake City contract to begin with, but it is unrealistic to think that the term "Lake City" appears within every email.  For example, by adding your qualifier of "Lake City" to the term "got to jail," you have reduced the number of unique hits from 98 to 9.  I can't imagine that, as Orbital employees were wondering if they were going to jail over the behavior at Lake City, they made sure to type in this limiting term into the email itself.

Your offer to compromise is no offer at all.   You are simply saying – as you have throughout this process – that we either take your exact proposal or get nothing.  We have made numerous concessions to minimize the number of documents, while defendants have done little.  We are therefore at an impasse on the search terms.

Regards,
John

---

**From:** Lyle Roberts [mailto:Lyle.Roberts@Shearman.com]
**Sent:** Wednesday, June 20, 2018 6:36 AM
**To:** John Herman; Daniel Sachs; Christine Milliron
**Cc:** Orbital ATK; 'Craig Reilly'
**Subject:** RE: Knurr v. Orbital ATK Inc., et al., (1:16-cv-01031-TSE-MSN)

John -

We disagree that we have failed to meet the burdens placed on Defendants by the rules of this Court.  We have made every effort to cooperate with you on the issue of search terms and it is Plaintiffs' unwillingness to propose reasonable additional search terms that has been the cause of any delay.  We would remind you that until last Thursday, Plaintiffs were continuing to propose wildly overbroad search terms that would result in the production of 600,000 additional documents, while on Monday you sent an email complaining that Defendants were producing <u>too many</u> documents as a result of the additional custodians that you proposed to us at the very end of the document production period and in response to which we have quickly produced documents.  Which is it?  (As an aside, your assertion that for "months" the parties negotiated over these additional search terms and custodians is incorrect.  As you know, April 23 was the first time Plaintiffs proposed this expansive set of additional search terms and custodians and there has been an intervening 30-day stay of the case.)

While the parties should endeavor to cooperate on search terms for ESI material, we are not obligated to agree to unreasonable demands for irrelevant documents made by opposing counsel, especially when they are made at the close of the document discovery period.  Moreover, the duty to cooperate must be balanced with the recognized right of a responding party under the Federal Rules of Civil Procedure, Rule 34(a) to collect, search, and select documents responsive to a discovery request.

The enormous document discovery that Defendants have already engaged in (over 500,000 documents from 34 custodians) is more than adequate for this case.  Nevertheless, in the spirit of compromise, Defendants agreed to produce an additional 64,000 documents by using your proposed search terms with appropriate limiting terms.  Rather than accept that reasonable compromise, you sent us a new list of modified terms that would result in the review and production of a total of 104,000 documents (see attached hit report), a 60% increase.  The majority of the modifications you made to our proposed compromise search terms – and which are causing the number of documents to significantly increase - remove the Lake City limiters, thereby rendering many of your proposed search terms nothing more than the type of fishing expeditions that courts do not permit.  For example, removing the Lake City limiters from your search term string targeting certain generic terms (hide OR inadequate OR fail* OR hide OR hiding OR secret) hits on 18,642 documents, whereas it only hit on 127 documents when those limiters were included.  This is a clear indicator that these search terms are grossly overbroad, and we are confident that the court will agree.

Please let us know by close of business today whether you will agree to accept the additional production proposed by Defendants and bring document discovery to a close.  We reserve our rights to seek appropriate relief from the court if Plaintiffs continue to insist on these unreasonable and overly broad search terms.

Best regards,

Lyle

**From:** John Herman [mailto:JHerman@rgrdlaw.com]
**Sent:** Tuesday, June 19, 2018 12:14 PM
**To:** Daniel Sachs; Christine Milliron
**Cc:** Lyle Roberts; Orbital ATK; 'Craig Reilly'
**Subject:** RE: Knurr v. Orbital ATK Inc., et al., (1:16-cv-01031-TSE-MSN)

Dan –

I can confirm that we received the drive at approximately 1:30 ET yesterday.

Defendants have known since August 2017 when the Court denied their Motion to Dismiss that they would have to produce documents in this case. And it is the Defendants' burden to produce responsive documents to Plaintiffs' requests. If Defendants wished to use custodians and search terms to reduce the burden associated with meeting their obligations, then Defendants had the burden to reach an agreement. Defendants have failed to do so, despite significant efforts by Plaintiffs to accommodate this effort. The record is well developed that we have been meeting and conferring with the Defendants since March to develop an agreed upon set of custodians and search terms. For months, Defendants steadfastly refused to search for a single custodian or single search term offered by Plaintiffs. While we were finally able to reach an agreement as to custodians, we have not as to search terms. We are now 6 weeks past the document production date and Defendants have failed to meet their burdens.

At this stage, unless Defendants agree to run the search terms we sent to you last Thursday (to which we have received no response) and promptly produce the resulting documents to us, we will be moving the Court to compel Defendants to do so. We ask that you please let us know your position by the close of business today. We further reserve our rights to move for additional relief from the Court.

Regards,
John

**From:** Daniel Sachs [mailto:Daniel.Sachs@Shearman.com]
**Sent:** Monday, June 18, 2018 7:30 PM
**To:** John Herman; Christine Milliron
**Cc:** Lyle Roberts; Orbital ATK; 'Craig Reilly'
**Subject:** RE: Knurr v. Orbital ATK Inc., et al., (1:16-cv-01031-TSE-MSN)

John,

I understand the hard drive containing this production arrived at your San Diego office this morning.

Your suggestion that the timing and size of this production is prejudicial to Plaintiffs has no merit and is contradicted by Plaintiffs' conduct in discovery and the record of the parties' meet and confer meetings. It was not until April 23, a week prior to the required date for the substantial completion of document production, that Plaintiffs proposed their "preliminary" additional custodians. Plaintiffs offered no explanation for why this request was made at such a late date – nearly two months after the commencement of discovery and more than two weeks after receiving Defendants' first production of documents. This proposal contained 48 suggested custodians, and as we informed you and you implicitly conceded over the course of meet and confer meetings, many of these custodians had no relation to the Lake City Contract and the relevant issues in this action.

After that we held several meet and confers regarding producing documents from additional custodians, including one on May 1. At that time, Plaintiffs continued to insist on adding additional custodians to the case even though we informed you that many of the custodians are unlikely to possess relevant documents. We also informed you that Plaintiffs' requests were overbroad and disproportional to the

8

needs of the case, but we agreed to produce documents from 10 additional custodians.  You wrote back on the evening of May 1 seeking to impose additional conditions on our production of documents from those custodians, and we agreed to certain of those conditions the next day.  We began collecting and reviewing those documents immediately, and per the parties' agreement no documents were produced once the stay request was made a week later.  Based on this record it strains credulity to suggest that you were not aware that additional documents from these custodians were being reviewed, and it should come as no surprise that they were produced within days of the stay being lifted.   Plaintiffs cannot seriously take issue with the timing, subject matter  or size of this production given their delays in proposing and negotiating additional custodians.

On May 1 and May 2, we also informed you of other categories of documents that Defendants were still in the process of reviewing, and my May 2 email to you sets forth categories that we were preparing to produce at the time, including hard copy documents that had to be manually scanned and loaded prior to review.  For these documents as well, contrary to your email, Plaintiffs' received advance notice and an explanation of Defendants' plans, and Plaintiffs suffer no prejudice from receiving them within days of the lifting of the stay.

Regards,
Dan


**Daniel Sachs**
+1 (202) 508-8066
**Shearman & Sterling LLP**


**From:** John Herman [mailto:JHerman@rgrdlaw.com]
**Sent:** Monday, June 18, 2018 10:06 AM
**To:** Daniel Sachs; Christine Milliron
**Cc:** Lyle Roberts; Orbital ATK; 'Craig Reilly'
**Subject:** RE: Knurr v. Orbital ATK Inc., et al., (1:16-cv-01031-TSE-MSN)

Dan –

We are in receipt of your letter from Friday, but as of yet we have not received any hard drive.

We are extremely concerned, however, that Orbital appears to be producing over 700,000 pages of documents at this late stage of the case.  Not only was the document production deadline over 6 weeks ago (May 1), but we received no advanced notice and no explanation as to this late production.

Can you please explain to us (1) where the documents are coming from and (2) why they are only being produced to us now?

Obviously, at this late stage of discovery such a production is extremely prejudicial to the depositions and expert reports. We reserve our rights to take this issue up with the Court.

Regards,

John Herman
jherman@rgrdlaw.com
404-504-6555

**From:** Daniel Sachs [mailto:Daniel.Sachs@Shearman.com]
**Sent:** Friday, June 15, 2018 6:36 PM
**To:** Christine Milliron; John Herman
**Cc:** Lyle Roberts
**Subject:** Knurr v. Orbital ATK Inc., et al., (1:16-cv-01031-TSE-MSN)

Counsel,

Please see the attached letter, which has been sent along with a hard drive containing a production from the Orbital Defendants to RGRD's San Diego address.

This production is too large to share via an FTP site, so it is being provided only via hard drive. The password to this production will be provided under separate cover.

Regards,
Dan

**Daniel Sachs** | Associate

<image001.png>

401 9th Street, NW
Washington, DC 20004
D +1 (202) 508-8066  |  M +1 (917) 379-7849
daniel.sachs@shearman.com  |  www.shearman.com

This communication and any attachments may be privileged or confidential. If you are not the intended recipient, you have received this in error and any review, distribution or copying of this communication is strictly prohibited. In such an event, please notify us immediately by reply email or by phone (collect at 212-848-4000) and immediately delete this message and all attachments.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

<Orbital ATK - Shearman Edits - Knurr - Revised Search Term Report - 201....xlsx>

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as

attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**