# Exhibit D

# Barry, Stephen (DC)

| | |
|---|---|
| **From:** | Su, Jonathan (DC) |
| **Sent:** | Thursday, June 21, 2018 10:30 PM |
| **To:** | Peter Jones; Barry, Stephen (DC) |
| **Cc:** | John Herman; Frank Richter; Andrew Hutton; Chris Yurcek |
| **Subject:** | RE: Knurr v. Orbital - Subpoena to PwC |

Peter: We expect to provide the Orbital privilege log corresponding to PwC's most recent productions early next week. Coupled with the logs we have already produced, this information should address every document withheld or redacted or privilege grounds to date. Following receipt of this next log, if you still believe that there are redactions that have not been logged, please let us know.

Regarding the additional engagement workpapers we agreed to produce, and as I advised you earlier this week, PwC has completed its review and will produce those materials once Orbital's ongoing privilege review is complete. As you are aware, the FRCP 26(b)(5) requires a party to "make" a privilege claim and "describe the nature of the documents . . . not produced or disclosed" on privilege grounds only if and "[w]hen" that party actually "withholds information otherwise discoverable." Here, we understand Orbital's review is nearing completion and anticipate producing PwC's remaining audit and review workpapers in the near term. But any suggestion that Orbital (or PwC) should somehow have already logged preemptively documents that neither Orbital nor PwC has withheld from production is incorrect. Our production is forthcoming, and we will tender timely a log identifying any documents withheld from that production or redacted on privilege grounds.

On the contents of Orbital's privilege log, we disagree that "it is incumbent on PwC to provide a satisfactory log" for documents that Orbital has designated as privileged. In the Fourth Circuit, "the party asserting a personal right or privilege in documents sought from nonparties bears the burden of demonstrating such privilege or right is applicable." *U.S. Equal Employment Opportunity Comm'n v. Bojangles' Restaurants, Inc.*, 2017 WL 2889493, at *3 (E.D.N.C. July 6, 2017) (collecting cases); *see also Solis v. Food Emp'rs Labor Relations Ass'n*, 644 F.3d 221, 232 (4th Cir. 2011) ("[a]s in the case of attorney-client privilege, the party claiming the protection bears the burden of demonstrating the applicability of the work product doctrine."); *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 2016 WL 5920904, at *2 (D. Md. Oct. 11, 2016) ("The Federal Rules of Civil Procedure require *the party asserting a privilege* to 'describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.'" (quoting Fed. R. Civ. P. 26(b)(5)(A)(ii))). Accordingly, while we understand that you are "considering" conferring with Orbital regarding concerns related to a privilege log that *Orbital* prepared and which reflects privileged assertions *by Orbital*, we urge you once again to engage with Orbital's counsel in order to resolve those concerns before imposing on the Court with unnecessary motions practice.

Regarding your request for e-mail data, for purposes of producing hit counts, we propose applying your search terms to e-mails collected from the following six custodians covering the period of January 1, 2015 through September 1, 2016:

> B.J. Agugliaro
> David Ryan
> Gregory Russo
> William Hutcherson
> Emily Webber
> Dominic Fatigati

We believe these parameters are reasonable, and will revert shortly with information regarding billing rates so that you can consider whether Plaintiffs would be willing to reimburse PwC's reasonable review costs.

With respect to the "interview issue," we are investigating the documents and questions you raised on Monday.  We are also considering your request for merger-related documents, and would propose scheduling another call for Friday to discuss next steps on both issues.  Please let me know if 11:30am or 4pm works.

Finally, we are still confirming witness and attorney availability, but please hold open the dates of July 19 and 20 for the Rule 30(b)(6) deposition.  Thank you.

Jonathan

**From:** Peter Jones [mailto:PJones@rgrdlaw.com]
**Sent:** Thursday, June 21, 2018 3:44 PM
**To:** Su, Jonathan (DC) <Jonathan.Su@lw.com>; Barry, Stephen (DC) <Stephen.Barry@lw.com>
**Cc:** John Herman <JHerman@rgrdlaw.com>; Frank Richter <FRichter@rgrdlaw.com>; Andrew Hutton <DHutton@rgrdlaw.com>; Chris Yurcek <ChrisY@rgrdlaw.com>
**Subject:** RE: Knurr v. Orbital - Subpoena to PwC

Jonathan,

We have not heard back from you with regard to the issue of the merger-related documents.  Please let us know no later than 12:00 Eastern tomorrow whether PwC will agree to produce the merger-related documents related to Lake City, the Lake City Contract, or company goodwill.  And, if so, please let us know when they will be produced.  If we do not hear back from you, we may be forced to seek relief from the court in light of the upcoming expert report deadlines.

Thanks,
Peter

**From:** Peter Jones
**Sent:** Tuesday, June 19, 2018 11:55 AM
**To:** Jonathan.Su@lw.com; Stephen.Barry@lw.com
**Cc:** John Herman; Frank Richter; Andrew Hutton; Chris Yurcek
**Subject:** Knurr v. Orbital - Subpoena to PwC

Jonathan,

Thank you for speaking with us yesterday.  I write to confirm a number of issues discussed on our call.

First, we intend to move this Friday for an order compelling the production of all workpapers within the scope of the initial production agreed to by Plaintiffs and PwC that were not included on the privilege logs provided to date.  The motion will also include a request for unredacted versions of all documents produced in redacted form that were not included on the logs.   In addition, the motion will seek the production of the documents included on Orbital's log based on the failure to provide the information necessary for Plaintiff to evaluate the assertion of privilege.

Second, we intend to move Friday for an order compelling the production of all documents, including but not limited to notes, reports, memos, or summaries, related to interviews conducted by PwC of Orbital employees.  It is unclear to us why this information has not already been produced.  Orbital has been clear that it will not assert a claim of privilege over documents related to interviews conducted by PwC unless there is some other independent basis for the assertion.

Third, in an effort to compromise, we have agreed to limit the production of merger-related documents to those relating to Lake City, the Lake City Contract, or Company goodwill.  Other commonly used terms or abbreviations for Lake City or the Lake City Contract would need to be included for the purposes of any word search of electronic documents.  We believe this is a significant effort on our part to reach agreement on the scope of production for these documents.  Please confirm that PwC will produce such documents timely.

Fourth, we understand that you will be providing a description of potential sources of documents responsive to our subpoena other than the workpapers and email.  As mentioned above, we are willing to consider limiting a search of these documents to those relating to Lake City, the Lake City Contract, or Company goodwill.

Fifth, we understand that you will be providing a description of the data set (custodians and dates) that you believe is reasonable for a search using the search terms proposed by Plaintiff.  We look forward to moving forward on this issue quickly.

Finally, as discussed, we are willing to work with you on a date for the deposition next week, but we need to agree on an alternative before we can release the 6/27 date.  If you have a proposal, please provide it.

Regards,
Peter


**Peter M. Jones**

Robbins Geller Rudman & Dowd LLP

3424 Peachtree Road, NE, Suite 1650
Atlanta, GA 30326
Main: (404) 504-6500
Direct: (404) 504-6513



**NOTICE:** This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.