IN THE UNITED STATES DISTRICT CIRCUIT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| STEVEN KNURR, *et al.*, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 1:16-cv-01031-TSE-MSN |
| | ) |
| v. | ) <u>CLASS ACTION</u> |
| | ) |
| ORBITAL ATK, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**<u>MEMORANDUM IN SUPPORT OF MOTION TO SEAL</u>**

Pursuant to Local Civil Rule 5(C), Defendants move for leave to file the Memorandum in support of their Motion to Set Aside Part of the Magistrate Judge's June 25, 2018 Order and one Exhibit (ECF Nos. 276, and 278-6, respectively) under seal (***filed under seal*** as ECF Nos. 277 and 279, respectively). See E.D. VA. CIV. R. 5(C). Defendants seek to seal the Memorandum because it cites information from the June 25, 2018 hearing transcript that was previously sealed by the Magistrate Judge. The lone Exhibit Defendants are requesting to be filed under seal is that same June 25, 2018 hearing transcript that the Magistrate Judge previously sealed. As explained below, the sealing of the Memorandum and Exhibit should be granted.

**THE PROCEDURAL REQUIREMENTS FOR SEALING HAVE BEEN MET.**

Under the Local Rules, a party may file a motion to seal together with the proposed sealed filings. E.D.VA.CIV.R 5(C). Thereafter, the Court will determine whether the sealing or redactions are proper. Defendants followed that practice in this Motion. Under Fourth Circuit law, the District Court must do the following prior to sealing any court records:

1

> (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). Each procedural requirement has been met here by Defendants' sealing motion.

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *Id.* In accordance with Local Civil Rule 5(C) procedures, this sealing motion has been publicly docketed in advance of any sealing ruling, satisfying the first requirement.

To satisfy the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. Here, Defendants have used limited sealing measures, redacting only limited portions of the Memorandum that quote or reference the sealed portions of the June 25, 2018 hearing transcript. Defendants have not sought to have the remainder of the Memorandum sealed, nor have they sought to have any other documents filed sealed except for the portion of the June 25, 2018 transcript that the Magistrate Judge previously ordered sealed. *See, e.g.*, *U.S. ex rel. Carter v. Halliburton Co.*, No. 1:11CV602 JCC/JFA, 2011 WL 8204612, at *3 (E.D. Va. Nov. 29, 2011) ("Because Defendants' discussion of the Under Seal Action is confined to certain portions of their brief, there is a less drastic remedy than sealing the brief *in toto*.").

To satisfy the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard—either the First Amendment or

2

common law.  Here, the redacted and sealed material contains confidential business information concerning the Company's accounting policies, including accounting procedures for contracts, as well as confidential information related to an internal investigation conducted by outside counsel.  Further, the limited redactions and sealed material sealed falls within the definition of "Confidential Discovery Material" in the Stipulated Protective Order (ECF No. 125).

Specifically, this material is "non-public, confidential, personal, proprietary, customer, client, or commercially sensitive information that is of such a nature and character that [Defendants] in good faith reasonably believe[] the disclosure of such information is likely to cause substantial injury . . . that cannot be avoided by less restrictive means."  ECF No. 125 at 3-4.

An Order sealing these materials is appropriate under case law in the Eastern District of Virginia and associated Local Rule.  While Defendants are not seeking such here, in some instances, courts have allowed all pre-trial productions to be filed under seal.  *See, e.g.*, *Benedict v. Hankook Tire Co. Ltd.*, No. 3:17-CV-109, 2018 WL 3014797, at *2 (E.D. Va. June 15, 2018) (the Court approved a Protective Order which "broadly covered, inter alia, 'all information and materials produced formally; informally; in any ... document ... brief, motion, transcript, testimony, or other writing; or through any manner or means of discovery or disclosure in the lawsuit . . . without prejudice to a later determination regarding confidentiality at trial'" solely upon defendants' representation that "Defendants produced a defective tire [which] implicated Defendants' confidential product-related information").  More generally, courts have protected various similar forms of sensitive business information from disclosure to that which Defendants seek to keep under seal.  *See*, *e.g.*, *Flexible Benefits Council v. Feltman*, No. 1:08CV371 (JCC), 2008 WL 4924711, at *1 (E.D. Va. Nov. 13, 2008) (granting sealing motion where "exhibits

contain confidential financial data that are normally unavailable to the public"); *ZUP, LLC v. Nash Mfg., Inc.*, No. 3:16-CV-125-HEH, 2016 WL 11082038, at *1 (E.D. Va. Oct. 27, 2016) (granting motion to seal parties' confidential information regarding (i) their pricing, sourcing, and business strategies and (ii) labor and material costs for manufacturing certain recreational water devices); *Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 1:15-CV-274, 2017 WL 6001818, at *5 (M.D.N.C. Dec. 4, 2017) (sealing exhibits containing corporate financial information such as "detailed information on the budgeted and actual sales quantity, gross profits, discounts, net price, cost of goods sold, of products at issue in the trial, as well as pricing and sales data[,] market strategies, business plans, product lifecycle management, and analysis of competition); *see also, e.g.*, *W. Insulation, L.P. v. Moore*, No. CIV.A. 305CV602-JRS, 2006 WL 208590, at *3 (E.D. Va. Jan. 25, 2006).

Moreover, there is little to no harm to the public interest in making these redactions public because the majority of the filing is public, there are numerous public filings in this action including the Amended Complaint sufficient to inform the public of the nature of this case, and this particular filing involves a non-dispositive evidentiary ruling. *See Copeland v. Bieber*, No. 2:13CV246, 2016 WL 7042946, at *1 (E.D. Va. Sept. 8, 2016) (granting sealing motion "[b]ecause the unreduced public versions of the memoranda and exhibits adequately inform the public regarding the nature of the dispute, and the sealed documents relate to a non-dispositive evidentiary ruling").

In seeking to redact confidential discovery material, Defendants have sought the least invasive solution to protect material that should properly remain confidential, while still providing the interested public the opportunity to access non-confidential information related to this litigation.

**CONCLUSION**

Accordingly, Defendants respectfully ask this Court to grant the limited Motion to Seal.


Dated: July 9, 2018
      Washington, DC

                                            Respectfully submitted,

                                            SHEARMAN & STERLING LLP

                                            */s/* Lyle Roberts
                                            Lyle Roberts (Va. Bar No. 45808)
                                            George Anhang (*pro hac vice*)
                                            401 9th Street, NW
                                            Suite 800
                                            Washington, DC 20004
                                            Telephone: (202) 508-8000
                                            Facsimile: (202) 508-8100
                                            lyle.roberts@shearman.com
                                            george.anhang @shearman.com

                                            Paula Anderson (*pro hac vice*)
                                            Daniel C. Lewis (*pro hac vice*)
                                            599 Lexington Avenue
                                            New York, NY 10022
                                            Telephone: (212) 848-4000
                                            Facsimile: (212) 848-7179
                                            paula.anderson@shearman.com
                                            daniel.lewis@shearman.com

                                            *Counsel for Defendants Orbital ATK, Inc.,*
                                            *David W. Thompson, Garrett E. Pierce,*
                                            *Blake E. Larson, and Hollis Thompson*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July 2018, a true and correct copy of the foregoing was served via CM/ECF filing on all counsel of record.

                                                                         */s/* Lyle Roberts
Lyle Roberts (Va. Bar No. 45808)
401 9th Street, NW
Suite 800
Washington, DC 20004
Telephone: (202) 508-8000
Facsimile: (202) 508-8100
lyle.roberts@shearman.com

*Counsel for Defendants Orbital ATK, Inc., David W. Thompson, Garrett E. Pierce, Blake E. Larson, and Hollis Thompson*