IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| STEVEN KNURR, et al., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:16-cv-01031-TSE-MSN |
| | ) | |
| v. | ) | <u>CLASS ACTION</u> |
| | ) | |
| ORBITAL ATK, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## <u>JOINT MOTION TO STAY THIS ACTION TO PERMIT PRIVATE MEDIATION</u>

Lead Plaintiff Construction Laborers Pension Trust of Greater St. Louis and Named Plaintiff Wayne County Employees' Retirement System (collectively, "Plaintiffs") jointly with Defendants Orbital ATK, Inc., David W. Thompson, Garrett E. Pierce, Blake E. Larson, Hollis M. Thompson, and Mark W. DeYoung (collectively, "Defendants") move to stay this putative securities class action until October 8, 2018—with the exception of the completion of fact discovery, which the parties do not seek to stay—in order to permit the parties an opportunity to engage in private mediation.[1]  The grounds for granting this relief are as follows:

1.  On August 12, 2016, the first complaint in this action was filed, and on November 10, 2016, this Court appointed Construction Laborers Pension Trust of Greater St. Louis as Lead Plaintiff, and approved their selection of Lead and Liaison Counsel for the plaintiff class (ECF No. 42). Plaintiffs filed their first operative complaint on April 24, 2017 (ECF No. 53), and Defendants moved to dismiss the complaint on May 30, 2017 (ECF No. 67).

---

[1]  After considering Magistrate Judge Nachmanoff's suggestion at a July 6 hearing (Tr. at 57) and discussing amongst each other, the parties believe, for the reasons discussed below, that it is appropriate to request a stay at this time.

2. In two separate opinions, this Court granted in part, and denied in part, Defendants' motion to dismiss (ECF No. 75-76). Plaintiffs filed an amended complaint on October 10, 2017 (ECF No. 78), and Defendants again moved to dismiss on October 24, 2017 (ECF No. 81). On March 2, 2018, this Court granted in part and denied in part (ECF No. 100) Defendants' motion to dismiss and this case proceeded to the discovery phase. On the same day, the Court also issued a scheduling order (ECF No. 101).

3. The parties thereafter held a Rule 26(f) meet and confer conference, and submitted a Joint Discovery Plan on March 21, 2018 (ECF No. 117), as well as a joint motion to modify the pretrial schedule (ECF No. 118). The parties then reached agreement on and submitted a Stipulated Protective Order (ECF NO. 125), an Amended Joint Discovery Plan (ECF No. 127), and a Stipulation of Format of Production Protocol (ECF No. 129).

4. On May 14, 2018, the Court granted the parties' prior joint motion for a 30-day stay of this litigation (ECF No. 170), and the parties consequently engaged in private mediation. After the stay concluded and the litigation continued, the Court subsequently issued an amended scheduling order on July 6, 2018 (ECF No. 270), directing the parties to complete fact discovery by September 7, expert discovery by September 14, and pre-trial motion practice by October 12.

5. The Court also scheduled for September 7 oral argument on Plaintiffs' motion for class certification (ECF No. 217), as well as Defendants' motions to set aside Part of the Magistrate Judge's June 25, 2018 Order Pursuant to Fed. R. Civ. P. 72 (ECF No. 275) and to set aside Part of the Magistrate Judge's July 9, 2018 Order Pursuant to Fed. R. Civ. P. 72 (ECF No. 297). *See* ECF No. 364. Meanwhile, Plaintiffs filed a motion to amend their complaint on August 8 (ECF No. 347), which is scheduled for oral argument before Magistrate Judge Nachmanoff on August 31, 2018 (ECF No. 365). In addition, Plaintiffs recently filed a motion to compel that will be

2

heard by Magistrate Judge Nachmanoff also on August 31, 2018 (ECF No. 381), which Defendants must oppose by August 29, 2018.

6.   Having nearly completed fact discovery, the parties are entering the next phases of the case—expert discovery and pre-trial motion practice.  At this time, the parties also have commenced counsel-to-counsel settlement discussions and mutually agreed to continue the private mediation process started earlier in an effort to settle this action before involving the Court in pre-trial motion practice.  As part of those counsel-to-counsel settlement discussions, the parties have agreed to use the same mediator used during earlier negotiations and also to a mediation date.

7.   Reaching a settlement in a class action requires that both sides commit time, effort, and attention, and thus diverts resources that would otherwise be devoted to litigation.  The parties and their counsel thus believe that completing fact witness depositions that were noticed before September 7 (but which may be completed after that date, ECF No. 392), but otherwise staying the case and continuing the pending August 31 (before Magistrate Judge Nachmanoff) and September 7 (before the Court) argument dates will permit the parties to make the concerted effort necessary to pursue a settlement while conserving judicial and party resources.

8.   The parties' respective counsel are experienced in the particularized nature of securities class action litigation, and intend to continue discussions through the previously engaged, seasoned mediator.  The parties and their counsel believe that this is the most advantageous setting for pursuing – and hopefully concluding – their settlement negotiations.  Therefore, the parties seek this stay to conserve judicial resources and to avoid incurring the imminent expenses of continued expert discovery and pre-trial motion practice (at great savings to the parties), to

permit the parties and their counsel to devote their full attention to the mediation and settlement efforts, and to avoid the needless consumption of judicial resources.[2]

9. The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants."  *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  The decision to stay an action is committed to the "sound discretion" of the district court in light of the circumstances presented.  *See American Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937).

10. The Fourth Circuit has stated, "Courts should foster settlement [of class actions] in order to advantage to parties and promote 'great savings in judicial time and services.'"  *Central Wesleyan College v. W.R. Grace & Co.*, 6 F.3d 177, 185 (4th Cir. 1993).  This Court has recently granted a temporary stay pending mediation where similar factors were present.  *See Biber et al., v. Pioneer Credit Recovery, Inc.*, Case No. 1:16-cv-804 (E. D. Va. Feb. 8, 2017) (ECF No. 62) (Ellis J.) (granting stay to permit parties to engage in private mediation).

11. Therefore, the parties respectfully and jointly request a stay until October 8, 2018 in order to pursue private mediation.  Plaintiffs further submit that staying this action will serve the interests of justice and permit the "just, speedy, and inexpensive determination" of this action in the best interests of the putative class members. Fed R. Civ. P. 1. Defendants further submit that the stay will conserve resources and provide a reasonable prospect of resolving this action.

WHEREFORE, the parties jointly move the Court to partially stay this action and thereby permit the parties to focus their efforts on a private mediation process.  A proposed Order is submitted herewith. The parties do not seek oral argument on this motion.

---

[2]  The parties will of course complete fact discovery and also will continue to prepare for expert depositions, pre-trial motion practice, and trial should their negotiations fail to produce a settlement.

Respectfully submitted this 28th day of August 2018.

| | |
|---|---|
| /s/ Craig C. Reilly<br>Craig C. Reilly (Va. Bar No. 20942)<br>111 Oronoco Street<br>Alexandria, VA 22314<br>T: (703) 549-5354<br>F: (703) 549-5355<br>E: craig.reilly@ccreillylaw.com<br>*Liaison Counsel for Plaintiffs* | /s/ Lyle Roberts<br>Lyle Roberts (Va. Bar No. 45808)<br>George Anhang (*pro hac vice*)<br>Daniel Sachs (*pro hac vice*)<br>**SHEARMAN & STERLING**<br>401 9th Street, N.W.<br>Suite 800<br>Washington, DC 20004<br>Telephone: (202) 508-8000<br>Facsimile: (202) 508-8100<br>lyle.roberts@shearman.com<br>george.anhang@shearman.com<br>daniel.sachs@shearman.com<br>*Counsel for Defendants Orbital ATK, Inc.,*<br>*David W. Thompson, Garrett E. Pierce, Blake*<br>*E. Larson, and Hollis Thompson* |
| **ROBBINS GELLER RUDMAN & DOWD LLP**<br>James E. Barz<br>Frank A. Richter<br>200 South Wacker Dr., 31st Floor<br>Chicago, IL 60606<br>Telephone: (312) 674-4674<br>Facsimile: (312) 674-4676<br>jbarz@rgrdlaw.com<br>frichter@rgrdlaw.com<br><br>Samuel H. Rudman<br>58 South Service Road, Suite 200<br>Melville, NY 11747<br>Telephone: (631) 367-7100<br>Facsimile: (631) 367-1173<br>srudman@rgrdlaw.com | /s/ K. Ross Powell<br>K. Ross Powell (Va. Bar No. 89495)<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth St., NW<br>Washington, DC 20005<br>Telephone: (202) 879-5000<br>Ross.Powell@Kirkland.com<br><br>Joshua Z. Rabinovitz<br>Casey R. Fronk<br>**KIRKLAND & ELLIS LLP**<br>300 North LaSalle<br>Chicago, IL 60654<br>(312) 862-2000<br>Joshua.Rabinovitz@kirkland.com |

| | |
|---|---|
| Kathleen B Douglas<br>Maureen E. Mueller<br>120 E. Palmetto Park Road, Suite 500<br>Boca Raton, FL 33432<br>Telephone:  (561) 750-3000<br>Facsimile:  (561) 750-3364<br>kdouglas@rgrdlaw.com<br>mmueller@rgrdlaw.com | Stefan Atkinson<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Stefan.Atkinson@kirkland.com<br><br>*Counsel for Defendant Mark W. DeYoung* |
| John C. Herman<br>Peter M Jones<br>3424 Peachtree Road, NE, Suite 1650<br>Atlanta, GA  30326<br>Telephone: (404) 504-6500<br>Facsimile:  (404) 504-6501<br>jherman@rgrdlaw.com<br>pjones@rgrdlaw.com<br>*Counsel for Lead Plaintiff and Named Plaintiff* | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August 2018, a true and correct copy of the

foregoing was served via CM/ECF filing on all counsel of record.

   */s/ Craig C. Reilly*
Craig C. Reilly (Va. Bar No. 20942)
111 Oronoco Street
Alexandria, VA 22314
T: (703) 549-5354
F: (703) 549-5355
E: craig.reilly@ccreillylaw.com
*Liaison Counsel for Plaintiffs*