# EXHIBIT 2

| | |
|---|---|
| **From:** | Warden, Michael D. <mwarden@sidley.com> |
| **Sent:** | Thursday, August 02, 2018 5:40 AM |
| **To:** | Peter Jones; Walter, Lindsay N. |
| **Cc:** | John Herman; Frank Richter; Andrew Hutton; Chris Yurcek |
| **Subject:** | RE: Knurr v. Orbital - Deposition of Deloitte |

Peter,

We are making good progress and anticipate being complete (or at least substantially complete) with the production of non-privileged documents by August 17. As you know, there will be documents that will need to be reviewed by Company counsel for potential work product, and we do not control the pace of their review. There may also be a small supplemental production following August 17 because of Deloitte's review for its privilege and the Company's review for work product.

Does September 5 as the date for the deposition work for plaintiffs?

Best, Mike



**MICHAEL D. WARDEN**


**SIDLEY AUSTIN LLP**
+1 202 736 8080
mwarden@sidley.com

---

> **From:** Peter Jones
> **Sent:** Wednesday, August 01, 2018 3:48 PM
> **To:** Warden, Michael D. ; Walter, Lindsay N.
> **Cc:** John Herman ; Frank Richter ; Andrew Hutton ; Chris Yurcek
> **Subject:** RE: Knurr v. Orbital - Deposition of Deloitte
>
> Mike,
>
> A significant reason for our willingness to consider moving the deposition date back is so that we would receive Deloitte's email production with sufficient time to review it before the deposition. Before we can agree to move the deposition, we need to agree on a date certain for the production. Would you please confirm that we will receive the production no later than August 13? Given the time sensitivity of this issue, we would appreciate hearing back from you as soon as possible.
>
> Thanks,
> Peter
>
> ---
>
> > **From:** Warden, Michael D. [mailto:mwarden@sidley.com]
> > **Sent:** Monday, July 30, 2018 7:23 PM

**To:** Peter Jones; Walter, Lindsay N.
**Cc:** John Herman; Frank Richter; Andrew Hutton; Chris Yurcek
**Subject:** RE: Knurr v. Orbital - Deposition of Deloitte

Hi Peter-
We are trying to work on an alternative date and think we can do this on September 5. Does that work?
Thanks, Mike


**MICHAEL D. WARDEN**


**SIDLEY AUSTIN LLP**
+1 202 736 8080
mwarden@sidley.com

> **From:** Peter Jones <PJones@rgrdlaw.com>
> **Sent:** Monday, July 30, 2018 10:39 AM
> **To:** Warden, Michael D. <mwarden@sidley.com>; Walter, Lindsay N. <lindsay.walter@sidley.com>
> **Cc:** John Herman <JHerman@rgrdlaw.com>; Frank Richter <FRichter@rgrdlaw.com>; Andrew Hutton <DHutton@rgrdlaw.com>; Chris Yurcek <ChrisY@rgrdlaw.com>
> **Subject:** RE: Knurr v. Orbital - Deposition of Deloitte
>
> Mike,
>
> We appreciate your confirmation that Deloitte will move forward with the production.
>
> As we discussed on our most recent call, we reserve our right to keep the deposition open in light of the email production and Deloitte's withholding of workpapers pending the outcome of the motions pending before Judge Ellis. But we would like to avoid a dispute on this issue if possible. To that end, please let us know if you would be available for the deposition on August 30 or 31. I have not fully cleared that date on our side, and we would need to confirm defendants' availability. Until we have a final agreement on an alternate date, we cannot release the August 8 date.
>
> Regards,
> Peter

> **From:** Warden, Michael D. [mailto:mwarden@sidley.com]
> **Sent:** Friday, July 27, 2018 2:40 PM
> **To:** Peter Jones; Walter, Lindsay N.
> **Cc:** John Herman; Frank Richter; Andrew Hutton; Chris Yurcek
> **Subject:** RE: Knurr v. Orbital - Deposition of Deloitte
>
> Peter,
> We appreciate plaintiffs' narrowing the scope of their requests to review email to a more reasonable universe. Deloitte will begin processing and reviewing the documents and will move as expeditiously as reasonably possible consistent with its non-party status. Contrary to the suggestions in your email, relevance and privilege reviews are not optional, and Deloitte will conduct them. Deloitte will produce documents in the format consistent with its previous productions.

Deloitte continues to disagree with plaintiffs as to the costs associated with such review. As we have previously explained in response to your inquiry, Deloitte is a non-party and is not being indemnified by Orbital ATK and, as a non-party, Deloitte expects plaintiffs to reimburse it for its costs, which we anticipate will be approximately $50,000, given the population of email review. Deloitte continues to reserve its rights to seek costs.

Deloitte will make all reasonable effort to begin production in advance of August 8; however, it is highly unlikely that email production will be complete by that date, as it has taken some time to narrow the scope of the requests for email. As we have indicated repeatedly, Deloitte will make its witness available only once. Please let me know if plaintiffs intend to move forward with the deposition on August 8.

Best,
Mike



**MICHAEL D. WARDEN**


**SIDLEY AUSTIN LLP**
+1 202 736 8080
mwarden@sidley.com

> **From:** Peter Jones <PJones@rgrdlaw.com>
> **Sent:** Thursday, July 26, 2018 2:11 PM
> **To:** Warden, Michael D. <mwarden@sidley.com>; Walter, Lindsay N. <lindsay.walter@sidley.com>
> **Cc:** John Herman <JHerman@rgrdlaw.com>; Frank Richter <FRichter@rgrdlaw.com>; Andrew Hutton <DHutton@rgrdlaw.com>; Chris Yurcek <ChrisY@rgrdlaw.com>
> **Subject:** RE: Knurr v. Orbital - Deposition of Deloitte
>
> Mike,
>
> Thank you for the hit report. We believe the hit report represents a reasonable production of email in response to the subpoena, especially in light of Plaintiffs' substantial efforts to narrow their requests. And we ask that you begin production of these documents as soon as possible. As discussed previously, we require sufficient time to review these documents in advance of the deposition.
>
> With regard to costs, we believe the Court has already addressed this issue in connection with the earlier motions to compel and that Deloitte should seek reimbursement for any fees or costs pursuant to the terms of its agreement with Orbital. Even if Deloitte did not have a prior agreement with Orbital for reimbursement, we do not believe it is appropriate for Plaintiffs to pay any fees associated with review of the documents. The use of custodians and search terms eliminates the need for a relevance review. And we do not believe it is appropriate for Plaintiffs to pay fees associated with a privilege review. Also, to reduce substantially any production costs, Plaintiffs will agree to accept the documents in their native format. This will eliminate any costs associated with providing the documents in a specific format.
>
> We look forward to your response.

Regards,
Peter

**From:** Warden, Michael D. [mailto:mwarden@sidley.com]
**Sent:** Wednesday, July 25, 2018 5:22 AM
**To:** Peter Jones; Walter, Lindsay N.
**Cc:** John Herman; Frank Richter; Andrew Hutton; Chris Yurcek
**Subject:** RE: Knurr v. Orbital - Deposition of Deloitte

Peter,
I have attached the hit reports for Periods A and C.

The hit reports total nearly 44,000 documents with families. We believe that this number could be narrowed further by additional adjustments to the search terms or custodians. Please let us know if plaintiffs will do so.

Alternatively, Deloitte will begin processing these documents once plaintiffs confirm that they will reimburse Deloitte for costs associated with such review. Below is an estimate of the principal costs, which I also set forth in my June 27, 2018 email. There may be other incremental processing costs.
- Cost to host documents: $12 per gigabyte
- Document review cost: $1 per document reviewed
- Production costs: $1,500 flat rate for a production of up to 100 documents; $3,500 flat rate for a production of more than 100 documents.

With regard to the processing error, the initial hit counts reflected hits on an incomplete population of documents.

Best regards,

Mike

**MICHAEL D. WARDEN**

**SIDLEY AUSTIN LLP**
+1 202 736 8080
mwarden@sidley.com

**From:** Peter Jones <PJones@rgrdlaw.com>
**Sent:** Monday, July 23, 2018 5:06 PM
**To:** Warden, Michael D. <mwarden@sidley.com>; Walter, Lindsay N. <lindsay.walter@sidley.com>
**Cc:** John Herman <JHerman@rgrdlaw.com>; Frank Richter <FRichter@rgrdlaw.com>; Andrew Hutton <DHutton@rgrdlaw.com>; Chris Yurcek <ChrisY@rgrdlaw.com>
**Subject:** RE: Knurr v. Orbital - Deposition of Deloitte

Mike,

Attached is a revised list of custodians and search terms. As you will see, we cut a custodian from both Period A and C. We also cut 10 of 17 search terms from Period A. And we cut 29 of 52 search terms from Period C. Please provide a hit report for this proposed list of search terms and custodians. We would like to bring this issue to a close.

Also, would you please explain the "processing error" that caused the change in the hit counts? Did Deloitte change the manner in which it counted documents? For example, did Deloitte begin to count embedded objects as document hits?

Thanks,
Peter

**From:** Warden, Michael D. [mailto:mwarden@sidley.com]
**Sent:** Monday, July 16, 2018 8:50 PM
**To:** Peter Jones; Walter, Lindsay N.
**Cc:** John Herman; Frank Richter; Andrew Hutton; Chris Yurcek
**Subject:** RE: Knurr v. Orbital - Deposition of Deloitte

Peter,
Good timing. Here is the revised hit report.

In running the search you requested, Deloitte determined there had been a processing error in determining the original search term document counts that were provided to you on June 27. The error caused an undercounting of the total original document hits for the proposed custodians. The total search term document counts for Periods A-C as we initially ran the search reports should have been around 192,000 documents, rather than the around 131,000 documents the reports reflected.

We have corrected the error and are providing the attached search hit reports which reflect the revised search terms document counts for Periods A and C that you proposed last week. Please note that, as before, Deloitte searched for proposed custodians Trevor Barton and David Piper only in Period C (i.e., the Restatement period). We have also eliminated all noise terms from these search terms. While we appreciate your narrowing Periods A and C search terms and removing Period B altogether, the hit reports for Periods A and C still total nearly 94,000 documents with families. This is a significant volume that will need to be narrowed further. In addition, you have repeatedly failed to confirm that plaintiffs will be reimbursing Deloitte for costs associated with such a review. Absent such confirmation, Deloitte will not undertake to begin a review once a reasonable scope has been finalized.

Mike


**MICHAEL D. WARDEN**


**SIDLEY AUSTIN LLP**
+1 202 736 8080
mwarden@sidley.com

**From:** Peter Jones <PJones@rgrdlaw.com>
**Sent:** Monday, July 16, 2018 8:04 PM
**To:** Warden, Michael D. <mwarden@sidley.com>; Walter, Lindsay N. <lindsay.walter@sidley.com>
**Cc:** John Herman <JHerman@rgrdlaw.com>; Frank Richter <FRichter@rgrdlaw.com>; Andrew Hutton <DHutton@rgrdlaw.com>; Chris Yurcek <ChrisY@rgrdlaw.com>
**Subject:** Re: Knurr v. Orbital - Deposition of Deloitte

Mike,

Any update on the hit report?

Thanks,
Peter

> On Jul 12, 2018, at 7:35 PM, Peter Jones <PJones@rgrdlaw.com> wrote:
>
> Mike,
>
> When do you anticipate providing the updated hit report?
>
> Thanks,
> Peter
>
>> On Jul 10, 2018, at 7:44 PM, Peter Jones <PJones@rgrdlaw.com> wrote:
>>
>> Mike,
>>
>> Thanks for the note. We agree to move the Deloitte deposition to August 8. We understand your position with regard to keeping the deposition open, but reserve our right to do so if appropriate under the circumstances. To avoid a dispute on this issue, it is critical that we receive all related documents, including Deloitte's email, well in advance of the deposition.
>>
>> In an effort to move the Deloitte email issue forward, please find attached a revised list of search terms. We made a significant effort to reach an agreement on this issue. We eliminated more than half of the search terms in Period A. We eliminated Period B entirely. And we cut a significant number of terms in Period C. Please provide a hit report for this revised list.
>>
>> Regards,
>> Peter

6

**From:** Warden, Michael D.
[mailto:mwarden@sidley.com]
**Sent:** Tuesday, July 10, 2018 4:16 PM
**To:** Peter Jones; Walter, Lindsay N.
**Cc:** John Herman; Frank Richter; Andrew Hutton; Chris Yurcek
**Subject:** RE: Knurr v. Orbital - Deposition of Deloitte

Peter-
We can move the D&T deposition to August 8. To be clear, the D&T witness will appear on that date; and we do not agree under any circumstances to holding the deposition open.

With respect to emails, please respond to the my July 6 email and the attached hit report. As I indicated, we are awaiting plaintiffs' suggestions for narrowing the scope of production. With respect to costs for the email production, D&T is not being reimbursed for its costs, so please confirm that plaintiffs will agree to reimburse D&T for the costs we previously disclosed to you.

Mike


**MICHAEL D. WARDEN**


**SIDLEY AUSTIN LLP**
+1 202 736 8080
mwarden@sidley.com

**From:** Peter Jones <PJones@rgrdlaw.com>
**Sent:** Monday, July 09, 2018 3:21 PM
**To:** Walter, Lindsay N. <lindsay.walter@sidley.com>; Warden, Michael D. <mwarden@sidley.com>
**Cc:** John Herman <JHerman@rgrdlaw.com>; Frank Richter <FRichter@rgrdlaw.com>; Andrew Hutton <DHutton@rgrdlaw.com>; Chris Yurcek <ChrisY@rgrdlaw.com>
**Subject:** Knurr v. Orbital - Deposition of Deloitte

Mike,

In light of the issues addressed at the hearing on Friday and the ongoing nature of Deloitte's

7

production of email, we believe it makes sense for the parties to discuss an alternative date for the deposition of Deloitte. We are prepared to move forward with the deposition next week, and we will do so if Deloitte insists. But we will keep the deposition open if all documents, including email, are not produced well in advance of the deposition. If Deloitte is amenable to discussing an alternative date, please let us know as soon as possible. I recall that Deloitte was previously available on August 7 and 8. I believe those dates work for us.

Regards,
Peter

**Peter M. Jones**



3424 Peachtree Road, NE, Suite 1650
Atlanta, GA 30326
Main: (404) 504-6500
Direct: (404) 504-6513



**NOTICE: This email message is for the sole use of the intended**

**recipient(s) and may contain information that is confidential and**

**protected from disclosure by the attorney-client privilege, as**

**attorney work product, or by other applicable privileges.  Any**

**unauthorized review, use, disclosure or distribution is prohibited.**

**If you are not the intended recipient, please contact the sender**

**by reply email and destroy all copies of the original message.**

8

************************************
************************************
***************************

This e-mail is sent by a law firm and may
contain information that is privileged or
confidential.
If you are not the intended recipient, please
delete the e-mail and any attachments and
notify us
immediately.

************************************
************************************
****************************

```
        NOTICE: This email message is for the sole use of the
        intended
        recipient(s) and may contain information that is
        confidential and
        protected from disclosure by the attorney-client privilege,
        as
        attorney work product, or by other applicable privileges.
        Any
        unauthorized review, use, disclosure or distribution is
        prohibited.
        If you are not the intended recipient, please contact the
        sender
        by reply email and destroy all copies of the original
        message.

      NOTICE: This email message is for the sole use of the intended
      recipient(s) and may contain information that is confidential and
      protected from disclosure by the attorney-client privilege, as
      attorney work product, or by other applicable privileges.  Any
      unauthorized review, use, disclosure or distribution is
      prohibited.
      If you are not the intended recipient, please contact the sender
      by reply email and destroy all copies of the original message.

    NOTICE: This email message is for the sole use of the intended
    recipient(s) and may contain information that is confidential and
    protected from disclosure by the attorney-client privilege, as
    attorney work product, or by other applicable privileges.  Any
    unauthorized review, use, disclosure or distribution is prohibited.
    If you are not the intended recipient, please contact the sender
    by reply email and destroy all copies of the original message.

  NOTICE: This email message is for the sole use of the intended
  recipient(s) and may contain information that is confidential and
  protected from disclosure by the attorney-client privilege, as
  attorney work product, or by other applicable privileges.  Any
  unauthorized review, use, disclosure or distribution is prohibited.
  If you are not the intended recipient, please contact the sender
  by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended
```

```
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.
```