

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| STEVEN KNURR, Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>ORBITAL ATK, INC., et al., )<br><br>Defendants. ) | Civil Action No. 1:16-cv-01031-TSE-MSN<br><br><u>CLASS ACTION</u> |

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, an action is pending before this Court entitled *Steven Knurr vs. Orbital ATK, Inc., et al.*, Civil Action No. 1:16-cv-01031-TSE-MSN (the "Action");

WHEREAS, Plaintiffs having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action, in accordance with a Settlement Agreement dated as of January 30, 2019 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

- 1 -

1527223_1

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has reviewed the Stipulation and does hereby preliminarily approve the Stipulation and Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Action is hereby preliminarily certified as a class action on behalf of: (i) all persons who held stock in Orbital Sciences Corporation ("Orbital Sciences") as of December 16, 2014 and exchanged shares of Orbital Sciences stock for shares of Orbital ATK, Inc. ("Orbital ATK") common stock on or around February 9, 2015 in connection with the merger between Alliant Techsystems Inc. ("Alliant") and Orbital Sciences (the "Merger"); and/or (ii) all persons who purchased or acquired Orbital ATK common stock between May 28, 2015 and August 9, 2016, inclusive ("Class Period"). Excluded from the Class are Defendants and members of their immediate families, any entity in which a Defendant has a controlling interest, and the legal representatives, heirs, successors, or assigns of any such excluded party.

3.      Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the requirements described below and in the Notice of Pendency and Proposed Settlement of Class Action ("Notice") to be sent to Class Members pursuant to this Order.

4.      The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiff Construction Laborers Pension Trust of Greater St. Louis ("Pension Trust" or "Lead Plaintiff") and named plaintiff Wayne County Employees' Retirement System ("Wayne County")

1527223_1

(together, "Plaintiffs") are typical of the claims of the Class they seek to represent; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are preliminarily appointed as class representatives and Lead Counsel Robbins Geller Rudman & Dowd LLP is preliminarily appointed as class counsel.

6.      A hearing (the "Settlement Hearing") shall be held before this Court on June 7, 2019, at 1:00 pm, at the United States District Court for the Eastern District of Virginia, Alexandria Division, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; to determine whether the proposed Final Judgment and Order of Dismissal with Prejudice as provided under the Stipulation should be entered; to determine whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; to determine whether the Class should be finally certified for purposes of the Settlement only; to determine whether Plaintiffs and Lead Counsel should be finally appointed as Class Representatives and Class Counsel, respectively, for purposes of the Settlement only; to determine the amount of fees and expenses that should be awarded to Lead Counsel; to determine the amount of costs and expenses to be awarded to Pension Trust and Wayne County for their service to the Class; and to address such other matters relating to this Settlement as may properly be before the Court.

7.      The Court approves, as to form and content, the Notice, the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice annexed hereto as Exhibits A-1, A-2,

and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶10-11 of this Order: (a) constitute the best notice to Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Stipulation and of the Settlement and to apprise Class Members of their right to object to or exclude themselves from the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as added by the Private Securities Litigation Reform Act of 1995.

8.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

9.      To the extent they have not already done so, Defendants and their counsel shall provide Lead Counsel and the Claims Administrator, without any charge to Plaintiffs or the Class, (a) the names and addresses of those who purchased or acquired shares of Orbital ATK common stock during the Class Period, and (b) the names and addresses of those who exchanged shares of Orbital Sciences stock for shares of Orbital ATK common stock in connection with the Merger. This information shall be provided in an electronic format acceptable to the Claims Administrator.

10.     Not later than March 1, 2019 (the "Notice Date"), the Claims Administrator shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, by First-Class Mail to all Class Members who can be identified with reasonable effort, and to be posted on its website at www.OrbitalSecuritiesLitigation.com.

11.     Not later than March 15, 2019, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over the *Business Wire*.

12.     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

13.     Nominees (a) who purchased or acquired Orbital ATK common shares for the beneficial ownership of Class Members during the Class Period or (b) who held shares of Orbital Sciences common stock as of December 16, 2014 and exchanged shares of Orbital Sciences stock for shares of Orbital ATK common stock for the beneficial ownership of Class Members in connection with the Merger shall send the Notice and the Proof of Claim to all such beneficial owners within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing timely and adequate notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

14.     All members of the Class shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

15.     Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than ninety

1527223_1

(90) calendar days from the Notice Date. Any Class Member who files a Proof of Claim shall reasonably cooperate with the Claims Administrator, including by promptly responding to any inquiry made by the Claims Administrator. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund but shall nonetheless be bound by the Stipulation, the Judgment, and the Releases therein, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

16.     The Proof of Claim submitted by each Class Member must:  (i) be properly completed, signed and submitted in a timely manner in accordance with the preceding paragraph; (ii) be accompanied by adequate supporting documentations for the transactions reported in it, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, include a certification of his or her current authority to act on behalf of the claimant; (iv) be complete and contain no deletions or modifications of any of the printed matter contained therein; and (v) be signed under penalty of perjury. As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

17.     Any member of the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

1527223_1

18.     Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail such that it is postmarked no later than May 10, 2019. A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases, acquisitions and sales of Orbital ATK common stock between May 28, 2015 and August 9, 2016, inclusive (including the dates, the number of shares of Orbital ATK common stock purchased, acquired or sold, and price paid or received for each such purchase, acquisition or sale); the Person's holdings of Orbital Sciences stock as of December 16, 2014; and the Person's acquisition of Orbital ATK stock as a result of exchanging shares of Orbital Sciences stock for shares of Orbital ATK common stock in connection with the Merger; and (c) that the Person wishes to be excluded from the Class. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

19.     Any Person who is excluded from the Class by virtue of having submitted a valid and timely Request for Exclusion may, at any point up to three days before the Settlement Hearing, submit a written revocation of Request for Exclusion following the same instructions in ¶18 above.

20.     Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion and a list of all Class Members who have requested exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible.

21.     Any member of the Class who does not request exclusion may appear and object if he, she, or it, has any reason why the proposed Settlement of the Action should or should not be

- 7 -

1527223_1

approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should not be approved, why attorneys' fees and expenses should not be awarded to Lead Counsel, or why the costs and expenses of Plaintiffs should not be awarded for their service to the Class; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received (not simply postmarked) on or before May 10, 2019, by Robbins Geller Rudman & Dowd LLP, Theodore J. Pintar, 655 West Broadway, Suite 1900, San Diego, CA 92101 and Shearman & Sterling LLP, Lyle Roberts, 401 9th Street, N.W., Suite 800, Washington, D.C. 20004, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Eastern District of Virginia, Alexandria Division, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314, on or before May 10, 2019. Any member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or expenses of Plaintiffs, unless otherwise ordered by the Court.

22.     Any objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection. Class Members submitting written objections are not required to attend the Settlement Hearing, but any Class Member wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, the application for an award of attorneys' fees and expenses, and/or the application for Plaintiffs' expenses, must file a written objection and indicate in the written objection his, her or its intention to appear at the hearing.

1527223_1

23.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.     All briefs and supporting documents in support of the Settlement, the Plan of Allocation, any application by Lead Counsel for attorneys' fees and expenses, and any application by Plaintiffs for their expenses shall be filed and served by April 26, 2019. Replies to any objections shall be filed and served by May 24, 2019.

25.     Neither the Defendants and their Related Parties nor the Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

26.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment(s) of expenses, shall be approved.

27.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.7 or 2.8 of the Stipulation.

28.     Neither this Order, the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

1527223_1

29.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

30.     If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as set forth in ¶7.5 of the Stipulation.

31.     Until otherwise ordered by the Court, the Court shall continue to stay all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the proposed Settlement should be approved, neither the Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

32.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

IT IS SO ORDERED.

DATED:  2/22/19

_____
THE HONORABLE T.S. ELLIS, III
UNITED STATES DISTRICT JUDGE