# EXHIBIT A-1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| STEVEN KNURR, Individually and on Behalf of All Others Similarly Situated, ) )<br><br>Plaintiff, )<br>)<br>vs. )<br>)<br>ORBITAL ATK, INC., et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 1:16-cv-01031-TSE-MSN<br><br>CLASS ACTION |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

**TO:   ALL PERSONS (I) WHO HELD STOCK IN ORBITAL SCIENCES CORPORATION ("ORBITAL SCIENCES") AS OF DECEMBER 16, 2014 AND EXCHANGED SHARES OF ORBITAL SCIENCES STOCK FOR SHARES OF ORBITAL ATK, INC. ("ORBITAL ATK") COMMON STOCK ON OR AROUND FEBRUARY 9, 2015 IN CONNECTION WITH THE MERGER BETWEEN ALLIANT TECHSYSTEMS INC. ("ALLIANT") AND ORBITAL SCIENCES, AND/OR (II) WHO PURCHASED ORBITAL ATK COMMON STOCK BETWEEN MAY 28, 2015 AND AUGUST 9, 2016, INCLUSIVE**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2019.

**A federal court authorized this Notice. This is not a solicitation from a lawyer.**

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure

and an Order of the United States District Court for the Eastern District of Virginia (the "Court").

The purpose of this Notice of Pendency and Proposed Settlement of Class Action ("Notice") is to

inform you of the proposed settlement of this securities class action litigation (the "Settlement") and

of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the

Settlement. The Settlement resolves the Class's claims asserted against the Defendants. This Notice

describes the rights you may have in connection with the Settlement and what steps you may take in

relation to the Settlement and this class action litigation.

The proposed Settlement creates a fund in the amount of One Hundred Eight Million Dollars

($108,000,000.00) in cash and will include interest that accrues on the fund prior to distribution.

Based on the information currently available to Plaintiffs and the analysis performed by their

damages consultant, it is estimated that if Class Members submit claims for 100% of the Orbital

ATK common stock eligible for distribution, the estimated average distribution per share will be

approximately (i) $2.21 for each share of Orbital ATK common stock received in exchange for

Orbital Sciences stock (held as of December 16, 2014) in connection with the merger between

Alliant and Orbital Sciences, and (ii) $3.52 for each share of Orbital ATK common stock purchased

or acquired between May 28, 2015 and August 9, 2016, inclusive, before deduction of Court-

approved fees and expenses. Historically, actual claims rates are less than 100%, which result in

higher distributions per share. Your actual recovery from this fund will depend on a number of

variables, including the number of claimants, the amount of Orbital Sciences common stock you and

they exchanged for shares of Orbital ATK common stock, and/or the amount of Orbital ATK

common stock you and they purchased or otherwise acquired and sold, the expense of administering

the claims process, and the timing of your purchases, acquisitions and sales, if any (*see* the Plan of

Allocation below for a more detailed description of how the settlement proceeds will be allocated

among Class Members).

The Defendants have denied and continue to deny specifically each and all of the claims and

contentions alleged in the Action. The issues on which the parties disagree include, but are not

limited to: (1) whether the statements allegedly made or facts allegedly omitted were false or

- 2 -

1518290_4

misleading, material, or otherwise actionable under the federal securities laws; (2) whether any of the Defendants acted with the requisite state of mind in making any alleged misstatements; (3) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the trading price of Orbital ATK common stock or the value or consideration paid or received in connection with the merger between Alliant and Orbital Sciences; (4) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the trading price of Orbital ATK common stock or the value or consideration paid or received in connection with the merger between Alliant and Orbital Sciences; (5) the extent to which external factors, such as general market conditions, influenced the trading price of Orbital ATK common stock; (6) the effect of various market forces influencing the trading price of Orbital ATK common stock; (7) the amount by which the price of Orbital ATK common stock was allegedly artificially inflated (if at all) during the Class Period; (8) the amount by which the value of Alliant was artificially inflated (if at all) at the time of the merger between Alliant and Orbital Sciences; (9) the appropriate economic model for determining the amount by which the price of Orbital ATK common stock was allegedly artificially inflated (if at all) during the Class Period; and (10) the appropriate economic model for determining the amount by which the value of Alliant was artificially inflated (if at all) at the time of the merger between Alliant and Orbital Sciences. Plaintiffs and Defendants do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to have prevailed on each claim asserted. The Defendants deny that they have violated the federal securities laws or any laws.

Plaintiffs believe that the proposed Settlement is a very good recovery and is in the best interests of the Class. There were significant risks associated with continuing to litigate through trial, and if the Defendants prevailed at trial, the Class would receive nothing. In addition, the amount of damages recoverable by the Class was and is challenged by the Defendants. Recoverable

1518290_4

damages in this case are limited to losses caused by conduct actionable under applicable law, and had the Action gone to trial, the Defendants intended to assert that they have not violated the law, that they are not liable, and that any losses of Class Members were caused by non-actionable market, industry, general economic or company-specific factors.

Plaintiffs' Counsel have not received any payment for their services in conducting this Action on behalf of Plaintiffs and the members of the Class, nor have they been paid their litigation expenses. If the Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees of up to 28% of the settlement proceeds plus expenses not to exceed $1.3 million, plus interest on such amounts, all of which shall be paid from the Settlement Fund. If the amounts requested by counsel are approved by the Court, the average cost per share would be approximately (i) $0.65 for each share of Orbital ATK common stock acquired in exchange for Orbital Sciences stock (held as of December 16, 2014) in connection with the merger between Alliant and Orbital Sciences, and (ii) $1.03 for each share of Orbital ATK common stock purchased or acquired between May 23, 2015 and August 9, 2016, inclusive. In addition, the Plaintiffs intend to request an amount not to exceed $15,000 each pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.

This Notice is not an expression of any opinion by the Court about the merits of any of the claims or defenses asserted by any party in this Action or the fairness or adequacy of the proposed Settlement.

For further information regarding this Settlement you may contact: Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, Telephone: 1-800-449-4900. Please do not call any representative of the Defendants or the Court.

1518290_4

## I.  NOTICE OF HEARING ON PROPOSED SETTLEMENT

A hearing (the "Settlement Hearing") will be held on _____, 2019, at _____ __.m., before the Honorable T.S. Ellis, III, United States District Judge, at the United States District Court for the Eastern District of Virginia, Alexandria Division, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314. The purpose of the Settlement Hearing will be to determine: (1) whether the Settlement consisting of One Hundred Eight Million Dollars ($108,000,000.00) in cash plus accrued interest on the Settlement Fund should be approved as fair, reasonable, and adequate to the Class, which would result in this Action being dismissed with prejudice against the Released Persons as set forth in the Settlement Agreement dated January 30, 2019 (the "Stipulation" or the "Settlement Agreement"); (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; and (3) whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved. The Court may adjourn or continue the Settlement Hearing without further notice to the Class.

## II.  DEFINITIONS USED IN THIS NOTICE

As used in the Stipulation the following terms have the meanings specified below:

1.      "Authorized Claimant" means any member of the Class who submits a timely and valid Proof of Claim and Release form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

2.      "Claims Administrator" means the firm of Gilardi & Co. LLC.

3.      "Class" means: (i) all persons who held stock in Orbital Sciences as of December 16, 2014 and exchanged shares of Orbital Sciences stock for shares of Orbital ATK common stock on or around February 9, 2015 in connection with the merger between Alliant and Orbital Sciences; and/or (ii) all persons who purchased or acquired Orbital ATK common stock between May 28, 2015 and August 9, 2016, inclusive. Excluded from the Class are Defendants and members of their immediate

- 5 -

families, any entity in which a Defendant has a controlling interest, and the legal representatives, heirs, successors, or assigns of any such excluded party. Also excluded from the Class are those Persons who would otherwise be Class Members who timely and validly exclude themselves therefrom.

4.      "Class Member" means a Person who falls within the definition of the Class as set forth above.

5.      "Class Period" means the period from May 28, 2015 to August 9, 2016, inclusive.

6.      "Defendants" means Orbital ATK, David W. Thompson, Garrett E. Pierce, Blake E. Larson, Mark W. DeYoung, and Hollis M. Thompson.

7.      "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

8.      "Escrow Account" means the account controlled by the Escrow Agent.

9.      "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its successor(s).

10.      "Final" means when the last of the following with respect to the Judgment shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination of that motion or appeal in such a manner as to permit the consummation of the Settlement, in accordance with the terms and conditions of the Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of the Settlement, but shall not include any appeal which concerns only the issue of attorneys' fees and expenses or any Plan of Allocation of the Settlement Fund.

11.    "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, substantially in the form attached to the Stipulation as Exhibit B.

12.    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP.

13.    "Liaison Counsel" means The Office of Craig C. Reilly.

14.    "Net Settlement Fund" means the portion of the Settlement Fund that shall be distributed to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court, after provision for the amounts set forth in ¶5.4 of the Stipulation, of which 42.2% is allocated to Authorized Claimants who held Orbital Sciences stock as of December 16, 2014 and exchanged shares of Orbital Sciences stock for shares of Orbital ATK common stock in connection with the merger between Alliant and Orbital Sciences, and 57.8% is allocated to Authorized Claimants who purchased or acquired shares of Orbital ATK common stock during the Class Period.

15.    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

16.    "Plaintiffs" means Pension Trust and Wayne County.

17.    "Plaintiffs' Counsel" means Lead Counsel, Liaison Counsel, and VanOverbeke Michaud & Timmony, P.C. (additional counsel for Wayne County).

18.    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses and such attorneys' fees, expenses, and interest and other expenses as may be awarded by the Court. Any

1518290_4

Plan of Allocation is not part of the Stipulation and the Released Persons shall have no responsibility or liability with respect to the Plan of Allocation.

19.     "Related Persons" means, with respect to the Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns, and each and all of the present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates, and assigns of each of them or any trust of which any Defendant and/or their Related Persons is the settlor or which is for the benefit of any Defendant and/or their Related Persons and/or member(s) of his or her family and any entity in which any such Defendant and/or their Related Persons has a controlling interest.

20.     "Released Claims" means any and all claims and causes of action of every nature and description whatsoever whether known or unknown, whether arising under federal, state, common or foreign law, whether class or individual in nature, that Lead Plaintiff or any other member of the Class asserted or could have asserted in the Action or that arise out of or are based upon or related in any way to: (i) the proxy solicitation in connection with the Merger and the exchange of shares of Orbital Sciences stock (held as of December 16, 2014) in connection with the merger between Alliant and Orbital Sciences (the "Merger"); or (ii) the purchase or acquisition, or sale or other disposition, of Orbital ATK common stock during the Class Period; and (iii) the allegations, transactions, facts, matters, or occurrences, representations or omissions, including the Lake City Contract's performance, Alliant's historical financial performance related thereto, or internal controls related thereto, involved or set forth in, or related to the Amended Complaint or proposed Second Amended Complaint. "Released Claims" includes "Unknown Claims" as defined below.

- 8 -

21.    "Released Persons" means each and all of Defendants and each and all of their Related Persons.

22.    "Settlement Amount" means the principal amount of One Hundred Eight Million Dollars ($108,000,000.00), to be paid pursuant to ¶2.1 of the Stipulation.  Such amount is paid as consideration for full and complete settlement of all the Released Claims.

23.    "Settlement Fund" means the Settlement Amount, together with all interest and income earned thereon after being transferred to an account controlled by the Escrow Agent, and which may be reduced by payments or deductions as provided for herein or by Court order.

24.    "Settling Parties" means Defendants and Plaintiffs on behalf of themselves and the Class Members.

25.    "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing (or failing to file) the returns described in ¶2.8 of the Stipulation.

26.    "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund as described in ¶2.8 of the Stipulation.

27.    "Unknown Claims" means any Released Claims which Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

1518290_4

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action. Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and an essential term of the Settlement of which this release is a part.

## III.    THE LITIGATION

The Action is currently pending before the Honorable T.S. Ellis, III in the United States District Court for the Eastern District of Virginia (the "Court") and is brought on behalf of a proposed class of: (i) all persons who held stock in Orbital Sciences Corporation ("Orbital Sciences") as of December 16, 2014 and exchanged shares of Orbital Sciences stock for shares of Orbital ATK common stock on or around February 9, 2015 in connection with the merger between

- 10 -

Alliant Techsystems Inc. ("Alliant") and Orbital Sciences[1]; and/or (ii) all persons who purchased or acquired Orbital ATK common stock between May 28, 2015 and August 9, 2016, inclusive (the "Class Period").

The initial complaint was filed on August 12, 2016. On November 10, 2016, the Court appointed Pension Trust as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel. On April 24, 2017, Lead Plaintiff filed its Complaint for Violations of the Federal Securities Laws ("Complaint"), which added Wayne County as named plaintiff and alleged violations of §§10(b), 14(a) and 20(a) of the Securities Exchange Act of 1934. The named defendants in the Complaint were Orbital ATK, D. Thompson, Garrett E. Pierce, Blake E. Larson, and Mark W. DeYoung.

As to the §14(a) claim, the Complaint alleged that the Joint Proxy Statement issued by Alliant and Orbital Sciences and signed by Defendants D. Thompson, Pierce, and DeYoung on December 17, 2014, which was used to solicit shareholder approval of the Merger, contained materially false and misleading statements regarding, *inter alia*: (a) Alliant's historical financial results, (b) the performance of Alliant's $2.3 billion Lake City Contract, and (c) Alliant's internal controls because the statements omitted to disclose, *inter alia*, that Alliant's financial results were materially misstated, that the Lake City Contract was operating at an approximately $375 million loss, and that Alliant suffered material weaknesses in internal controls. The Complaint further stated that the alleged false and misleading statements caused Alliant to be overvalued and impacted the exchange ratio to the detriment of Orbital Sciences shareholders, depriving certain members of the Class of their right to a fully informed shareholder vote and inducing them to vote their shares and accept inadequate consideration.

---

[1]     Orbital Sciences and Alliant merged on February 9, 2015 (the "Merger"), at which time Orbital Sciences shareholders were issued Alliant stock, and Alliant, the surviving entity, changed its name to Orbital ATK.

As to the §10(b) claim, the Complaint alleged that during the Class Period, Defendants Orbital ATK, D. Thompson, Pierce, Larson, and DeYoung made false and misleading statements regarding, *inter alia*: (a) Orbital ATK's financial results, (b) the Lake City Contract's performance, and (c) Orbital ATK's internal controls because the statements omitted to disclose, *inter alia*, that Orbital ATK's financial results were materially misstated, that the Lake City Contract was operating at an approximately $375 million loss, and that Orbital ATK suffered material weaknesses in internal controls. The Complaint further alleged that, as a result, Orbital ATK's stock price was artificially inflated, which allegedly resulted in substantial damage to members of the Class.

On May 30, 2017, Defendants filed a motion to dismiss the Complaint. On September 26, 2017, the Court issued two orders, one denying Defendants' motion to dismiss Lead Plaintiff's §14(a) claim and the other granting Defendants' motion to dismiss Lead Plaintiff's §10(b) claim without prejudice and with leave to amend.

On October 10, 2017, Lead Plaintiff filed an Amended Complaint for Violations of the Federal Securities Laws ("Amended Complaint") adding H. Thompson as a defendant on the §10(b) claim and additional allegations supporting corporate scienter of Orbital ATK for the §10(b) claim. Defendants again moved to dismiss the §10(b) claim, and on March 2, 2018, the Court granted the motion to dismiss defendant H. Thompson but denied it as to Orbital ATK. On March 16, 2018, Defendants filed their answers denying liability and asserting defenses to the Amended Complaint.

After the commencement of discovery in the Action, the parties engaged the services of mediator Gregory P. Lindstrom of Phillips ADR, who has extensive experience mediating complex class action litigations such as this Action. The Settling Parties engaged in two all-day mediation sessions with Mr. Lindstrom; the first was held in June 2018 and the second was held in November 2018, after discovery was largely complete. Both mediations included the exchange of briefs setting forth the Settling Parties' respective arguments concerning liability and damages, and

- 12 -

the Settling Parties had substantial communications with the mediator regarding their respective views of the merits of the Action before, during, and after the mediations. At the conclusion of each mediation session, the Settling Parties did not reach an agreement. The Settling Parties continued to have numerous telephonic exchanges with Mr. Lindstrom regarding a potential resolution of the Action. On December 21, 2018, Mr. Lindstrom issued a mediator's proposal, which the Settling Parties accepted, agreeing to settle the Action in the amount of One Hundred Eight Million Dollars ($108,000,000.00), subject to their ability to negotiate the terms of a Settlement Agreement and approval by the Court.

## IV.    CLAIMS OF THE PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit. However, Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Defendants through trial. Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risk of trial, especially in complex matters such as this Action, as well as the risks posed by the difficulties and delays relating to post-trial motions, and potential appeals of the Court's determination of said motions, or the verdict of a jury. Plaintiffs and Lead Counsel also are aware of the defenses to the securities law violations asserted in the Action. Plaintiffs and Lead Counsel believe that the Settlement set forth in the Settlement Agreement confers substantial benefits upon the Class in light of the circumstances present here. Based on their evaluation, Plaintiffs and Lead Counsel have determined that the Settlement set forth in the Settlement Agreement is in the best interests of the Class.

## V.    THE DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny that they have violated the federal securities laws or any laws and maintain that their conduct was at all times proper and in compliance with all

1518290_4

applicable provisions of law. Defendants have denied and continue to deny specifically each and all of the claims and contentions alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, *inter alia*, the allegations that any of the Defendants made, knowingly or otherwise, any material misstatements or omissions; that Defendants acted recklessly or with culpable intent; that any member of the Class has suffered any damages; that the price of Orbital ATK common stock was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that the members of the Class were harmed by the conduct alleged in the Action or that could have been alleged as part of the Action. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

Nonetheless, taking into account the uncertainty, risks, costs and distraction inherent in any litigation, especially in complex cases such as this Action, Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in the Settlement Agreement. As set forth in paragraph 8.3 of the Settlement Agreement, the Settlement Agreement shall in no event be construed as or deemed to be evidence of an admission or concession by Defendants or any of the Released Persons with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

## VI.    TERMS OF THE PROPOSED SETTLEMENT

The sum of One Hundred Eight Million Dollars ($108,000,000.00) will be transferred to the Escrow Agent within twenty-one (21) days after the later of: (i) entry of the Order Preliminarily Approving Settlement and Providing for Notice, and (ii) the provision to Defendants of information necessary to effectuate a payment of funds. The principal amount of $108,000,000.00, plus any accrued interest once transferred, constitutes the Settlement Fund. A portion of the settlement

1518290_4

proceeds will be used for certain administrative expenses, including costs of printing and mailing this Notice, the cost of publishing a newspaper notice and notice over *Business Wire*, payment of any taxes assessed against the Settlement Fund, and costs associated with the processing of claims submitted. In addition, as explained below, a portion of the Settlement Fund may be awarded by the Court to Lead Counsel as attorneys' fees and for expenses in litigating the case and to Plaintiffs for their costs and expenses in representing the Class. The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed according to the Plan of Allocation described below to Class Members who submit valid and timely Proof of Claim and Release forms.

## VII.   PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proof of Claim and Release forms ("Authorized Claimants") under the Plan of Allocation described below. The Plan of Allocation provides that Authorized Claimants will be eligible to participate in the distribution of the Net Settlement Fund only if Authorized Claimants (i) held Orbital Sciences stock as of December 16, 2014 and exchanged shares of Orbital Sciences stock for shares of Orbital ATK common stock in connection with the merger between Alliant and Orbital Sciences, and/or (ii) transacted in Orbital ATK common stock during the Class Period, May 28, 2015 to August 9, 2016, inclusive. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Lead Counsel conferred with their damages consultants and the Plan of Allocation reflects an assessment of the damages that they believe could have been recovered had the Plaintiffs prevailed at trial. Defendants have had, and shall have, no involvement or responsibility for the terms or application of the Plan of Allocation described herein. The Court may approve the Settlement, even if it does not approve the Plan of Allocation.

1518290_4

## A. Recognized Loss

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's "Recognized Loss," as described below. If, however, as expected, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total of the Recognized Losses of all Authorized Claimants – *i.e.*, the Authorized Claimant's *pro rata* share of the Net Settlement Fund. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

The proposed Plan of Allocation reflects the Plaintiffs' allegations that, as a result of the Defendants' misrepresentations and omissions concerning this matter, the value of Alliant was artificially inflated at the time of the merger of Alliant and Orbital Sciences, and over the course of the Class Period, the trading prices of Orbital ATK common stock were artificially inflated.

Estimated damages and the Plan of Allocation were developed based on a discounted cash flow ("DCF") analysis and an event study analysis. The DCF analysis determines how much Alliant was artificially overvalued at the time of the merger of Alliant and Orbital Sciences. The event study analysis determines how much artificial inflation was in the stock price on each day during the Class Period by measuring how much the stock price was inflated as a result of the alleged misrepresentations and omissions and declined as a result of alleged disclosures that corrected the alleged misrepresentations and omissions. The damages suffered by any particular Authorized Claimant in connection with the purchase or acquisition of Orbital ATK stock during the Class Period depends on when that Authorized Claimant purchased and sold shares, or retained shares beyond the end of the Class Period.

1518290_4

As previously described in the Notice, the Net Settlement Fund is the remainder of the Settlement Fund after deduction of Court-awarded attorneys' fees and expenses, settlement administration costs and any applicable taxes and tax expenses. Pursuant to this Plan of Allocation, Class Members may have a claim under Section 10(b) ("10(b) Claims") and/or Section 14(a) ("14(a) Claims") of the Securities Exchange Act of 1934 ("Exchange Act"). The Net Settlement Fund will be allocated to Authorized Claimants as follows: (a) Class Members with 10(b) Claims shall be allocated approximately 57.8% of the Net Settlement Fund; and (b) Class Members with 14(a) Claims shall be allocated approximately 42.2% of the Net Settlement Fund. Among other factors, in formulating the overall allocation, Lead Plaintiff considered the maximum potential damages of each group of purchasers within the Class.

**B.      Calculation of Recognized Loss**

Based on the foregoing, and for purposes of this Settlement only, Recognized Loss will be calculated as follows:

**Calculation of Recognized Claim Amount for Class Members with 10(b) Claims**

1.      Based on the formulas stated below, a "Recognized Claim Amount" will be calculated for each purchase or acquisition of Orbital ATK publicly traded common stock during the Class Period that is listed on the Proof of Claim and Release and for which adequate documentation is provided. If a Recognized Claim Amount calculates to a negative number or zero under the formula below, that Recognized Claim Amount will be zero.

2.      For each share of Orbital ATK publicly traded common stock purchased or otherwise acquired during the period from May 28, 2015 through August 9, 2016, inclusive, and:

(a)      Sold prior to the close of trading on August 9, 2016, the Recognized Claim Amount per share is zero.

    (b)     Retained at the end of August 9, 2016 and sold before November 7, 2016, the claim per share shall be the least of: (i) $17.54; (ii) the difference between the purchase price and the sale price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table-1 below.

    (c)     Held as of the close of trading on November 7, 2016, or sold thereafter, the claim per share shall be the least of: (i) $17.54; (ii) the difference between the purchase price and the sale price; and (iii) the difference between the purchase price and $74.78 per share.[2]

**Calculation of Recognized Claim Amount for Class Members with 14(a) Claims**

3.     For each share of Orbital ATK publicly traded common stock acquired by exchanging shares of Orbital Sciences stock (held as of December 16, 2014)[3] on or around February 9, 2015, the Recognized Claim Amount per share shall be $7.30.[4] Class Members wishing to participate in the distribution of the Net Settlement Fund must timely submit a valid Proof of Claim and Release establishing that he, she, or it owned Orbital Sciences stock as of December 16, 2014 and tendered

---

[2]     Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Claim Amounts are reduced to an appropriate extent by taking into account the closing prices of Orbital ATK common stock during the 90-day look-back period. The mean (average) closing price for Orbital ATK common stock during this 90-day look-back period was $74.78 as shown in Table-1.

[3]     Class Members with 14(a) Claims must have held shares of Orbital Sciences stock as of December 16, 2014 and exchanged those shares on or around February 9, 2015 to have a Recognized Claim Amount under this Plan of Allocation.

[4]     For each share of Orbital ATK common stock acquired in the Merger, former Orbital Sciences shareholders would have exchanged approximately 2.227 shares of Orbital Sciences common stock. The Recognized Claim Amount above is calculated on the basis of the number of Orbital ATK shares former Orbital Sciences shareholders received in connection with the Merger. Calculated on the basis of Orbital Sciences shares tendered in connection with the Merger, the Recognized Claim Amount for each share of Orbital Sciences common stock held as of December 16, 2014 and tendered in exchange for shares of Orbital ATK common stock on or around February 9, 2015 shall be $3.28.

1518290_4

his, her, or its shares and proof of the number of shares tendered pursuant to the Merger on or around

February 9, 2015, including all required documentation.

## TABLE-1

### Orbital ATK Closing Price and Average Closing Price
### August 10, 2016 – November 7, 2016

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 8/10/2016 | $70.79 | $70.79 | 9/26/2016 | $76.00 | $74.54 |
| 8/11/2016 | $74.15 | $72.47 | 9/27/2016 | $76.76 | $74.60 |
| 8/12/2016 | $73.63 | $72.86 | 9/28/2016 | $76.84 | $74.67 |
| 8/15/2016 | $73.37 | $72.99 | 9/29/2016 | $75.45 | $74.69 |
| 8/16/2016 | $71.67 | $72.72 | 9/30/2016 | $76.23 | $74.73 |
| 8/17/2016 | $72.05 | $72.61 | 10/3/2016 | $76.70 | $74.78 |
| 8/18/2016 | $72.14 | $72.54 | 10/4/2016 | $76.29 | $74.82 |
| 8/19/2016 | $73.09 | $72.61 | 10/5/2016 | $75.60 | $74.84 |
| 8/22/2016 | $74.48 | $72.82 | 10/6/2016 | $75.31 | $74.85 |
| 8/23/2016 | $76.03 | $73.14 | 10/7/2016 | $74.15 | $74.84 |
| 8/24/2016 | $76.05 | $73.40 | 10/10/2016 | $74.38 | $74.83 |
| 8/25/2016 | $75.20 | $73.55 | 10/11/2016 | $72.86 | $74.78 |
| 8/26/2016 | $74.46 | $73.62 | 10/12/2016 | $72.62 | $74.73 |
| 8/29/2016 | $76.04 | $73.80 | 10/13/2016 | $72.92 | $74.69 |
| 8/30/2016 | $75.98 | $73.94 | 10/14/2016 | $73.53 | $74.67 |
| 8/31/2016 | $75.43 | $74.04 | 10/17/2016 | $74.41 | $74.66 |
| 9/1/2016 | $77.27 | $74.23 | 10/18/2016 | $77.64 | $74.72 |
| 9/2/2016 | $77.88 | $74.43 | 10/19/2016 | $76.89 | $74.77 |
| 9/6/2016 | $77.28 | $74.58 | 10/20/2016 | $76.50 | $74.80 |
| 9/7/2016 | $75.84 | $74.64 | 10/21/2016 | $76.05 | $74.83 |
| 9/8/2016 | $75.96 | $74.70 | 10/24/2016 | $75.78 | $74.84 |
| 9/9/2016 | $75.14 | $74.72 | 10/25/2016 | $75.14 | $74.85 |
| 9/12/2016 | $75.75 | $74.77 | 10/26/2016 | $74.79 | $74.85 |
| 9/13/2016 | $74.83 | $74.77 | 10/27/2016 | $74.92 | $74.85 |
| 9/14/2016 | $73.44 | $74.72 | 10/28/2016 | $75.20 | $74.86 |
| 9/15/2016 | $73.93 | $74.69 | 10/31/2016 | $74.36 | $74.85 |
| 9/16/2016 | $72.48 | $74.61 | 11/1/2016 | $73.80 | $74.83 |
| 9/19/2016 | $72.95 | $74.55 | 11/2/2016 | $72.19 | $74.79 |
| 9/20/2016 | $73.26 | $74.50 | 11/3/2016 | $73.80 | $74.77 |
| 9/21/2016 | $74.01 | $74.49 | 11/4/2016 | $74.17 | $74.76 |
| 9/22/2016 | $74.77 | $74.50 | 11/7/2016 | $76.19 | $74.78 |
| 9/23/2016 | $74.44 | $74.49 | | | |

1518290_4

With respect to calculating an Authorized Claimant's Recognized Loss on shares of Orbital ATK common stock purchased during the Class Period, if a Class Member held Orbital ATK common stock at the beginning of the Class Period or made multiple purchases, acquisitions or sales of Orbital ATK common stock during or after the Class Period, the starting point for calculating an Authorized Claimant's Recognized Loss is to match the Authorized Claimant's holdings, purchases and acquisitions to their sales using the FIFO (*i.e.*, first-in-first-out) method.  Under the FIFO method, Orbital ATK common stock sold during the Class Period will be matched, in chronological order first against Orbital ATK common stock held at the beginning of the Class Period.  The remaining sales of Orbital ATK common stock during the Class Period will then be matched, in chronological order against Orbital ATK common stock purchased or acquired during the Class Period.

Purchases or acquisitions and sales of Orbital ATK common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Orbital ATK common stock during the Class Period shall not be deemed a purchase, acquisition or sale of Orbital ATK common stock for the calculation of Recognized Loss, unless (i) the donor or decedent purchased or otherwise acquired such shares of Orbital ATK common stock during the Class Period; (ii) no Proof of Claim and Release was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Orbital ATK common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

1518290_4

## VIII. PARTICIPATION IN THE CLASS

If you fall within the definition of the Class, you are a Class Member unless you elect to be excluded from the Class pursuant to this Notice. If you do not request to be excluded from the Class, you will be bound by any judgment entered with respect to the Settlement in the Action against the Defendants whether or not you file a Proof of Claim and Release form.

If you are a Class Member, you need do nothing (other than timely file a Proof of Claim and Release if you wish to participate in the distribution of the Net Settlement Fund). Your interests will be represented by Lead Counsel. If you choose, you may enter an appearance individually or through your own counsel at your own expense.

TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM AND RELEASE THAT ACCOMPANIES THIS NOTICE. The Proof of Claim and Release must be *postmarked (if mailed) or received (if filed electronically) on or before* _____, *2019*, and be delivered to the Claims Administrator at the address below. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim and Release, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Settlement Agreement and the Final Judgment.

## IX. EXCLUSION FROM THE CLASS

You may request to be excluded from the Class. To do so, you must mail a written request stating that you wish to be excluded from the Class to:

> *Orbital ATK Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> EXCLUSIONS
> 3301 Kerner Blvd.
> San Rafael, CA 94901

1518290_4

The request for exclusion must state: (1) your name, address, and telephone number; (2) all purchases, acquisitions and sales of Orbital ATK common stock made from May 28, 2015 through August 9, 2016, inclusive, as well as all shares of Orbital Sciences stock held as of December 16, 2014 and exchanged for Orbital ATK common stock in connection with the merger of Alliant and Orbital Sciences, including the dates and prices of each purchase, acquisition or sale, and the amount of Orbital ATK common stock purchased, otherwise acquired or sold; and (3) that you wish to be excluded from the Class. ***YOUR EXCLUSION REQUEST MUST BE POSTMARKED ON OR BEFORE _____, 2019***. If you submit a valid and timely request for exclusion, you shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or the Judgment.

## X.   DISMISSAL AND RELEASES

If the proposed Settlement is approved, the Court will enter a Final Judgment. The Judgment will dismiss the Released Claims with prejudice as to all Released Persons as provided in the Settlement Agreement.

The Judgment will provide that all Class Members who have not validly and timely requested to be excluded from the Class shall be deemed to have released and forever discharged all Released Claims, including Unknown Claims, against all Released Persons as provided in the Settlement Agreement.

## XI.   APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request that the Court award attorneys' fees of up to 28% of the Settlement Amount, plus litigation expenses not to exceed $1.3 million, plus interest earned on both amounts. Class Members are not personally liable for any such fees, expenses, or compensation. In addition, the Plaintiffs intend to seek an amount not to exceed $15,000 each for their costs and expenses incurred in representing the Class.

- 22 -

To date, Plaintiffs' Counsel have not received any payment for their services in conducting this Action on behalf of Plaintiffs and members of the Class, nor have counsel been paid for their expenses. The fee requested by Lead Counsel would compensate counsel for their efforts in achieving the Settlement Fund for the benefit of the Class, and for their risk in undertaking this representation on a contingency basis. The fee requested is within the range of fees awarded to plaintiffs' counsel under similar circumstances in litigation of this type.

## XII.   CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events described in the Settlement Agreement. Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Settlement Agreement; and (2) expiration of the time to appeal from or alter or amend the Judgment. Pending the Court's consideration of this Settlement, the Court has stayed all proceedings, and Class Members are precluded from bringing or pursuing any litigation that seeks to prosecute the Released Claims.

If, for any reason, any one of the conditions described in the Settlement Agreement is not met, the Settlement Agreement might be terminated and, if terminated, will become null and void, and the Settling Parties will be restored to their respective positions as of December 26, 2018.

## XIII.   THE RIGHT TO BE HEARD AT THE SETTLEMENT HEARING

Any Class Member who has not validly and timely requested to be excluded from the Class, and who objects to any aspect of the Settlement, the Plan of Allocation, the application for an award of attorneys' fees and expenses or Plaintiffs' application for an award for the reimbursement of their costs and expenses, may appear and be heard at the Settlement Hearing.[5] Any such Person must

---

[5]     Lead Counsel's pleadings in support of these matters will be filed with the Court on or before _____, 2019.

submit and serve a written notice of objection, to be *received on or before* _____, *2019*, by each of the following:

> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> EASTERN DISTRICT OF VIRGINIA
> Albert V. Bryan U.S. Courthouse
> 401 Courthouse Square
> Alexandria, VA  22314
>
> ROBBINS GELLER RUDMAN
>   & DOWD LLP
> THEODORE J. PINTAR
> 655 West Broadway, Suite 1900
> San Diego, CA  92101
>
> *Counsel for Plaintiffs*
>
> SHEARMAN & STERLING LLP
> LYLE ROBERTS
> 401 9th Street, N.W., Suite 800
> Washington, D.C.  20004
>
> *Counsel for Defendants*

The notice of objection must demonstrate the objecting Person's membership in the Class, including the amount of Orbital ATK common stock purchased, otherwise acquired and sold between May 28, 2015 and August 9, 2016, inclusive, or that the Person held Orbital Sciences stock as of December 16, 2014 and exchanged shares of Orbital Sciences stock for shares of Orbital ATK common stock in connection with the merger between Alliant and Orbital Sciences, and must contain a statement of the reasons for objection. In addition, the notice of objection must contain a statement of whether your objection applies only to yourself, a subset of the Class or to the entire Class. Only Class Members who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

1518290_4

## XIV.   SPECIAL NOTICE TO BANKS, BROKERS AND OTHER NOMINEES

If you hold or held any Orbital ATK common stock as a result of the exchange of Orbital Sciences stock (held as of December 16, 2014) for shares of Orbital ATK common stock in connection with the merger between Alliant and Orbital Sciences, and/or purchased, otherwise acquired or sold between May 28, 2015 and August 9, 2016, inclusive, as nominee for a beneficial owner, then, within ten (10) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim and Release by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> *Orbital ATK Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 404005
> Louisville, KY  40233-4005

If you choose to mail the Notice and Proof of Claim and Release yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and Release and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim and Release, upon submission of appropriate documentation to the Claims Administrator.

## XV.   EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Settlement Agreement. For full details of the matters discussed in this Notice, you may review the Settlement Agreement filed with the Court, which is posted on the Settlement website at

www.OrbitalSecuritiesLitigation.com, along with certain other papers relating to the Settlement. The Settlement Agreement may also be inspected during business hours, at the office of the Clerk of the Court, United States District Court, Eastern District of Virginia, Alexandria Division, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314. The motion papers, with exhibits, including the Settlement Agreement, are also available on the Court's ECF website (for a fee).

If you have any questions about the settlement of the Action, you may contact a representative of Lead Counsel: Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900.

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

DATED: _____, 2019     BY ORDER OF THE COURT
                                  UNITED STATES DISTRICT COURT
                                  EASTERN DISTRICT OF VIRGINIA